Julie A Metcalf Kinney
%4406 N. Mississippi
Portland Oregon [97217]
503 287-6494

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

FILED 05 NOV '18 13:15 USDC-ORP

William X Nietzche (solely as trustee for
KRME International Trust),

William Kinney Jr.,

Julie Ann Metcalf Kinney,

      Plaintiff/Petitioner,

3:18-CV-1930-SI

Case No.

**VERIFIED COMPLAINT**
Specific Performance; Breach of Contract;
Promissory Estoppel; FDCPA; UDCPA;
Breach of Trustee's Duty; Injunctive Relief;
Fraud; OUTPA; RESPA; Accounting; Quiet
Title; ORS 124.100(2); Rescission TILA
**DEMAND FOR JURY TRIAL**

v.

**FREEDOM HOME MORTGAGE CORPORATION (FHMC),**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS),**

**BENEFICIAL OREGON INC. (BOI),**

**HSBC HOLDINGS PLC (HSBC),**

**REGIONAL TRUSTEE SERVICES CORPORATION (RTSC),**

**MTGLQ INVESTORS L.P. (MTGLQ),**

**RUSHMORE LOAN MANAGEMENT SERVICES (RLMS),**

**U.S. BANK NATIONAL ASSOCIATION (USBNA),**

**CLEAR RECON CORPORATION (CRC),**

**BARRISTERS SUPPORT SERVICES (BSS),**

**URBAN HOUSING DEVELOPMENT (UHD),**

Et al.,

      Defendants/Respondent(s)

80710

# I. INTRODUCTION

1) In May 2002, Plaintiff William Kinney Jr and Julie Kinney (the Kinneys) fell victim to its first predatory loan after the Kinneys eldest teenage son at the time was incarcerated for traffic-related offenses in February 2002. The Kinneys, in order to afford legal representation for their son, executed its first (1st) mortgage Deed of Trust in favor of Defendant Freedom Mortgage Corporation (FMC), thus encumbering the subject real property. In March 2004, Plaintiff's, under extreme duress from an upward adjustable rate rider in their first loan and the incarceration of their teenage son, received a solicitation call from Beneficial Oregon Incorporated (BOI) wherein Plaintiffs fell victim to another predatory refinancing agreement, therewith executing a second (2nd) mortgage Deed of Trust with BOI. At some point, during the period of May 2002 through March 2004, FMC had assigned its beneficial interest to Mortgage Electronic Recording Systems (MERS), without notice or knowledge to plaintiff, and without making the proper recordation at the county level. MERS then assigned FMC's beneficial interest to George P. Fisher, Successor Trustee acting on behalf of BOI. The Kinneys remained in compliance with the second (2nd) mortgage Deed of Trust until about January 2017, where the Kinneys received billing cycles from two separate servicers, HSBC - who is one and the same as BOI - and Rushmore Loan Management Services (RLMS). The Kinneys then began its onslaught of written discovery request to determine which servicer was entitled to enforce the Note. Subsequently, the Note purportedly went through a series of assignments, eventually ending up with U.S. Bank REO Trust (USBRT). In June 2018, Clear Recon Trust and RLMS inexplicably declared a default and initiated a non-judicial foreclosure proceeding that took place October 23, 2018, wherein Defendant Urban Housing Development (UHD) purportedly bought the Kinneys property.

# II. JURISDICTION AND VENUE

2) This court of record has subject matter jurisdiction pursuant to Article III section 2 of the Constitution for the United States of America and 28 U.S.C. §§ 1331 and 1332. There is complete diversity of citizenship, plaintiff seeks injunctive relief, and the object of the litigation is a mortgage loan in a principal amount greater than $75,000. Jurisdiction over claims brought under the FDCPA is authorized by 15 U.S.C. § 1692k(d). Jurisdiction over claims brought under RESPA is authorized by 12 U.S.C. § 2614. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as the claims are so related to the federal claims they form part of the same case or controversy. The court has personal jurisdiction over the Defendants because there are substantial litigation-related contacts between Defendants and Oregon, as further described below.

3) Venue is proper because a substantial part of the acts or omissions giving rise to the claim occurred in Oregon and the real property being foreclosed upon is located in Portland, Oregon.

### III. PARTIES

4) Plaintiffs William Kinney Jr. and Julie Ann Metcalf Kinney are a natural people who are domiciled in Portland, Oregon, USA Republic, and are the grantor of a certain note and deed of trust further described below.

5) Defendant Freedom Mortgage Corporation is a private corporation with headquarters in New Jersey.

6) Defendant Mortgage Electronic Registration Systems (MERS) is a Delaware corporation with its headquarters in Virginia.

7) Defendant HSBC Holdings plc is a British banking giant with numerous global subsidiaries including HSBC North America Holdings Inc. and its subsidiary, HSBC Finance Corp. in the United States. HSBC has operated several mortgage subsidiaries including Decision One Mortgage co. LLC, Beneficial Oregon Inc., and HFC.

8) Defendant Beneficial Oregon Incorporated ("BOI") has closed their consumer finance business' in the United States of America. At all material times, BOI or HSBC was the servicer for the Kinneys mortgage loan.

9) Defendant Regional Trustee Services Corporation (RTSC) is no longer in business.

10) Defendant MTGLQ Investors L.P. (MTGLQ) is a privately held company and a subsidiary of Goldman Sachs with its principal place of business in New York.

11) Defendant Rushmore Loan Management Services (RLMS), is a foreign limited liability company incorporated in Delaware, with its principal place of business in California. At all material times, RLMS was the servicer for the Kinneys mortgage loan.

12) Defendant U.S. Bank National Association (USBNA), is a subsidiary of U.S. Bank Corporation with its principal place of business in New York.

13) REO TRUST 2017-RPL1 ("USBRT") is a non-deposit trust company and a wholly owned subsidiary of U.S. Bank, N.A. with its principal place of business in New York.

14) Defendant Clear Recon Corporation (CRC) is a domestic corporation registered in Nevada, with its principal place of business in San Diego, also doing business as a limited liability company in Oregon.

15) Defendant Barrister Support Services (BSS) is a domestic business corporation with its principal place of business in Oregon.

16) Defendant Urban Housing Development (UHD) is a domestic limited liability company with its principal place of business in Oregon.

## IV. FACTS
### First (1st) Mortgage Deed of Trust

17) On or around May 3, 2002, Plaintiffs executed its first (1st) mortgage Deed of Trust and a General Warranty Deed for the property at 4406 North Mississippi Avenue Portland Oregon [97217] and used said property as collateral, in favor of Freedom Mortgage Corporation (FMC).

18) At the of execution of said first (1st) mortgage Deed of Trust, Plaintiffs had no knowledge or meeting of the minds that their loan would be sold and tracked through the MERS system.

19) The Kinneys would not have entered into said loan if they had more information about the mortgage backed securities market.

20) Glinna A. Cook (a notary public for the State of Oregon) both notarized and acted as a witness to Plaintiffs execution of said first (1st) mortgage Deed of Trust dated May 3, 2002. (SEE EXHIBIT A)

21) Said Deed of Trust was recorded in the County of Multnomah June 17, 2002. (SEE EXHIBIT A)

22) Said General Warranty Deed was recorded in the County of Multnomah June 17, 2002. (SEE EXHIBIT B)

23) On or about December 3, 2002, Resource Title, LLC, whom was the title company for said first (1st) mortgage loan, sent to plaintiff the original Warranty Deed wet-ink signature document. (SEE EXHIBIT B)

### Second (2nd) Mortgage Deed of Trust

24) On or around March 12, 2004, Plaintiffs re-financed their first (1st) mortgage loan, executing a second (2nd) mortgage Deed of Trust for the property at 4406 North Mississippi Avenue Portland Oregon [97217] and used said property as collateral, in favor of Beneficial Oregon Incorporated (BOI).

25) At the of execution of said second (2nd) mortgage Deed of Trust, Plaintiffs understands that MERS holds no legal title to the interests granted by Borrower in this Security Instrument and had no prior knowledge or meeting of the minds that their loan would be sold and tracked through the MERS system.

26) The Kinneys would not have entered into said loan if they had more information about the mortgage backed securities market.

27) Vickie Conway (a notary public for the State of Oregon) both notarized and acted as a witness to Plaintiffs execution of said second (2nd) mortgage Deed of Trust dated March 12, 2004. (SEE EXHIBIT C)

28) Said Deed of Trust was recorded in the County of Multnomah March 17, 2004. (SEE EXHIBIT C)

29) On April 9, 2004, a Deed of Reconveyance regarding said first (1st) mortgage Deed of Trust (dated May 3, 2002), was purportedly executed wherein MERS is now suddenly named as beneficiary to said first (1st) mortgage Deed of Trust, and thereby transfers all of FMC's beneficial interest in said note, without warranty, to George P. Fisher, Successor Trustee. (SEE EXHIBIT D)

30) Said Deed of Reconveyance was recorded in the County of Multnomah April 22, 2004. (SEE EXHIBIT D)

31) At all material times, MERS held, at most, bare legal title to FMC's beneficial interest in the first (1st) Deed of Trust dated May 3, 2002.

32) Said intervening assignment is not recorded in the real property records of Multnomah County as required by ORS 86.735(1).

33) On or about December 30, 2016, plaintiffs received a letter dated December 28, 2016, from Defendants entitled 'Notice of Assignment, Sale or Transfer of Ownership of Mortgage Loan (15 U.S.C. § 1641(g)', wherein said notice informed the Kinneys that BOI purportedly assigned the Note to MTGLQ Investors, L.P. (SEE EXHIBIT E)

34) Said Notice also informed the Kinneys that BOI was still the current servicer of the Note.

35) Plaintiffs remained current with payments on said second (2nd) mortgage loan up until about January 2017.

**Plaintiff's Dispute Arises**

36) On or about January 2017, Plaintiffs stopped making payments on said second (2nd) mortgage loan after Plaintiffs received notices from two different servicers, BOI and RLMS, wherein BOI and RLMS both requested the same January 2017 billing cycle. (SEE EXHIBIT F)

37) On or about May 2017, Plaintiffs discovered their 'Original Customer Copy' of said second (2nd) Deed of Trust wherein said Deed of Trust was left blank, bearing no signatures of Plaintiffs nor a notary signature. (SEE EXHIBIT G)

38) An 'Assignment of Deed of Trust' was then executed by Ed Chavez, vice president of BOI, and notarized by Annie Tran Ellis in Texas, wherein BENEFICIAL 1 INC. (as successor to BOI) assigns all its beneficial interest to MTGLQ INVESTORS, L.P.

39) Said 'Assignment of Deed of Trust' was purportedly executed May 8, 2017, and recorded in the County of Multnomah May 11, 2017. (SEE EXHIBIT H)

40) Said assignment was recorded in the mortgage records at the county five (5) months after notifying the Kinneys that their mortgage loan had been transferred. (SEE EXHIBIT'S E AND F)

41) On June 7, 2017, Plaintiffs sent Terry Smith, President of RLMS, an 'Inquiry Letter' pursuant to FDCPA to verify the holder of the note. (SEE EXHIBIT I)

42) On June 19, 2017, Defendants RLMS in a un-signed letter demurred to Plaintiffs 'Inquiry Letter', requesting thirty days to respond. (SEE EXHIBIT J)

43) On July 5, 2017, Defendant RLMS sent an inconspicuous letter (bearing no postage marks) to Plaintiffs notifying Plaintiffs that their mortgage loan was purportedly sold to USBNA Loan Acquisition Trust 2017-RPL1. (SEE EXHIBIT K)

44) An 'Assignment of Deed of Trust' was executed by Patrick Couture, vice president of MTGLQ Investors L.P. (MTGLQ), and notarized by Jillian Tosh in Texas, wherein MTGLQ assigns all its beneficial interest to USBNA, not in its individual capacity but solely as owner trustee for Loan Acquisition Trust 2017-RPL1.

45) Said 'Assignment of Deed of Trust' was purportedly executed August 10, 2017, but recorded in the County of Multnomah November 16, 2017. (SEE EXHIBIT L)

46) On March 6, 2018, Defendant RLMS sent an inconspicuous letter dated February 22, 2018 (bearing no postage marks) to Plaintiffs notifying Plaintiffs that their mortgage loan was purportedly sold to USBNA REO Trust 2017-RPL1. (SEE EXHIBIT M)

47) An 'Assignment of Deed of Trust' was then executed by Jeannette Kabayan, vice president of USBNA, and notarized by Theresa J. Barrett in California, wherein USBNA, not in its individual capacity but solely as owner trustee for Loan Acquisition Trust 2017-RPL1, assigns all its beneficial interest to USBNA, not in its individual capacity but solely as owner trustee for REO Trust 2017-RPL1.

48) Said 'Assignment of Deed of Trust' was purportedly executed March 1, 2018, and recorded in the County of Multnomah March 30, 2018. (SEE EXHIBIT N)

49) On April 27, 2018, Plaintiffs sent to Defendants RLMS a 'Notice for the Record' outlining that Defendants: a). Lacked jurisdiction to proceed with said non-judicial foreclosure; b). falsely accused Plaintiffs as being a citizen of the UNITED STATES; C). trespassing and criminally depriving Plaintiffs of their rights under the color of law; d). were not registered or chartered for conducting business in Oregon Republic; e). failed to state a claim upon which relief can be granted. Plaintiffs also attached to said 'Notice for the Record' a copy of a VOIDED 'CERTIFICATE OF COMPLIANCE STATE OF OREGON FORECLOSURE AVOIDANCE PROGRAM' certificate. (SEE EXHIBIT O)

50) On or about May 7, 2018, Plaintiffs received an un-signed letter from Defendant RLMS acknowledging receipt of Plaintiffs correspondence dated April 27, 2018, and that Defendants RLMS would respond to Plaintiffs inquiry within 30 days. (SEE EXHIBIT P)

51) On or about June 9, 2018, Plaintiffs received by FedEx an un-signed letter from Defendant RLMS stating that RLMS was responding to Plaintiffs correspondence dated April 27, 2018, and that "Uniform Commercial Code does not apply to transactions involving residential mortgages". (SEE EXHIBIT Q)

52) On or about June 10, 2018, Plaintiffs received an un-signed 'Debt Validation Notice from Defendant Clear Recon Corporation (CRC) via regular U.S. mail, post-metered in California. (SEE EXHIBIT R)

**Defendants Issue Notice of Default**
53) On or about June 15, 2018, Defendant Wayne S. Savage from Barristers Support Services (BSS), posted at the said property a 'Trustee's Notice of Sale'. (SEE EXHIBIT S)

54) On or about June 29, 2018, the Kinneys received from Defendant Terry Sheldon of BSS, a letter via regular U.S. mail (post-meter dated June 27, 2018) containing an un-signed and un-dated 'Affidavit of Posting/Service', mailed from Portland Oregon, attesting to have served the Kinneys with various documents. Said 'Affidavit of Posting/Service' contains the following defects: (SEE EXHIBIT T)
   a.  Said Affidavit is neither signed, dated or notarized.

   b.  False or contradictory statements wherein Terry Sheldon attested to attempt to serve the Kinneys (on dates June 15, 2018, June 18, 2018, June 23, 2018, and that on June 26, 2018, he mailed by "First Class Mail, postage pre-paid, addressed to OCCUPANTS") important documents to foreclose that the Kinneys never received. On or about June 29, 2018, the Kinneys did receive a bombardment of important documents to foreclose from San Diego, California

wherein, upon information and belief, certain documents were covertly included. (SEE PARAGRAPHS 55-59)

    c.   Upon information and belief, Terry Sheldon attested to knowingly false statements that when made were known to be false at the time.

55) On or about June 29, 2018, the Kinneys received a bombardment of inconspicuous and un-identified letters via regular U.S. mail from San Diego, California. (SEE EXHIBIT U)

56) Within said bombardment of letters was the first time the Kinneys received notices of signed and/or notarized documents.

57) Within said bombardment of letters were: a). 'Trustee Notice of Sale'; b). 'Notice: DANGER OF LOSING YOUR PROPERTY'; and c). 'Notice of Default and Election to Sale'.

58) Said 'Notice of Default and Election to Sale' contained a separate attached notary signature page signed by Edward Jamir under the address of CRC's address in Portland, Oregon, and notarized by Susana Jimenez (commission #2197449) in San Diego, California. (EXHIBIT U pg. 8-12)

### Plaintiff's Flurry of Discovery Request

59) On July 10, 2018, Plaintiffs sent to Defendants Terry Smith, President of RLMS; and Edward Jamir, Foreclosure Trustee for CRC, a first (1st) 'Request for Discovery' to verify the holder of the Note; and a 'Notice of Voided Trustee's Sale For Ex Turpi Causa Non Oritur Actio'. (SEE EXHIBIT V)

60) On July 23, 2018, Defendants RLMS in a un-signed letter demurred to Plaintiffs first (1st) request for discovery, stating that Defendants had no 'written authorization' to speak with Plaintiffs' trustee William X Nietzche about said loan. (SEE EXHIBIT W)

61) On July 24, 2018, Defendant RLMS in an un-signed 'Debt Validation letter' demurred to Plaintiffs first (1st) request for discovery. (SEE EXHIBIT X)

62) On July 27, 2018, Plaintiffs sent to Defendants Terry Smith, President of RLMS; Edward Jamir, Foreclosure Trustee for CRC; and Steven W. Pite, President of CRC, a Second (2nd) request for discovery to verify the holder of the Note; along with a 'Notice of Voided Trustee's Sale For Ex Turpi Causa Non Oritur Actio'; and a 'Delegation of Authority Letter', authorizing William X Nietzche as trustee to act on behalf of Plaintiffs' estate, KRME International Trust. (SEE EXHIBIT Y- pg. DELEGATION OF AUTHORITY LETTER)

63) On August 6, 2018, Defendants RLMS in a un-signed letter demurred to Plaintiffs second (2nd) request for discovery, however Defendants did acknowledge Plaintiffs 'Delegation of Authority Letter' to speak with William X Nietzche in regards to said loan. (SEE EXHIBIT Z)

64) On August 17, 2018, Plaintiffs sent to Defendants Terry Smith, President of RLMS; Edward Jamir, Foreclosure Trustee for CRC; and Steven W. Pite, President of CRC, a third (3rd) request for discovery to verify the holder of the Note, along with a 'Notice of Voided Trustee's Sale For Ex Turpi Causa Non Oritur Actio'; and a 'Delegation of Authority Letter', authorizing William X Nietzche as trustee to act on behalf of Plaintiffs (KRME International Trust).(SEE EXHIBIT AA)

65) On August 22, 2018, Defendant CRC in an un-signed letter demurred to Plaintiffs third (3rd) request for discovery, however Defendant CRC acknowledged Plaintiffs correspondence as a dispute pursuant to 'Fair Debt Collection Practices Act - 15 U.S.C. 1601 et seq., as amended'. (SEE EXHIBIT BB pg. 1)

66) Within said August 22, 2018, correspondence was a copy of the 'Appointment of Successor Trustee', wherein Juan Enriquez, Assistant Secretary and Attorney in Fact for USBNA, appoints CRC as successor trustee. Said 'Appointment of Successor Trustee' is void, containing the following defects: (SEE EXHIBIT BB, pg. 14-16)
   a. Said document is identified as a 2 page document (i.e. 1of 2, 2of 2) but contains an un-identified third (3rd) attached notary page. (SEE EXHIBIT BB pg. 16)

   b. The notary attestation section on page 2 of 2 is scratched out and has an indicating ink-stamp to see an attached third page. (SEE EXHIBIT BB pg. 15)

   c. Said alteration to the notary attestation section has no initials indicating who made the alteration to said document.

   d. Upon information and belief, 'page 2 of 2' of said document contains a robo-signature of Juan Enriquez. (SEE EXHIBIT BB pg. 15)

   e. Upon information and belief, Juan Enriquez was not present in Orange County, California at the purported time of executing said document in front of Vanessa Casias, a notary public in Orange County California, commission # 2222948.

67) In said August 22, 2018, correspondence from CRC, Plaintiffs discovered an un-dated 'Allonge' to second (2nd) mortgage Deed of Trust that was created and signed by Biff Rogers, Vice President of GOLDMAN SACHS, without any knowledge to Plaintiffs. (SEE EXHIBIT BB pg. 6 )

68) On August 23, 2018, Defendants RLMS in a un-signed letter via first class U.S. mail demurred to Plaintiffs third (3rd) request for discovery. (SEE EXHIBIT CC)

69) On August 24, 2018, Defendants RLMS in an un-signed letter demurred to Plaintiffs third (3rd) request for discovery. (SEE EXHIBIT DD)

70) In said August 24, 2018, correspondence from RLMS, Plaintiffs discovered an un-dated 'Allonge' to second (2nd) mortgage Deed of Trust that was created and signed by Biff Rogers, Vice President of GOLDMAN SACHS, without any knowledge to Plaintiffs. (SEE EXHIBIT BB pg. 6 for reference)

71) On September 10, 2018, Plaintiffs sent to Defendants Terry Smith, President of RLMS; and Steven W. Pite, President of CRC, an 'Affidavit of Fact-Notice of Default Judgement'. (SEE EXHIBIT EE)

72) On September 18, 2018, Defendants RLMS in a un-signed letter demurred to Plaintiffs 'Affidavit of Fact-Notice of Default Judgement', asking for an additional thirty (30) days to respond. (SEE EXHIBIT FF)

### Plaintiff's Notice of Rescission

73) On October 5, 2018, Plaintiffs sent to Defendants Terry Smith, President of RLMS; Richard K. Davis, CEO for USBNA; and Steven W. Pite, President of CRC, a 'Writ of Right-Affidavit of Fact' that: a). declared Defendants to possess no rightful trusteeship over said property; and b). Established a Lis Pendens that Plaintiffs were revoking their signature from said securities. (SEE EXHIBIT GG)

74) On October 11, 2018, Defendants RLMS in an un-signed letter via FedEx demurred to Plaintiffs 'Writ of Right – Affidavit of Fact' dated October 5, 2018, asking for an additional thirty (30) days to respond. (SEE EXHIBIT HH)

### Purported Non-judicial Sale

75) On October 23, 2018, Plaintiffs attended the non-judicial foreclosure sale of plaintiff's property at the Multnomah County court house.

76) Wayne S. Savage from Barrister Support Services (BSS) conducted the auction.

77) Plaintiffs informed Wayne S. Savage that said auction was: a). 'estopped'; b). that Plaintiffs were making an adverse claim to their estate'; and c). that Plaintiffs had first (1st) right to redemption to said property.

78) Wayne S. Savage refused to allow Plaintiffs to register to participate in said auction, stating, "you don't have enough money".

79) Plaintiffs attempted to verify funds in an account over Plaintiffs cell phone.

80) Wayne S. Savage would not attempt to verify said funds.

81) Wayne S. Savage announced to attendee's, that "if said property was subject to any prior trust deeds, then said person should come forward with said deed."

82) Plaintiffs waved the original 'General Warranty Deed' to all attendee's and announced that said property was subject to said 'General Warranty Deed'.

83) Plaintiffs attempted to show Wayne S. Savage said 'General Warranty Deed'.

84) Wayne S. Savage stated, "I will not honor that", in reference to said 'General Warranty Deed'.

85) Said auction took place wherein Plaintiffs remained in the bidding process, even making sure to have made the last bid.

86) Plaintiffs property was purportedly sold to URBAN HOUSING DEVELOPMENT.

87) On October 23, 2018, Defendants RLMS, in an un-signed letter dated October 18, 2018, informed Plaintiffs that said matter was considered closed. (SEE EXHIBIT II)

## V.  CLAIMS FOR RELIEF
### FIRST CLAIM OF RELIEF
#### (Specific Performance-Against CRC and USBNA)

88) Plaintiff realleges and incorporates paragraph 1-87 above.

89) The Kinneys fully performed all terms and conditions of the Note and Deed of Trust prior to raising their dispute and prior to service of the Notice of Default, and the Kinneys are ready, willing and able to perform pursuant to the Deed of Trust, including tendering any payments that the Kinneys would have made but for CRC's wrongful conduct in not answering discovery requests and initiating the foreclosure.

90) CRC and USBNA have breached the Deed of Trust section 23 by: a) failing to provide discovery when a dispute arose as to which servicing company was entitled to enforce the Note; b) failing to submit to arbitration and/or meeting face to face to validate their right to enforce the Note; b) wrongfully declaring a default; and c) foreclosing despite the Kinney's performance of the Deed of Trust.

91) The Kinneys do not have adequate remedy at law because the Kinneys will be displaced from their property if the Deed of Trust is not enforced.

92) For the reasons set forth herein, the Kinneys are entitled to a decree for specific performance of the Deed of Trust.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract-Against RLMS and USBNA)

93) Plaintiff realleges and incorporates paragraphs 1-87, 89-92 herein.

94) Defendants breached section 12 under the Deed of Trust by not giving plaintiff's certified mailings of time-sensitive documents.

95) Section 12 entitled Notice, subtitle (a) under the Deed of Trust specifically states: "(a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the address stated in the Note or at such other address as Borrower may designate by notice to Lender as provided herein".

96) Defendants served the Kinneys important and time-sensitive documents by regular U.S. first class mail breaching the terms of the Deed of Trust.

97) As a direct and proximate result of RLMS's and USBNA's breaches of the Deed of Trust, the Kinneys have incurred late charges, default- and foreclosure-related fees including trustee and attorney fees, additional interest and penalties, damage to the Kinney's credit, and other damages in an amount to be proven at trial. The Kinneys are entitled to their damages, together with their reasonable attorney fees and cost.

## THIRD CLAIM FOR RELIEF
### (Promissory Estoppel-Against RLMS, CRC and USBNA)

98) Plaintiff realleges and incorporates paragraphs 1-87, 89-92, and 94-97 herein.

99) RLMS and CRC, acting as the agent for, pursuant to the instructions of and with actual or apparent authority from USBNA, promised to look into the Kinney's numerous requests for discovery.

100)      RLMS, CRC and USBNA could reasonably foresee that RLMS's and CRC's words and conduct would induce the Kinneys to believe their request for discovery was under review to clear up any confusion regarding the Note.

101)      The Kinneys reasonably relied on RLMS's and CRC's promise to look into the matter and Defendants should have foregone other alternatives for curing the default and avoiding foreclosure, resulting in a substantial change in the Kinney's position.

102)     As a direct and proximate result of the Kinneys reasonable reliance on RLMS's and CRC's promise, the Kinneys have suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (FDCPA—Against RLMS)

103)     Plaintiff realleges and incorporates paragraphs 1-87 above.

104)     The Kinneys are a "consumer" under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.,* ("FDCPA") because the Kinneys are a natural person obligated to pay a debt.

105)     RLMS is a "debt Collector" under the FDCPA because it regularly uses mail and interstate commerce to collect or attempt to collect debts owed by another and a principal purpose of RLMS's business is the enforcement of security interests.

106)     At all material times, no Defendant, including RLMS, had a present right to possession of the property claimed as collateral for the Note.

107)     RLMS violated the FDCPA by foreclosing on the Kinneys property when foreclosure is not authorized by the Note, Deed of Trust or Oregon law and no Defendant had a present right to possession.

108)     The Kinneys are entitled to actual and statutory damages, together with their reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1692k.

## FIFTH CLAIM FOR RELIEF
### (UDCPA-Against CRC)

109)     Plaintiff realleges and incorporates paragraphs 1-87, and 103 above.

110)     CRC is a "debt collector" under Oregon Unlawful Debt Practices Act, ORS §§ 646.639, et seq., ("UDCPA") because CRC, by direct or indirect action, conduct or practice, is enforcing or attempting to enforce an obligation that is alleged to be due to a commercial creditor by a consumer as a result of a consumer transaction and CRC is principally engaged in the enforcement of security interests by conducting foreclosures of trust deeds and mortgages for lenders and servicers.

111)     CRC has violated the UDPCA in each of the following particulars:
   a. By enforcing the right or remedy of foreclosure with knowledge or reason to know that the right or remedy does not exist because the Kinneys were not in default and because USBNA was not the holder or a non-holder with the right to enforce the Note;

b. By representing in the Notice of Default that the existing debt may be increased by the addition of attorney fees, trustee fees and other fees or charges when such fees or charges may not legally be added to the existing debt; and

c. By attempting to collect interest and other charges or fees in excess of the actual debt that are not expressly authorized by the Note, Deed of Trust or applicable law.

112) At all material times, CRC acted with a reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of others.

113) The Kinneys are entitled to the greater of their actual damages, in an amount to be proven at trial, or statutory damages, plus punitive damages and their reasonable attorney fees and costs, pursuant to ORS 646.641.

## SIXTH CLAIM FOR RELIEF
### (Breach of Trustee's Duty-Against CRC)

114) Plaintiff realleges and incorporates paragraphs 1-87 above.

115) As the Successor Trustee for the Deed of Trust, CRC owes a limited duty of good faith and due diligence to the Kinneys.

116) CRC breached its duty to the Kinneys in each of the following particulars:
a. By failing to take reasonable steps prior to initiating the foreclosure action to confirm that USBNA is the holder of the Note or a non-holder with the right to enforce the Note;

b. By failing to comply with the requirements for non-judicial foreclosure under the Oregon Trust Deed Act, including failing to record all assignments of the trust deed prior to initiating foreclosure as required by ORS 86.735(2); failing to record a Notice of Default containing all information required by ORS 86.745; and proceeding with a non-judicial foreclosure when neither USBNA nor CRC had a valid power of sale under the Deed of Trust because the Kinneys were not in default;

c. By failing to conduct a reasonable investigation of the authenticity of the Assignment of the Deed of Trust and Substitution of Trustee that CRC recorded in light of irregularities that appeared on the face of the documents; and,

d. By failing to rescind the sale in order to conduct a reasonable inquiry into the defects and violations of law raised by the Kinneys letters.

117) As a direct and proximate result of CRC's breach of its limited duty of good faith and due diligence, the Kinneys have suffered damages in an amount to be proven at trial.

**SEVENTH CLAIM FOR RELIEF (Injunctive Relief-Against All Defendants)**

118) Plaintiff realleges and incorporates paragraphs 1-87 above.

119) USBNA's non-judicial foreclosure is wrongful and in violation of the Note, Deed of Trust and Oregon law in each of the particulars set forth below.

120) Upon information and belief, USBNA and CRC failed to record all assignments of the Deed of Trust prior to commencing a non-judicial foreclosure, as required by ORS 86.735(1).

121) The Kinneys were not in default at the time USBNA and CRC commenced the foreclosure, as required by ORS 86.735(2), because the Kinneys raised a pending dispute beginning January 2017 and lasting up to present.

122) The Notice of Default recorded by CRC failed to contain the information required by ORS 86.745.

123) Upon information and belief, USBNA is not the beneficiary of the Deed of Trust, or the holder of the Note as defined by the Uniform Commercial Code, or a non-holder with the right to enforce the Note. USBNA therefore lacks authority to make an election to sell the property and standing to initiate the foreclosure.

124) USBNA failed to serve the Kinneys with written notice of the alleged default and USBNA's intent to accelerate at least thirty days prior to initiating the foreclosure, a condition precedent to exercising the power of sale under the Deed of Trust.

125) Upon information and belief, the Assignment of Deed of Trust and the Appointment of Successor Trustee were ineffective to transfer Freedom Mortgage Corporation's (FMC) beneficial interest in the Deed of Trust to MERS, then MERS's subsequent reconveyance to BOI, and the subsequent assignments that followed, to allow USBNA to appoint CRC as Successor Trustee for one or more of the following reasons:

    a. MERS and George P. Fisher did not have authority to execute a reconveyance of FMC's beneficial interest;

    b. MERS had no beneficial interest to reconvey at the time the reconveyance was executed;

    c. Neither FMC, MERS, nor BOI had possession of a properly endorsed Note at the time the Assignment was executed;

      d. MERS has held, if anything, no more than bare legal title to the Deed of Trust, which MERS received from FMC wherein said transfer was not duly recorded in the mortgage records at the county level; and,

126) As further alleged in paragraph 72 and 74 above: the devious tactics of repeatedly misleading the Kinneys that their requests for discovery were under review, then suddenly declaring the default and initiating a foreclosure, Defendants USBNA, CRC and RLMS have waived any claim of default and the right to execute the power of sale.

127) The Kinneys will suffer irreparable harm if the foreclosure sale is effectuated in violation of the Note, Deed of Trust and applicable Oregon law.

128) The Kinneys request that the court permanently enjoin all Defendants, voiding said non-judicial sale of the Kinneys property, so long as the Kinneys remain in compliance with the Deed of Trust, and/or upon the condition that the Note is produced by Defendants, and/or a resolution by jury trial on the merits, or whatever the court deems just and proper in the circumstances.

## EIGHTH CLAIM FOR RELIEF (Fraud-Against CRC and USBNA)

129) Plaintiff realleges and incorporates paragraphs 1-87 above.

130) In executing foreclosure documents, Edward Jamir of CRC represented to be in Portland Oregon.

131) Upon information and belief, Edward Jamir was in California at the time of executing said documents.

132) Said documents were notarized in California.

133) CRC's representation was material in that said act initiated a foreclosure against the Kinneys real property.

134) CRC had knowledge of the Kinneys dispute raised pursuant to FDCPA.

135) CRC intended for the Kinneys to rely upon such misrepresentations.

136) The Kinneys did not know such misrepresentations to be false.

137) The Kinneys relied on the supposed truth of said representation and had a right to rely thereon.

138) At all material times, CRC acted maliciously and with a reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of others.

139)     As a result of the Kinneys reliance on each of the materially false statements of fact set forth above, the Kinneys have suffered damages in an amount to be determined at trial, and the Kinneys are entitled to punitive damages.

## NINTH CLAIM OF RELIEF (OUTPA-Against USBNA)

140)     Plaintiff realleges and incorporates paragraphs 1-139 above.

141)     USBNA's failure to comply with the Deed of Trust, the assessment of unauthorized fees and charges, wrongful initiation of a non-judicial foreclosure action, and other wrongful conduct described in further detail in paragraphs 1-111 above constitute an unlawful practice pursuant to the Oregon Unlawful Trade Practices Act ("OUTPA"), ORS 646.605, et seq., because USBNA employed unconscionable tactics in connection with the sale or other disposition of real estate or in connection with the collection or enforcement of an obligation and the Kinneys suffered an ascertainable loss as a result.

142)     At all material times, USBNA acted knowingly, willfully, maliciously and with a reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of others.

143)     The Kinneys are therefore entitled to the greater of their actual damages, to be proven at trial, or $200, plus punitive damages, together with their attorney fees and any equitable relief the court considers necessary or proper.

## TENTH CLAIM FOR RELIEF (RESPA-Against RLMS)

144)     Plaintiff realleges and incorporates paragraphs 1-87 above.

145)     RLMS is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605.

146)     On or about June 7, 2017, the Kinneys sent a Qualified written request to RLMS requesting specific information pertaining to the Kinneys account. (See Exhibit)

147)     On or about July 10, 2018, the Kinneys, by and through their eldest son, sent a second Qualified Written Request to RLMS and CRC requesting that both provide specific information concerning the Kinneys account, including an accounting of all payments and fees.

148)     On or about July 27, 2018, the Kinneys, by and through their eldest son, sent a third Qualified Written Request to RLMS and CRC requesting that both provide specific information concerning the Kinneys account, including an accounting of all payment and fees.

149)     On or about August 17, 2018, the Kinneys, by and through their eldest son, sent a
        second Qualified Written Request to RLMS and CRC requesting that both provide
        specific information concerning the Kinneys account, including an accounting of all
        payment and fees.

150)     RLMS, CRC and USBNA further failed to provide a written explanation or
        clarification, and to provide the information the Kinneys requested or an explanation as to
        why the information is unavailable, as required by 12 U.S.C. § 2608(e)(2).

151)     As a result of RLMS's, CRC and USBNA's pattern and practice of violating
        RESPA, the Kinneys are entitled to actual damages in an amount to be determined at
        trial, attorney fees, and additional damages of not more than $1000 pursuant to 12 U.S.C.
        §2605(f).

### ELEVENTH CLAIM FOR RELIEF (Accounting-Against BOI)
152)     Plaintiff realleges and incorporates paragraphs 1-87 above.

153)     Between March 2004 and January 2017, the Kinneys made mortgage payments to
        BOI totaling approximately $160,000 to be applied to monthly interest payments, taxes
        and insurance, and such fees as were duly authorized under the Note and Deed of Trust.

154)     Upon information and belief, from January 2012 to January 2017, BOI had
        applied no more than $1,900 to the monthly interest payment and no more than $500 to
        escrow. BOI has failed to account for the remaining $10,000 or to provide a complete
        accounting of all escrow payments.

155)     Upon information and belief, BOI assessed unexplained fees to the Kinneys
        account of no less than $4,000 in 2012 alone. Such fees were not authorized by the Note,
        the Deed of Trust or any state or federal law.

156)     The Kinneys are therefore entitled to a full accounting from BOI, RLMS and
        USBNA for all payments, credits, charges, and deductions to their account, and the
        reasons therefore, including a full accounting for any suspense account or escrow
        account.

### TWELTH CLAIM FOR RELIEF (Quiet Title-Against all Defendants)
157)     Plaintiff realleges and incorporates paragraphs 28, 75-87 above.

158)     Predicated upon the production of the Note, the Kinneys have been able, willing
        and did attempt to tender payment.

159)     KRME International Trust is the holder of the original wet-ink signature 'General Warranty Deed', the only evidence of title to said real property.

160)     Upon information and belief, Defendants are not in possession of the Note pertaining to said real property.

161)     Upon information and belief, the Kinneys do not owe Defendants on said Note because Defendants are not a holder or non-holder with a right to enforce the Note.

162)     For the above reasons, the Kinneys seek a determination of title in their favor thus quieting all pretentious adverse claims asserted by Defendants to the Kinneys real property located at 4406 North Mississippi Avenue, Portland, Oregon.

**THIRTEENTH CLAIM FOR RELIEF (ORS 124.100(2)-Against all Defendants)**
163)     Plaintiff realleges and incorporates paragraphs 1-87 above.

164)     Plaintiff William Kinney Jr. is currently 68 years of age, and was/is in a vulnerable position, experiencing extreme duress and mental impairment both now and at the time of execution of the first and second Deed of Trust.

165)     Plaintiff Julie Kinney is currently 59 years of age and was/is in a vulnerable position, experiencing extreme duress and mental impairment both now and at the time of execution of the first and second Deed of Trust.

166)     Defendants non-judicial sale wrongfully appropriated the Kinneys real property.

167)     Defendants knew or should have known of their wrongful conduct.

168)     As a proximate result, plaintiff's suffered financial abuse by Defendants in an amount to be proven at trial, plus treble damages, plus reasonable attorney fees and costs.

**FORTEENTH CLAIM FOR RELIEF (TILA rescission-Against all Defendants)**
169)     Plaintiff realleges and incorporates paragraphs 1-87, 131-140 above.

170)     On October 5, 2018, the Kinneys had sent Defendants a Qualified written notice of their intent to rescind and revoke their signatures from said securities.

171)     Said notice qualified as a rescission pursuant o the Truth In Lending Act (TILA, 15 U.S.C. § 1601 et seq.).

172)     Since the Kinneys dispute arose in January 2017, Defendants have failed to disclose certain information regarding the subject financing of the Note.

173) Upon information and belief, Defendants are not in possession of the Note pertaining to the real property.

174) The Defendants purported security interest in the property is void ab initio.

175) Therefore, the purported non-judicial sale of the Kinneys property is void.

WHEREFORE, Plaintiff William and Julie Kinney requests entry of Judgement in their favor as follows:

1. On Plaintiff's First Claim for Relief, requiring USBNA and RLMS to specifically perform the Deed of Trust;

2. On Plaintiff's Second Claim for Relief against USBNA and RLMS, awarding plaintiff damages in an amount to be proven at trial, together with their reasonable attorney fees and costs;

3. On Plaintiff's Third Claim for Relief against RLMS, CRC and USBNA, awarding plaintiff damages in an amount to be proven at trial;

4. On Plaintiff's Fourth Claim for Relief against RLMS, awarding plaintiff actual and statutory damages, together with their attorney fees and costs;

5. On Plaintiff's Fifth Claim for Relief against CRC, awarding plaintiff the greater of his actual or statutory damages, in an amount to be proven at trial, punitive damages, and his reasonable attorney fees and costs;

6. On Plaintiff's Sixth Claim for Relief against CRC, awarding plaintiff damages in an amount to be proven at trial;

7. On Plaintiff's Seventh Claim for Relief, enjoining all Defendants from effectuating the non-judicial sale of plaintiff's property so long as Plaintiffs remains in compliance with the Deed of Trust or upon the condition the Note is produced and/or jury trial on the merits;

8. On Plaintiff's Eighth Claim for Relief against USBNA, awarding plaintiff actual damages in an amount to be proven at trial together with punitive damages;

9. On Plaintiff's Ninth Claim for Relief against USBNA, awarding plaintiff the greater of their actual damages or $200, plus punitive damages, and their attorney fees and any equitable relief the court considers necessary and proper;

10. On Plaintiff's Tenth Claim for Relief against RLMS, awarding plaintiff actual damages in an amount to be proven at trial, additional damages of not more than $1000 and reasonable attorney fees and costs;

11. On Plaintiff's Eleventh Claim for Relief against BOI and USBNA, requiring BOI and USBNA to provide a complete accounting of all payments, credits, charges, and deductions to the Kinneys account, and the reasons therefore, including a full accounting for any suspense account or escrow account;

12. On Plaintiff's Twelfth Claim for Relief against all Defendants for quiet title;

13. On Plaintiff's Thirteenth Claim for Relief against all Defendants, awarding plaintiff actual damages to be proven at trial, plus treble damages, and attorney fees and costs;

14. On Plaintiff's Fourteenth Claim for Relief against all Defendants, awarding plaintiff actual damages to be proven at trial, plus treble damages, and attorney fees and costs;

15. For such other relief the court deems proper.

DATED this __5ᵗʰ__ day of November, 2018.

I affirm the aforesaid to be true and correct under penalties of perjury.

By _JM Kinney ©All Rights Reserved_
Julie Ann Metcalf Kinney
In Solo Proprio, In Proper Persona,
Sui Heredes, Sui Juris [Pro se]

## VERIFICATION

I, __Julie Metcalf Kinney__ , verify under oath that:
1) I have reviewed the complaint;
2) I have personal knowledge of the facts contained herein and believe them to be true;
3) The allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents or both.

State of OREGON
County of _Multnomah_
Signed and sworn to (or affirmed) before me on (date) _November 5_, 20_18_ . by
(name(s) of individuals making statement) _Julie Ann Metcalf Kinney_ .

_Olga Marie Nickoloff_ _____ Notary Public - State of Oregon
Official Stamp

OFFICIAL STAMP
OLGA MARIE NICKOLOFF
NOTARY PUBLIC - OREGON
COMMISSION NO. 964416
MY COMMISSION EXPIRES JULY 19, 2021

Return To:

After Recording Return To:

**RESOURCE TITLE LLC**
**10999 RED RUN BLVD.**
**SUITE 207**
**OWINGS MILLS, MD 21117**

02032191

Recorded in the County of Multnomah, Oregon
C. Swick,  Deputy Clerk
Total :            99.00
2002-106872 06/17/2002 09:10:27am ATKLM
C18   17     REC      SUR     DOR     OLIS
             85.00    3.00   10.90    1.00

---

**LOAN NO.: 02095043**
**MIN: 10007300002**0950408

[Space Above This Line For Recording Data]

# DEED OF TRUST

Tax id # BLOCK 1, LOT 6

---

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "Security Instrument" means this document, which is dated          **MAY 3, 2002**
together with all Riders to this document.

**(B)** "Borrower" is
**JULIE ANN METCALF KINNEY AND WILLIAM KINNEY JR** — Married

Borrower is the trustor under this Security Instrument.

**(C)** "Lender" is   **FREEDOM MORTGAGE CORPORATION**
**DBA FREEDOM HOME MORTGAGE CORPORATION**
Lender is a   **CORPORATION**
organized and existing under the laws of          **THE STATE OF NEW JERSEY**
Lender's address is   **1000 ATRIUM WAY, SUITE 300**
**MOUNT LAUREL, NJ  08054**
Lender is the beneficiary under this Security Instrument.

**(D)** "Trustee" is Millard .S. Rubenstein 10999 Red Run Blvd. Ste 207
Owings Mills, MD 21117

**(E)** "Note" means the promissory note signed by Borrower and dated          **MAY 3, 2002**
The Note states that Borrower owes Lender
**NINETY-SIX THOUSAND THREE HUNDRED AND 00/100**
Dollars (U.S. $          **96,300.00**          ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than          **JUNE 1, 2032**

**(F)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

OREGON - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3038 3/99
Laser Forms Inc. (800) 446-3555
LFI #FNMA3038 1/00          Page 1 of 13          Initials: JMK WK

17

6-18-02

02032191

## EXHIBIT "A"

Lot 6, Block 1, Multnomah, in the City of Portland, County of Multnomah and State of Oregon.

The improvements thereon being known as 4406 N. Mississippi, Portland, Oregon 97217.

6-18-02

**(G)** "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H)** "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] Biweekly Payment Rider | [ ] V.A. Rider | |
| [X] Other(s) [specify]  **LEGAL DESCRIPTION** | | |

**(I)** "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J)** "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K)** "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L)** "**Escrow Items**" means those items that are described in Section 3.

**(M)** "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N)** "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O)** "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (i) any amounts under Section 3 of this Security Instrument.

**(P)** "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q)** "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

OREGON - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3038 3/99
Laser Forms Inc. (800) 446-3555
LFI #FNMA3038 1/00                    Page 2 of 13        Initials: _JMK_ WK

TRANSFER OF RIGHTS IN THE PROPERTY
This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

<table>
<tr><td>COUNTY</td><td>of</td><td>MULTNOMAH</td></tr>
<tr><td>[Type of Recording Jurisdiction]</td><td></td><td>[Name of Recording Jurisdiction]</td></tr>
</table>

SEE LEGAL DESCRIPTION ATTACHED HERTE1O AND MADE A PART HEREOF.

PREPARED BY; Millard S. Rubenstein
10999 Red Run Blvd. Ste 207
Owings Mills, MD 21117

which currently has the address of
4406 N. MISSISSIPPI
[Street]

PORTLAND , Oregon 97217 ("Property Address"):
[City]                         [Zip Code]

   TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

   BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

   THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

OREGON - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3038 3/99
Laser Forms Inc. (800) 446-3555
LFI #FNMA3038 1/00                      Page 3 of 13      Initials: JMK WK

6-18-02

EXHIBIT A
PAGE 5 of 17

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower



6-18-02

shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than twelve monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than twelve monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This

6-18-02

insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

OREGON - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3038 3/99
Laser Forms Inc. (800) 446-3555
LFI #FNMA3038 1/00

Page 6 of 13     Initials _HMK_ _WK_

6-10-02

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage

6-15-02

substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

OREGON - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3038 3/99
Laser Forms Inc. (800) 446-3555
LFI #FNMA3038 1/00

Page 8 of 13          Initials: HMK WK

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice

OREGON - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3038 3/99
Laser Forms Inc. (800) 446-3555
LFI #FNMA3038 1/00

Page 9 of 13    Initials: *JHM KWK*

6-18-02

address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency,

OREGON - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3038 3/99
Laser Forms Inc. (800) 446-3555
LFI #FNMA3038 1/00                    Page 10 of 13      Initials *JMK* WK

6-18-02

instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

6-18-02

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall give notice of sale in the manner prescribed by Applicable Law to Borrower and to other persons prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee.** Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25. **Attorneys' Fees.** As used in this Security Instrument and in the Note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court.

26. **Protective Advances.** This Security Instrument secures any advances Lender, at its discretion, may make under Section 9 of this Security Instrument to protect Lender's interest in the Property and rights under this Security Instrument.

6-18-02

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any riders executed by Borrower and recorded with it.

Witnesses:

_Glenna A. Cooke_    _Julie Ann Metcalf Kinney_ (Seal)
                     **JULIE ANN METCALF KINNEY**  -Borrower

_____    _William Kinney Jr._ (Seal)
                     **WILLIAM KINNEY JR**  -Borrower

_____    _____ (Seal)
                                          -Borrower

_____    _____ (Seal)
                                          -Borrower

[Space Below This Line For Acknowledgment]

**STATE OF OREGON,**                    Multnomah        County ss:
On this  3rd  day of  May  , 20 02        , personally appeared the above named
**JULIE  ANN METCALF KINNEY AND WILLIAM KINNEY JR**

and acknowledged the foregoing instrument to be his/her/their voluntary act and deed.
(Official Seal)                          My Commission expires:  8/26/2004
                                         Before me:

```
OFFICIAL SEAL
GLENNA A. COOKE
NOTARY PUBLIC-OREGON
COMMISSION NO. 336605
MY COMMISSION EXPIRES AUG. 26, 2004
```
                                         _Glenna A. Cooke_  -Notary Public for Oregon

## REQUEST FOR RECONVEYANCE

**TO TRUSTEE:** The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.
Date: _____

6-18-02

# ADJUSTABLE RATE RIDER

## (LIBOR Index - Rate Caps)

**LOAN NO. 02095043**

THIS ADJUSTABLE RATE RIDER is made this 3RD  day of  MAY               2002 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Deed to Secure Debt (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to
**FREEDOM MORTGAGE CORPORATION**
**CORPORATION**                                                      (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

### 4406 N. MISSISSIPPI
### PORTLAND, OR 97217

[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of     8.250 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) **Change Dates**
The interest rate I will pay may change on the first day of JUNE                  , 2004 , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
(B) **The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

MULTISTATE ADJUSTABLE RATE RIDER (LIBOR Index) - Single Family - Freddie Mac UNIFORM INSTRUMENT

6-18-02

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **SEVEN AND THREE EIGHTHS** percentage points ( **7.375 %**) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **11.250 %** or less than **5.250 %**. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **14.250%**.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

6-18-02

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_Julie Ann Metcalf Kinney_ (Seal)
-Borrower
JULIE   ANN METCALF KINNEY

_William Kinney Jr_ (Seal)
-Borrower
WILLIAM KINNEY JR

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

*[Sign Original Only]*

MULTISTATE ADJUSTABLE RATE RIDER (LIBOR Index) - Single Family - Freddie Mac UNIFORM INSTRUMENT
FMAC3192 (11/00)                    Page 3 of 3                    Form 3192 1/01

6-18-02

Grantor's Name and Address
WILLIAM KINNEY, JR
JULIE ANN METCALF KINNEY
4406 N. MISSISSIPPI
PORTLAND, OREGON 97217
Grantee's Name and Address
WILLIAM KINNEY, JR.
JULIE ANN METCALF KINNEY
4406 N. MISSISSIPPI
PORTLAND, OREGON 97217
After recording, return to (Name Address, Zip):
RESOURCE TITLE, LLC
10999 RED RUN BLVD., STE. 207
OWINGS MILLS, MARYLAND 21117
(410) 654-5550   02032191   DEED.OR
02032191

STATE OF OREGON
County of _____ ] ss.

I certify that the within Instrument was received
for recording on

**Recorded in the County of Multnomah, Oregon**
C. Swick,  Deputy Clerk
Total :        44.00
2002-106871 06/17/2002 09:10:27am ATKLM
A37   2   REC      SUR     DOR    OLIS   NSTDF
         10.00    3.00   10.00   1.00   20.00

tax id # Block 1, Lot 6

## WARRANTY DEED
### (Fee Simple for Corporate and Individual)

KNOW ALL BY THESE PRESENTS that **WILLIAM KINNEY, JR. and JULIE ANN METCALF KINNEY, f/k/a JULIE ANN METCALF**, hereinafter called grantor, for the consideration hereinafter stated, to grantor paid by **WILLIAM KINNEY, JR. and JULIE ANN METCALF KINNEY, HUSBAND AND WIFE**, tenants by the entireties, their assigns, the survivor of them and the survivor's personal representatives and assigns, hereinafter called grantee, does hereby grant, bargain, sell and convey unto the grantee and the grantee's heirs, successors and assigns, that certain real property, with the tenements, hereditaments and appurtenances thereunto belonging or in any way appertaining, situated in Multnomah County, State of Oregon, described as follows, to-wit:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

To Have and to Hold the same unto grantee's heirs, successors and assigns forever.

And grantor hereby covenants to and with grantee and grantee's heirs, successors and assigns, that grantor is lawfully seized in fee simple of the above granted premises, free from encumbrances except (if no exceptions, so state):

_____

and that grantor will warrant and forever defend the premises and every part and parcel thereof against the lawful claims and demands of all persons whomsoever, except those claiming under the above described encumbrances.

The true and actual consideration paid for this transfer, stated in terms of dollars, is **($0.00) DOLLARS**.

In construing this deed, there the context so requires, the singular includes the plural, and all grammatical changes shall be made so that this deed shall apply equally to corporations and to individuals.

In witness whereof, the grantor has executed this instrument on this 3rd day of May in the year Two Thousand Two; if grantor is a corporation, it has caused its name to be signed and its seal, if any affixed by an officer or other person duly authorized to do so by order of its board of directors.

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930.

*William Kinney Jr.*
WILLIAM KINNEY, JR.

*Julie Ann Metcalf Kinney*
JULIE ANN METCALF KINNEY
f/k/a JULIE ANN METCALF

STATE OF OREGON, CITY/COUNTY OF Multnomah , ss.
This instrument was acknowledged before me on this 3rd day of May, in the year Two Thousand Two by William Kinney Jr. and Julie Ann Metcalf Kinney
as _____ of _____

OFFICIAL SEAL
GLENNA A. COOKE
NOTARY PUBLIC OREGON
COMMISSION NO. 336605
MY COMMISSION EXPIRES AUG. 26, 2004

*Glenna A. Cooke*
Notary Public for Oregon
My Commission expires: 8/26/2004

This is to certify that the within instrument has been prepared (i) by or under the supervision of the undersigned Maryland attorney, or (ii) by a party to this instrument.

MILLARD S. RUBENSTEIN, ATTORNEY

6-15-02

EXHIBIT C

PAGE 1 OF 5

WHEN RECORDED MAIL TO

NAME ⌐ Records Processing Services

STREET ADDRESS 577 Lamont Road

CITY & STREET Elmhurst, IL 60126 ⌐

Recorded in MULTNOMAH COUNTY, OREGON
         C. Swick, Deputy Clerk
C18     5                              ATKLM
Total :        41.00

2004-043211    03/17/2004 08:45:12am
SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST

861709

THIS DEED OF TRUST is made this **12TH** day of **MARCH** **20 04**, between the Grantor(s), **WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY**

(herein "Borrower"), **REGIONAL TRUSTEE SERVICES**
(herein "Trustee") and the Beneficiary **BENEFICIAL OREGON INC.**
a corporation organized and existing under the laws of **DELAWARE** whose address is
**1307 NE 102 AVE, SUITE R, PORTLAND, OR 97220**
(herein "Lender"). Witnesseth:

WHEREAS, Borrower is indebted to Lender in the principal sum of $ **126,524.92**, evidenced by Borrower's Loan Agreement dated **MARCH 12, 2004** and any extensions or renewals thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on **MARCH 12, 2034**;

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) future advances under any Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and (4) the performance of the covenants and agreements of Borrower herein contained, Borrower in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, hereby mortgage, grant and convey to Lender and Lender's successors and assigns the following described property located in the County of **MULTNOMAH** State of Oregon:

LOT 6, BLOCK 1, MULTNOMAH, IN THE CITY OF PORTLAND, COUNTY OF MULTNOMAH AND STATE OF OREGON.

08-29-03 DOT

×17103414139700T80000R0079610××METCALF      ×      ORIGINAL      OR007961

EXHIBIT C
PAGE 2 of 5.

-2-

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note, including any variations resulting from changes in the Contract Rate, and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law or the Note provide otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable at the applicable Contract Rate, and then to the principal of the Note.

4. **Prior Mortgages and Deed of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require. The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 19 the Property is acquired by Lender, Borrower's rights to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.


3-17-04

EXHIBIT C

PAGE 3 of 5

-3-

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed Of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorney fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the applicable Contract Rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may take or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower and all other parties who are or who hereafter may become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who consigns this Deed of Trust, but does not execute the Note, (a) is consigning this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the address stated in the Note or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall apply except where such laws conflict with Federal law; in which case, Federal law applies. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs" and "expenses" and "attorney fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust, if requested, at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, (d) the creation of a purchase money security interest for household appliances, (e) a transfer to a relative resulting from the death of a Borrower, (f) a transfer where the spouse or children of the Borrower become an owner of the property; (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Borrower becomes an owner of the property; (h) a transfer into an inter vivos trust in which the Borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property; or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing.

08-29-03 DOT                                                                                     OR007963

*17103414139700T8000OR007963O**METCALF       *                    ORIGINAL

3-17-04

EXHIBIT     C

-4-

PAGE    4 of 5

If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, or as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or to (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof including, but not limited to, reasonable attorney's fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. Reconveyance. Upon payment of all sums secured by this Deed of Trust, and if Lender is not committed to make any future refinancings or future advances, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled thereto. Such person or persons shall pay all reconveyance fees and costs of recordation, if any.

21. Substitute Trustee. In accordance with applicable law, Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. Attorney's Fees. As used in this Deed of Trust and in the Note, "attorneys' fees" shall include attorney's fees, if any, which shall be awarded by an appellate court.

23. Arbitration Rider to Note. The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

3-12-04

EXHIBIT C—
PAGE 5 of 5

-5-

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_William Kinney Jr._
WILLIAM KINNEY, JR.                                          –Borrower

_Julie Ann Metcalf Kinney_
JULIE ANN METCALF KINNEY                                     –Borrower

STATE OF OREGON, _____ MULTNOMAH _____ County ss:

On this ___12TH___ day of ___MARCH___, 20__04__, personally appeared the above named WILLIAM KINNEY, JR., AND JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY and acknowledged the foregoing instrument to be ___THEIR___ voluntary act and deed.

(Official Seal)
My Commission expires: 10/19/04

Before me:
_Vickie Conway_
Notary Public

OFFICIAL SEAL
VICKIE CONWAY
NOTARY PUBLIC-OREGON
COMMISSION NO. 339603
MY COMMISSION EXPIRES OCT. 19, 2004

STATE OF OREGON, _____ County ss:

On this _____ day of _____, 20 _____, personally appeared the above named _____ and acknowledged the foregoing insrument to be _____ voluntary act and deed.

(Official Seal)
My Commission expires:

Before me:

_____
Notary Public

### REQUEST FOR RECONVEYANCE

TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Date: _____                    _____

_____(Space Below This Line Reserved For Lender and Recorder)_____

Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

04-29-02 DOT                                                              OR007965



×1710341413970DT9000OR0079650××METCALF          ×          ORIGINAL

3-17-04

After Recording Return To:
George P. Fisher
Attorney at Law
3635 S.W. Dosch Road
Portland, Oregon 97239

## DEED OF RECONVEYANCE

The undersigned, as successor Trustee under a Trust Deed dated 05/03/02 ,
executed by JULIE ANN METCALF KINNEY, WILLIAM KINNEY JR as Trustor,
in which MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC is named as Beneficiary,
and MILLARD S RUBENSTEIN as Trustee,
Recorded on 06/17/02 as instrument # 2002-106872 in Multnomah County, State of Oregon,
State of Oregon, pursuant to a written request of the Beneficiary thereunder, does hereby reconvey, without warranty,
to the person or persons entitled thereunto, the trust property now held by him as successor Trustee under said
Trust Deed, which Trust Deed covers real property situated in Multnomah County, State of Oregon.

Tax ID: R223416
Date of Deed of Trust: 05/03/02 Amount of Deed of Trust: $96300.00

Dated: 03/31/2004  4.09.04

_George P. Fisher - Successor Trustee_

State of Oregon
County of Multnomah
The foregoing instrument was acknowledged before me on  4.09.04
by George P. Fisher.

Notary Public:
My Commission Expires: 04-01-06
Residing at: Multnomah

OFFICIAL SEAL
JANET L JOYCE
NOTARY PUBLIC-OREGON
COMMISSION NO. 350314
MY COMMISSION EXPIRES APR 1 2006

Prepared by: E.N. Harrison
Peelle Management Corporation, P.O. Box 1710, Campbell, CA 95008 (408)866-6868
Loan #: 0434153722 STCO: 36-051 OR Multnomah
FINAL RECON.UT2 90816 2 02:09:28 36-051 4789 6
MIN#: 1000730-0002095040-8        MERS Tel.#: 1-888-679-6377

Recorded in MULTNOMAH COUNTY, OREGON
          C. Swick, Deputy Clerk
D17    1                              ATKLM
Total :      21.00

2004-068654    04/22/2004 09:28:11am

4-22-04

December 28, 2016

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF OWNERSHIP OF MORTGAGE LOAN (15 U.S.C. § 1641(g))

You are receiving this notice because the ownership of your mortgage loan identified below has been sold, assigned, or transferred to MTGLQ Investors, L.P. ("Covered Person"). You may contact the prior holder of your mortgage loan, or the servicer of your mortgage loan, if you want to confirm the sale/assignment/transfer of your mortgage loan to the new Covered Person.

Information about your Mortgage Loan:

Borrower Name(s): JULIE METCALF KINNEY  WILLIAM KINNEY JR
BENEFICIAL OREGON INC. Loan Number: 20142519
Address of Mortgaged Property: 4406 N MISSISSIPPI PORTLAND, OR 97217

*Please note the following information regarding the sale/assignment/transfer of your mortgage loan:*

1. Name, address and telephone number of the new Covered Person:
   MTGLQ Investors, L.P., 6011 Connection Drive, Irving TX, 75039  (866) 707-8234 ____

2. Date of sale/assignment/transfer of your mortgage loan: December 1, 2016 __

3. How to reach your Mortgage Loan Servicer, which is the party who has authority to act on behalf of the new Covered Person:

   MTGLQ Investors, L.P. does not service your loan. The current servicer of your loan is BENEFICIAL OREGON INC. (your "Mortgage Loan Servicer"). Your Mortgage Loan Servicer is responsible for the ongoing administration of your mortgage loan, including collecting mortgage payments, sending billing statements and escrow statements and answering any questions you may have about your mortgage loan.

   **MTGLQ INVESTORS, L.P. IS NOT THE SERVICER OF YOUR LOAN. ANY MORTGAGE PAYMENTS SHOULD CONTINUE TO BE SENT TO YOUR MORTGAGE SERVICER. SHOULD YOU HAVE ANY QUESTIONS REGARDING YOUR LOAN, PLEASE CONTACT THE SERVICER USING THE CONTACT INFORMATION SET FORTH BELOW.**

   The mailing address and phone number of the Mortgage Loan Servicer for your mortgage loan is:

   BENEFICIAL OREGON INC.
   P.O. Box 1231
   Brandon, FL 33509-1231
   (855) 384-0251
   Monday – Friday 8am – 8pm EST

4. The location of the place where transfer of ownership of the debt is or may be recorded is the office of public land records or the recorder of deeds office for the county or local jurisdiction where the property is located.

5. Partial Payments:

MTGLQ Investors, L.P. is your new lender and may have a different Partial Payment Policy than your previous lender. Under our policy, we may accept payments that are less than the full amount due (partial payments) and apply them to your loan. If this loan is sold, your new lender may have a different policy.

6. Additional information:

The transfer of ownership of your loan does not affect any term or condition of your mortgage loan, other than terms directly related to the ownership of your loan.

This notice does not change the address where you send your mortgage loan payments. Any payments should be sent to your Mortgage Loan Servicer, as noted above.

**This notice is not an attempt to collect, assess or recover a claim against you, or to obtain possession or control of any property.**


MTGLQ Investors, LP
Bowling Green Station
PO Box 1110
NY, NY 10274



JULIE METCALF KINNEY
WILLIAM KINNEY JR
4406 N MISSISSIPPI
PORTLAND, OR 97217






P.O. Box 55004
Irvine, CA 92619-2708
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com


# Interim Payment Coupon

Dear Mortgagor(s):

The date that your present servicer BENEFICIAL OREGON INC will stop accepting your payments is 02/01/2017. Send all payments due on or after that date to Rushmore Loan Management Services LLC.   A billing statement from Rushmore will be mailed to you within 15 to 30 days.

If you have not made your 01/17/2017 payment and it is or becomes due to receipt of the standard billing statement, please use the interim coupon below. We have enclosed an envelope for your convenience.

You should receive your standard billing statement (*with coupon*) prior to your next payment due date.





✂ (Keep a copy for your records)
Please mail so that it reaches us by the due date.
✂

------------------------------------------------------------

## INTERIM PAYMENT COUPON

| LOAN NUMBER | DUE DATE | PAYMENT AMT | IF REC'D AFTER | LATE PMT AMT | Payment | $ |
|---|---|---|---|---|---|---|
| 7600796021 | 01/17/2017 | $732.35 | | | Additional Principal | $ |
| | | | | | TOTAL REMITTED | $ |

JULIE METCALF KINNEY
WILLIAM KINNEY JR
4406 N MISSISSIPPI
PORTLAND, OR 97217-3137

RUSHMORE LOAN MANAGEMENT SERVICES LLC
P.O. Box 514707
Los Angeles, CA 90051-4707



005128090001172017760079602100000000000000000732357

 **Beneticial**
*Member HSBC*  *Group*

BENEFICIAL OREGON INC.
P.O. Box 1231
Brandon, FL 33509-1231

## MORTGAGE STATEMENT
Statement Date: 12/31/2016

| Account Number | 0020142519 |
|---|---|
| Payment Due Date | 01/17/2017 |
| **Amount Due**\*\* | **$745.82** |

*If payment is received after 02/02/2017,
$36.61 late fee will be charged.*

004268  1 SP   0470
JULIE METCALF KINNEY
WILLIAM KINNEY JR
4406 N MISSISSIPPI
PORTLAND, OR 97217-3137



### Contact Us

| Customer Care: | 1-800-365-0175 |
|---|---|
| Online: | www.beneficial.com |

### Account Information

| | |
|---|---|
| Outstanding Principal Balance ¹ *(See reverse)* | $97,667.76 |
| Outstanding Deferred Interest Balance | $3,189.89 |
| Outstanding Lender Advanced Balance | $3,884.00 |
| Interest Rate | 5.49000% |
| Prepayment Penalty | No |
| Property Address | 4406 N MISSISSIPPI PORTLAND, OR 97217 |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $321.50 |
| Interest \* *(See reverse)* | $410.85 |
| Lender Advanced (Taxes) | $13.47 |
| Regular Monthly Payment | $745.82 |
| Total Fees and Charges | $0.00 |
| Total Amount Due\*\* | $745.82 |

### Past Payments Breakdown

| Description | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $291.53 | $4,377.63 |
| Interest | $440.82 | $5,888.74 |
| Lender Advanced | $13.47 | $53.88 |
| Fees and Charges | $0.00 | $250.78 |
| Total | $745.82 | $10,571.03 |

**Your statement:
Online, anytime**

Register now for free
online statements at
**www.beneficial.com**

## Important Messages

\*\***Amount Due:** To avoid the accrual of additional interest on this account we must receive a regular monthly payment of principal and interest each month no later than the Payment Due Date. For more information please call Customer Care at the number noted in Contact Us if "$0.00" appears after "Amount Due," "Principal" or "Interest" above.

*Privacy Notice—Federal law requires us to tell you how we collect, share, and protect your personal information. Our privacy policy has not changed and you may review our policy and practices with respect to your personal information at www.beneficial.com/privacy or we will mail you a free copy upon request if you call us at 1-800-365-0175.*

Your Principal Balance does not include deferred interest owed of $3,189.89. For further explanation of deferred interest or  to make a deferred interest payment at any time, please call 1-800-365-2651. Any amount not  paid over  the term of your loan will be due with your final loan payment.

### Transaction Activity Since Last Statement

| Date | Description | Debit(s) | Credit(s) |
|---|---|---|---|
| 12/20/16 | MORTGAGE PAYMENT | | $732.35 |
| 12/20/16 | Lender advanced property taxes paid | | $13.47 |

WHEN RECORDED MAIL TO

NAME  Records Processing Services

STREET ADDRESS  577 Lamont Road

CITY & STREET  Elmhurst, IL 60126

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST

661709

THIS DEED OF TRUST is made this _12TH_ day of MARCH _20 04_, between the Grantor(s), WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY

(herein "Borrower"), REGIONAL TRUSTEE SERVICES
(herein "Trustee") and the Beneficiary BENEFICIAL OREGON INC.
a corporation organized and existing under the laws of DELAWARE whose address is 1307 NE 102 AVE, SUITE R, PORTLAND, OR 97220
(herein "Lender"). Witnesseth:

WHEREAS, Borrower is indebted to Lender in the principal sum of $ _126,524.92_, evidenced by Borrower's Loan Agreement dated MARCH 12, 2004 and any extensions or renewals thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on MARCH 12, 2034 ;

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) future advances under any Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and (4) the performance of the covenants and agreements of Borrower herein contained, Borrower in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, hereby mortgage, grant and convey to Lender and Lender's successors and assigns the following described property located in the County of _MULTNOMAH_ State of Oregon:

LOT 6, BLOCK 1, MULTNOMAH, IN THE CITY OF PORTLAND, COUNTY OF MULTNOMAH AND STATE OF OREGON.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note, including any variations resulting from changes in the Contract Rate, and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law or the Note provide otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable at the applicable Contract Rate, and then to the principal of the Note.

**4. Prior Mortgages and Deed of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require. The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 19 the Property is acquired by Lender, Borrower's rights to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

*171034141397DOT80000R007962C**METCALF          *          CUSTOMER COPY

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed Of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorney fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the applicable Contract Rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may take or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower and all other parties who are or who hereafter may become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who cosigns this Deed of Trust, but does not execute the Note, (a) is consigning this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the address stated in the Note or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall apply except where such laws conflict with Federal law; in which case, Federal law applies. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs" and "expenses" and "attorney fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust, if requested, at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, (d) the creation of a purchase money security interest for household appliances, (e) a transfer to a relative resulting from the death of a Borrower, (f) a transfer where the spouse or children of the Borrower become an owner of the property; (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Borrower becomes an owner of the property; (h) a transfer into an inter vivos trust in which the Borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property; or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing.

CUSTOMER COPY

*171034141397DOT80000R007963C***METCALF *

If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, or as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or to (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 including, but not limited to, reasonable attorney's fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, and if Lender is not committed to make any future refinancings or future advances, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled thereto. Such person or persons shall pay all reconveyance fees and costs of recordation, if any.

**21. Substitute Trustee.** In accordance with applicable law, Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Attorney's Fees.** As used in this Deed of Trust and in the Note, "attorneys' fees" shall include attorney's fees, if any, which shall be awarded by an appellate court.

**23. Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____

_____
                                                            -Borrower

_____
                                                            -Borrower

STATE OF OREGON, _____County ss:

On this_____ day of _____, 20_____ , personally appeared the above named
_____ and acknowledged
the foregoing instrument to be_____ voluntary act and deed.

(Official Seal)                                    Before me:
My Commission expires:

_____
                          Notary Public

STATE OF OREGON, _____County ss:

On this_____ day of _____, 20_____ , personally appeared the above named
_____ and acknowledged
the foregoing insrument to be _____ voluntary act and deed.

(Official Seal)                                    Before me:
My Commission expires:

_____
                          Notary Public

## REQUEST FOR RECONVEYANCE

TO TRUSTEE:
    The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

. Date: _____        _____

_____(Space Below This Line Reserved For Lender and Recorder)_____

Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

04-29-02 DOT                                                                                                                    OR007965

×171034141397DOT80000R007965C×™METCALF            ×                                    CUSTOMER COPY

Multnomah County Official Records
R Weldon, Deputy Clerk

**2017-057440**
05/11/2017 09:17:45 AM

1R-MTG ASGT  Pgs=1 Stn=0 HAK
$6.00 $5.00 $11.00 $20.00

**$42.00**

Recording Requested By:
MTGLQ Investors, L.P.
Prepared By: CoreLogic SolEx
855-369-2410
When recorded mail to:
CoreLogic Recording Services
1637 NW 136th Avenue, Suite G-100
Sunrise, FL 33323

790017809909AAP01

Tax ID:
Property Address:
4406 N MISSISSIPPI
PORTLAND, OR 97217

This space for Recorder's use

8000058821

Loan Number   17809909A

## ASSIGNMENT OF DEED OF TRUST

For Value Received, Beneficial Financial I Inc. as successor by merger to Beneficial Oregon, Inc. (herein "Assignor") whose address is 636 Grand Regency Blvd, Brandon, FL 33510 does hereby grant, sell, assign, transfer and convey unto MTGLQ Investors, L.P. whose address is 6011 Connection Drive, Irving, TX 75039 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Beneficiary:              Beneficial Oregon, Inc.

Original Borrower(s):     WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY AS TENANTS BY THE ENTIRETY

Original Trustee:         REGIONAL TRUSTEE SERVICES

Date of Deed of Trust: 03/12/2004      Original Loan Amount: $126,524.92

Recorded in Multnomah County, OR on: 03/17/2004, book N/A, page N/A and instrument number 2004-043211

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
MAY 0 8 2017 .

Beneficial Financial I Inc. as successor by merger to
Beneficial Oregon, Inc. by MTGLQ Investors, L.P., its
Attorney-in-Fact

By: _____
Ed Chavez, Vice President

State of Texas, County of Dallas
                 MAY 0 8 2017
On _____, before me, ____Annie Tran Ellis____, a Notary Public, personally appeared Ed Chavez, Vice President of MTGLQ Investors, L.P., as Attorney-in-Fact for Beneficial Financial I Inc. as successor by merger to Beneficial Oregon, Inc. personally known to me to be the person(s) whose name(s) is/are subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature: ____Annie Tran Ellis____

(Notary Name): _____
                    MAY 2 0 2018
My commission expires: _____

ANNIE TRAN ELLIS
ID # 129825545
Notary Public, State of Texas
My Commission Expires
05/20/2018

EXHIBIT _I_

PAGE _1 of 6_

Certified Mail Number <u>7015 1660 0000 7206 8544</u>

7 June 2017

TERRY SMITH, President

Rushmore Loan Management Services, L.L.C.

15480 Laguna Canyon Road, Suite 100

Irvine, CA 92618

Purported Account #_ <u>7600796021</u>

TERRY SMITH, PRINCIPAL:

Pardon the delay in getting this correspondence to you regarding the account number referenced above. However, we needed to proceed with caution since two different mortgage companies (Beneficial and Rushmore) were asking us for the same monthly (January and February 2017) mortgage payments. You understand our confusion that either a mistake was made or we were possible victims of fraud.

This is not a refusal to pay, but a Notice to validate that you have a true claim to collect a debt from us. In the meantime we are establishing an Escrow Account until this matter is resolved. This is a formal request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the enclosed Debt Collector Disclosure Statement Form.

We are also asking you to provide certified proof that you have the original Promissory Note and Security (Mortgage) Agreement regarding this transaction. We would like to arrange an in camera inspection to review said documents at your principal place of business in Portland, Oregon.

Be advised that we are not requesting a "verification" that you have our name and mailing address, we are requesting a "validation"; that is, competent evidence that we have some contractual obligation to pay you.

You should also be aware that sending unsubstantiated demands for payment through the United States Mail system might constitute mail fraud under Federal and State Law. You may wish to consult with a competent legal advisor before your next communication with me.

It shall be duly noted that the Kinney Family has been and still is being targeted for displacement from their home in the newly gentrified historic North Mississippi Street district in Portland, Oregon. Which includes the secondary (predatory) lending and servicing institutes.

EXHIBIT ___I___
PAGE ___2 of 6___

It shall also be duly noted that on January 3, 2012, a certified letter was sent by the Kinney Family to Beneficial in regards to an accounting and billing dispute. This matter involved a fraudulent _Insurance_ coverage that should have been cancelled; Beneficial claimed an amount due for said insurance coverage. The debt due for said Insurance coverage was suddenly turned into a _differed interest_ amount in August 2011. Beneficial did not respond and tacitly accepted the facts asserted by the Kinney Family in said matter. This disputed amount needed to be adjusted and settled which was never adjusted off by Beneficial. Therefore, a forensic accounting of this account is also required to provide proof that the amount your company is attempting to collect for this is validated.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against the Kinney Estate, and your tacit agreement to compensate for costs and legal fees.

Respectfully,

Julie Metcalf Kinney©, Sui Juris

William Kinney Jr©, Sui Juris

c/o 4406 N. Mississippi Avenue

Portland Oregon [97217]

EXHIBIT __I__
PAGE __3 of 6__

# DEBT COLLECTOR DISCLOSURE STATEMENT

## RE: Account # 7600796021  - Julie Metcalf Kinney© William Kinney Jr©

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

Notice: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove requested verification of the record. Confirmation of correctness, truth, or authenticity by affidavit oath, or deposition" (Black's Law Dictionary, Sixth Edition, 1990), regarding the alleged debt, must be completed in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, applicable portions of Truth in Lending (Regulation Z) 12 C.F.R. 226, and demands as cited above in Offer of Performance.  Debt Collector must make all required disclosures clearly and conspicuously in writing regarding the following:

1. Name of Debt Collector _____

2. Address of Debt Collector _____

3. Name of alleged Debtor _____

4. Address of alleged Debtor _____

5. Alleged Account Number _____

6. Alleged debt owed __ $ _____

7. Date alleged debt became payable _____

8. Regarding this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector? _____

9. Regarding this alleged account, if Debt Collector is different from alleged Originator Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor?   YES / NO

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?
     YES / NO  N/A(Not Applicable)

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchased amount:  Date:_____     Amount: $ _____

12. Did Debt Collector purchase this alleged account from a previous debt collector?
     YES / NO  N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:  Date:_____     Amount: $ _____

14. Regarding this alleged account, Debt Collector is currently the:  (a) Owner; (b) Assignee; (c) Other – Explain_____

15. What are the terms of the transfer of rights regarding this alleged account?_____
_____

16. If applicable, transfer of rights regarding this alleged account was executed by the following method:
     (a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:_____
_____

17. If the transfer of rights regarding this alleged account was by assignment, was there consideration?
     YES / NO     N/A

18. What is the nature and cause of the consideration cited in #17 above?_____
_____

EXHIBIT _I_
PAGE _4 of 6_

19. If the transfer of rights regarding this alleged account was by negotiation, was the alleged account taken for value?     YES / NO     N/A

20. What is the nature and cause of any value cited in #19 above?_____
_____

21. If the transfer of rights regarding this alleged account was by novation, was consent given by the alleged Debtor?     YES / NO     N/A

22. What is the nature and cause of any consent cited in #21 above?_____
_____

23. Has Debt Collector provided alleged Debtor with the requisite verification of the alleged debt as required by the Fair Debt Collection Practice Act?     YES / NO

24. Date said verification cited above in #23 was provided to alleged Debtor:_____

25. Was said verification cited above in #23 in the form of a sworn or affirmed oath, affidavit, or deposition?     YES / NO

26. Verification cited above in #23 was provided to alleged Debtor in the form of:
      OATH / AFFIDAVIT / DEPOSITION

27. Does Debt Collector have knowledge of any claim(s)/defense(s) regarding this alleged account?
      YES / NO

28. What is the nature and cause of any claim(s)/defense(s) regarding this alleged account?_____
_____

29. Was alleged Debtor sold any products/services by Debt Collector?     YES / NO

30. What is the nature and cause of any products/services cited above in #29?_____
_____

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor?     YES / NO

32. What is the nature and cause of any verifiable commercial instrument cited above in #31_____
_____

33. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?     YES / NO

34. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in #33?_____

35. Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?     YES / NO

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?_____

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account?
      YES / NO

38. Have any Insurance claims been made by any creditor or debt collector regarding this alleged account?
      YES / NO

39. Have any tax rite-offs been made by any creditor or debt collector regarding this alleged account?
      YES / NO

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account?
      YES / NO

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account?
      YES / NO

EXHIBIT ___*I*___

PAGE _5_ of _6_

42. At the time the alleged original contract was executed, were all parties appraised of the meaning of the terms and conditions of said alleged original contract?     YES / NO

43. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract?     YES / NO

44. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument?     YES / NO

Debt Collector's failure, both intentional and otherwise, not completing/answering points '1' through '44' above and returning this Debt Collector Disclosure Statement, as well as providing Respondent with the requisite verification validating the hereinabove-referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, Lawful, bona fide claim regarding the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all Claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related regarding any and all collection attempts involving the hereinabove-referenced alleged account.

**Declaration:**  The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

_____          _____

Date                                                              Printed name of Signatory


_____          _____

Official Title of Signatory                             Authorized Signature for Debt Collector

Debt Collector must timely complete and return this Debt Collector Disclosure Statement along with all required document(s) referenced in said Debt Collector Disclosure Statement.  Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite verification, made in accordance with law and codified in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq., and which states in relevant part: "A debt collector may not Use any false, deceptive, or misleading representation or means in connection with the collection of any debt", which includes the false representation of the character, or legal status of any ", and the "threat to take any action that cannot legally be taken", all of which are violations of law.  If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by Respondent.  Please allow three (3) days for processing after Respondents receipt of Debt Collectors Response.

EXHIBIT I
PAGE 6 of 6

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

IRVINE, CA 92618

| | | |
|---|---|---|
| Certified Mail Fee $3.35 | | 0011 |
| $ | $2.75 | 04 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 | JUN -7 2017 |
| ☐ Adult Signature Restricted Delivery | $ $0.00 | |
| Postage $0.70 | | |
| $ | | 06/07/2017 |
| Total Postage and Fees $6.80 | | |

Sent To TERRY SMITH Rushmore Loan Mgmt Serv.
Street and Apt. No., or PO Box No. 15480 Laguna Canyon Rd, Ste 100
City, State, ZIP+4® Irvine, California 92618

7015 1660 0000 7206 8544

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TERRY SMITH · RUSHMORE LOAN Mgmt Serv
15480 Laguna Canyon Rd Ste 100
Irvine, California 92618

9590 9402 2912 7094 9830 40

2. Article Number (Transfer from service label)
7015 1660 0000 7206 8544

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

June 19, 2017

JULIE METCALF KINNEY and WILLIAM KINNEY JR
4406 N MISSISSIPPI
PORTLAND OR 97217

  Mortgagor(s) – JULIE METCALF KINNEY AND WILLIAM KINNEY JR
  Property Address – 4406 N MISSISSIPPI, PORTLAND OR 97217
  Loan Number – 7600796021

Dear JULIE METCALF KINNEY and WILLIAM KINNEY JR:

Rushmore Loan Management Services LLC (Rushmore) is in receipt of your correspondence; dated June 7, 2017 received by our office June 12, 2017, regarding the mortgage loan account referenced above. We appreciate you bringing this matter to our attention, as we take all inquiries from our customers very seriously.

Your correspondence is currently under review. We realize the urgency of your inquiry and we appreciate your patience. We will have a response issued to you within 30 business days.

Furthermore, our records indicate Loan Acquisition Trust 2017-RPL1 is the current owner of the loan. The address of the owner of the loan is as follows:

  Loan Acquisition Trust 2017-RPL1
  U.S. Bank Trust National Association
  60 Livingston Avenue, Mailcode EP-MN-WS3D
  St Paul, MN  55107-2232

At Rushmore, customer concerns are important to us. Should you have any questions, please contact:

Customer Service Department
Monday through Thursday, 6:00 a.m. to 7:00 p.m. Pacific /Friday, 6:00 a.m. to 6:00 p.m. Pacific
Toll-free number: 1.888.504.6700

Sincerely,
Customer Correspondence Department

By FedEx

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.





P.O. Box 55004
Irvine, CA 92619-2708
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

June 22, 2017

+ 0769221 000020325 09R4L2 0926666
JULIE METCALF KINNEY
WILLIAM KINNEY JR
4406 N MISSISSIPPI AVE
PORTLAND OR 97217-3137



## Notice of Sale of Ownership of Mortgage Loan

Under federal law, borrowers are required to be notified in writing whenever ownership of a mortgage loan secured by their principal dwelling is sold, transferred or assigned (collectively, "sold") to a new creditor. This Notice is to inform you that your prior creditor has sold your loan (described below) to us, the new creditor identified below.

**\*\*NOTE: The new creditor identified below is not the servicer of your loan. The servicer (identified below) acts on behalf of the new creditor to handle the ongoing administration of your loan, including the collection of mortgage payments. Please continue to send your mortgage payments as directed by the servicer, and NOT to the new creditor. <u>Payments sent to the new creditor instead of the servicer may result in late charges on your loan and your account becoming past due. Neither the new creditor nor the servicer is responsible for late charges or other consequences of any misdirected payment.</u>**

**SHOULD YOU HAVE ANY QUESTIONS REGARDING YOUR LOAN, PLEASE CONTACT THE SERVICER USING THE CONTACT INFORMATION SET FORTH BELOW. The servicer is authorized to handle routine inquiries and requests regarding your loan and, if necessary, to inform the new creditor of your request and communicate to you any decision with respect to such request. \*\***

Please note that the sale of your loan to us may also result in a change of servicer. If this occurs, you will receive a separate notice, required under federal law, providing information regarding the new servicer.

---

**LOAN INFORMATION**

Date of Loan:     03/17/2004

Original Amount of Loan:     $126,524.00

Date Your Loan was Sold to the New Creditor:     05/31/2017

Prior Loan Number:     20142519

Current Loan Number:     7600796021

Address of Mortgaged Property:     4406N MISSISSIPPI
PORTLAND, OR 97217

---

## SERVICER INFORMATION

Name:                                    **Rushmore Loan Management Services LLC**
Mailing Address:                         **15480 Laguna Canyon Road, Suite 100**
                                         **Irvine, CA 92618**

Telephone Number (Toll free):            **(888) 504-6700**

Website:                                 **Rushmorelm.com**

Scope of responsibilities: The servicer is responsible for all ongoing administration of
your loan, including receipt and processing of payments, resolution of payment related
issues, and response to any other inquiries you may have regarding your loan.

## NEW CREDITOR INFORMATION

**Please be advised that all questions involving the administration of your loan**
**(including questions related to payments, deferrals, modifications or foreclosures)**
**should be directed to the servicer at the number above and/or the agent (if any) of**
**the new creditor identified below, and not to the new creditor. The new creditor**
**does not have access to information relating to the administration of your loan,**
**and will not be able to answer most loan-related questions.**

Name:                                    U.S. Bank Trust National Association, not in its
                                         individual capacity but solely as owner trustee
                                         for Loan Acquisition Trust 2017-RPL1

Mailing Address (not for payments):      60 Livingston Avenue, Mailcode
                                         EP-MN-WS3D
                                         St. Paul, MN  55107-2232

Telephone Number:                        651-466-5054

Scope of responsibilities: The above-named new creditor holds legal title to your loan
and is authorized to receive legal notices and to exercise (or cause an agent on its behalf
to exercise) certain rights of ownership with respect to your loan.

**AGENT INFORMATION** (If the new creditor has granted an agent other than the
servicer authority to act on its behalf, contact information for such agent will appear
below):

Name:

Mailing Address:

Telephone Number:

Scope of responsibilities: Acts as agent for new creditor.

**Partial Payments**

Your lender

_____ May accept payments that are less than the full amount due (partial payments) and apply them to your loan

__X__ May hold them in a separate account until you pay the rest of the payment, and then apply the full payment to your loan

_____ Does not accept any partial payments

If this loan is sold, your new lender may have a different policy.

The transfer of the lien associated with your loan is currently recorded, or in the future may be recorded, in the public records of the local County Recorder's office for the county where your property is located. Ownership of your loan may also be recorded on the registry of the Mortgage Electronic Registrations System at 1818 Library Street, Suite 300, Reston, VA 20190.

**Our rights and obligations as new creditor, and consequently our authority to respond favorably to your requests or inquiries may be limited by the terms of one or more contracts related to your loan.**

### ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.



PRSRT
FIRST-CLASS MAIL
U.S. POSTAGE PAID
NCP

ADDRESS SERVICE REQUESTED

Rec'd 7-5-2012

EXHIBIT ___L___

PAGE ___1 of 1___

Recording Requested By:
MTGLQ Investors, L.P.
Prepared By: CoreLogic SolEx
855-369-2410
When recorded mail to:
First American Mortgage Solutions
1795 International Way
Idaho Falls, ID 83402



3875517809909BAP02
Tax ID:        R223416
Property Address:
4406 N MISSISSIPPI
PORTLAND, OR 97217

Multnomah County Official Records
E Murray, Deputy Clerk                    **2017-138593**

$42.00

02029953201701385930010014
11/16/2017 11:31:57 AM

1R-MTG ASGT                    Pgs=1  Stn=26 HOWELLA
$5.00 $11.00 $20.00 $6.00

This space for Recorder's use

Loan Number:    17809909B

## ASSIGNMENT OF DEED OF TRUST

For Value Received, MTGLQ Investors, L.P. (herein "Assignor") whose address is 6011 Connection Drive, Irving, TX 75039 does hereby grant, sell, assign, transfer and convey unto U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Loan Acquisition Trust 2017-RPL1 whose address is c/o Rushmore Loan Management Services LLC, 15480 Laguna Canyon Road, Irvine, CA 92618 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Beneficiary:              BENEFICIAL OREGON, INC.

Original Borrower(s):     WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY AS TENANTS BY
                          THE ENTIRETY

Original Trustee:         REGIONAL TRUSTEE SERVICES

Date of Deed of Trust: 03/12/2004        Original Loan Amount: $126,524.92

Recorded in MULTNOMAH COUNTY, OR on: 03/17/2004, book N/A, page N/A and instrument number 2004-043211

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
___AUG 1 0 2017___.

MTGLQ Investors, L.P.

By: _____
Patrick Couture, Vice President

State of Texas, County of Dallas

On ___AUG 1 0 2017___, before me, ___Jillian Tosh___, a Notary Public, personally appeared Patrick Couture, Vice President of MTGLQ Investors, L.P. personally known to me to be the person(s) whose name(s) is/are subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature: _____

(Notary Name): ___Jillian Tosh___

My commission expires: ___MAR 3 0 2018___

JILLIAN TOSH
Notary Public
STATE OF TEXAS
ID#12583819-4
My Comm. Exp. Mar. 30, 2018

17809909                                    8
KINNEY                    729KBC
MPD



P.O. Box 55004
Irvine, CA 92619-2708
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

February 22, 2018

+ 0841661 000000056 09R4L2 0926666
JULIE METCALF KINNEY
WILLIAM KINNEY JR
4406 N MISSISSIPPI
PORTLAND, OR 97217

## Notice of Sale of Ownership of Mortgage Loan

Under federal law, borrowers are required to be notified in writing whenever ownership of a mortgage loan secured by their principal dwelling is sold, transferred or assigned (collectively, "sold") to a new creditor. This Notice is to inform you that your prior creditor has sold your loan (described below) to us, the new creditor identified below.

**NOTE: The new creditor identified below is not the servicer of your loan. The servicer (identified below) acts on behalf of the new creditor to handle the ongoing administration of your loan, including the collection of mortgage payments. Please continue to send your mortgage payments as directed by the servicer, and NOT to the new creditor. Payments sent to the new creditor instead of the servicer may result in late charges on your loan and your account becoming past due. Neither the new creditor nor the servicer is responsible for late charges or other consequences of any misdirected payment.**

**SHOULD YOU HAVE ANY QUESTIONS REGARDING YOUR LOAN, PLEASE CONTACT THE SERVICER USING THE CONTACT INFORMATION SET FORTH BELOW. The servicer is authorized to handle routine inquiries and requests regarding your loan and, if necessary, to inform the new creditor of your request and communicate to you any decision with respect to such request. **

Please note that the sale of your loan to us may also result in a change of servicer. If this occurs, you will receive a separate notice, required under federal law, providing information regarding the new servicer.



**LOAN INFORMATION**

Date of Loan:   03/17/2004

Original Amount of Loan:   $126,524.00

Date Your Loan was Sold to the New Creditor:   01/30/2018

Prior Loan Number:   0020142519
Current Loan Number:   7600796021

Address of Mortgaged Property:   4406N MISSISSIPPI
PORTLAND, OR  97217

**SERVICER INFORMATION**

Name: **Rushmore Loan Management Services LLC**
Mailing Address: **15480 Laguna Canyon Road, Suite 100**
**Irvine, CA 92618**

Telephone Number (Toll free): **(888) 504-6700**

Website: **Rushmorelm.com**

Scope of responsibilities: The servicer is responsible for all ongoing administration of your loan, including receipt and processing of payments, resolution of payment related issues, and response to any other inquiries you may have regarding your loan.

**NEW CREDITOR INFORMATION**

**Please be advised that all questions involving the administration of your loan (including questions related to payments, deferrals, modifications or foreclosures) should be directed to the servicer at the number above and/or the agent (if any) of the new creditor identified below, and not to the new creditor. The new creditor does not have access to information relating to the administration of your loan, and will not be able to answer most loan-related questions.**

Name: U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee of REO Trust 2017-RPL1

Mailing Address (not for payments): 60 Livingston Avenue
St. Paul, MN 55107

Telephone Number: 800-236-3488

Scope of responsibilities: The above-named new creditor holds legal title to your loan and is authorized to receive legal notices and to exercise (or cause an agent on its behalf to exercise) certain rights of ownership with respect to your loan.

**AGENT INFORMATION** (If the new creditor has granted an agent other than the servicer authority to act on its behalf, contact information for such agent will appear below):

Name:

Mailing Address:

Telephone Number:

Scope of responsibilities: Acts as agent for new creditor.

**Partial Payments**

Your lender

_____ May accept payments that are less than the full amount due (partial payments) and apply them to your loan

__X__ May hold them in a separate account until you pay the rest of the payment, and then apply the full payment to your loan

_____ Does not accept any partial payments

If this loan is sold, your new lender may have a different policy.

The transfer of the lien associated with your loan is currently recorded, or in the future may be recorded, in the public records of the local County Recorder's office for the county where your property is located. Ownership of your loan may also be recorded on the registry of the Mortgage Electronic Registrations System at 1818 Library Street, Suite 300, Reston, VA 20190.

**Our rights and obligations as new creditor, and consequently our authority to respond favorably to your requests or inquiries may be limited by the terms of one or more contracts related to your loan.**

## ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.



PRSRT
FIRST-CLASS MAIL
U.S. POSTAGE PAID
NCP

EXHIBIT __M__
PAGE __4 of 4__

**ADDRESS SERVICE REQUESTED**

3.6.2018

Multnomah County Official Records  2018-034155
E Murray, Deputy Clerk
03/30/2018 10:14:44 AM
1R-MTG ASGT  Pgs=2 Stn=106 MAYBERV
$10.00 $11.00 $6.00 $20.00                    $47.00

**OREGON**
COUNTY OF MULTNOMAH
LOAN NO.: 17809909[7600796021]

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

PREPARED BY: FIRST AMERICAN MORTGAGE SOLUTIONS
WHEN RECORDED MAIL TO:

FIRST AMERICAN MORTGAGE SOLUTIONS
1795 INTERNATIONAL WAY
IDAHO FALLS, ID 83402, PH. 208-528-9895

## ASSIGNMENT OF TRUST DEED BY BENEFICIARY OR HIS SUCCESSOR IN INTEREST

FOR VALUE RECEIVED, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR LOAN ACQUISITION TRUST 2017-RPL1, located at 60 LIVINGSTON AVENUE, EP-MN-WS3D, ST. PAUL, MN 55107, Assignor, who is the beneficiary, his successor in interest, or nominee thereof, under the below described Deed of Trust, does hereby grant, assign, transfer, and set over unto U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1, located at 60 LIVINGSTON AVE, EP-MN-WS3D, ST. PAUL, MN 55107, hereinafter called Assignee, his executors, administrators, successors and assigns, all of Assignor's rights, benefits, whatsoever accrued or to accrue, and its interest in and under that certain Deed of Trust dated MARCH 12, 2004, executed and delivered by WILLIAM KINNEY, JR., JULIE ANN KINNEY AS TENANTS BY THE ENTIRETY, Trustor(s), to REGIONAL TRUSTEE SERVICES CORP., Original Trustee, for the benefit of MTGLQ INVESTORS, L.P., Original Beneficiary, or designated nominee of the Original Beneficiary, and recorded on MARCH 17, 2004 as Instrument No. 2004-043211 in the Records of the  County Clerk's Office for MULTNOMAH County, State of OREGON, conveying the real property in said county, described as follows:

**AS DESCRIBED IN SAID DEED OF TRUST**

PROPERTY ADDRESS: 4406 N MISSISSIPPI, PORTLAND, OR 97217

Assignor, the undersigned, does hereby covenant to and with said Assignee that the undersigned is the Beneficiary, his successor in interest, or the nominee thereof, under said Deed of Trust and that he has good right to convey, transfer, and assign the same, as aforesaid.

In construing this instrument and whenever the contest hereof so requires, the masculine gender includes the feminine and the neuter and the singular number includes the plural.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this __MAR 0 1 2018__.

**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR LOAN ACQUISITION TRUST 2017-RPL1 BY RUSHMORE LOAN MANAGEMENT SERVICES LLC AS ATTORNEY-IN-FACT**

Name: Jeannette Kabayan
Title: Vice President

RM80801171M - AM - OR                    Page 1 of 2

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CA                 COUNTY OF ORANGE ) ss.

On **MAR 0 1 2018**_____, before me, _____**Theresa J Barrett**_____, a Notary Public, personally appeared _____Jeannette Kabayan_____ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity and that by his/her signature on the instrument the person(s), or the entity upon behalf of which the person acted, executed the instrument.

I certify under penalty of Perjury, under the laws of the State of California, that the forgoing paragraph is true and correct.

_Theresa_____ Barrett___
**Theresa J Barrett** (COMMISSION EXP. _10-7-21_ )
NOTARY PUBLIC

THERESA J. BARRETT
Notary Public – California
Orange County
Commission # 2217151
My Comm. Expires Oct 7, 2021

## CERTIFICATE OF SERVICE

I, William X Nietzche, certify under the penalty of perjury from without the "United States" and from within the "United States of America" a foreign sovereign pursuant 28 U.S.C. § 1746(1) and 28 U.S.C. §1605, that on April 27, 2018, I served the foregoing documents via electronic service and/or U.S postal service certified mail return receipt:

1. NOTICE FOR THE RECORD

**BY HAND:_____, MAIL: XXX, ELECTRONIC SERVICE: _____**

**To: OREGON FORCLOSURE AVOIDANCE PROGRAM**
      **c/o ANNETTE PHELPS**
**4011 NE HANCOCK STREET**
      PORTLAND, OREGON 97212

**BY HAND:_____, MAIL:XXX , ELECTRONIC SERVICE: _____**

**To: RUSHMORE LOAN MANAGEMENT SERVICES**
**c/o TERRY SMITH, PRESIDENT**
**15480 LAGUNA CANYON ROAD, SUITE 100**
**IRVINE, CA 92618**

William X Nietzche©                                    dated **April 27, 2018**
Supreme Chief Minister and Co-Founder

Salish Sqájət Kʼʷabacábš Tribal Republic® (SSKTR);

**ALL RIGHTS RESERVED, DROIT.  Signature made parallel to UCC 1-308, 2-211, 2-213**

UCC §2-211 Legal Recognition of electronic contracts, records, and signatures; (1) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form. UCC § 2-213 Electronic communication (1) If the receipt of an electronic communication has a legal effect, it has that effect even if no individual is aware of its receipt.

NOTICE FOR THE RECORD

DATE RECEIVED: 17 APRIL, 2018

RE: CERTIFICATE OF COMPLIANCE STATE OF OREGON FORECLOSURE AVOIDANCE PROGRAM

I, by affidavit am a declared living American sovereign standing with Treaty Law of God do accept your offer for value and for the following reasons I am returning your offer, rejected, for discharge and closure;

1) You have brought United States corporate law with color outside your jurisdiction and without an international treaty within My republic State as you have no jurisdiction on the land of Oregon;
2) You have falsely accused me of being a citizen of the UNITED STATES;
3) You are trespassing and criminally attempting to convert corporate statutes with color into lawful criminal codes without chartered regulatory and delegated jurisdictional authority;
4) You are not registered or chartered for conducting business in Oregon by My republic State and;
5) You failed to state a lawful claim upon which relief can be granted.

All of which is submitted under oath.

Date: 27 April, 2018

Julie Ann; House of Metcalf Kinney
ALL RIGHTS RESERVED, DROIT.
UCC 1-308; 3-402 (B) (1)
Sovereign living soul, holder of the office of "the people"



**CERTIFICATE OF COMPLIANCE**
**STATE OF OREGON**
**FORECLOSURE AVOIDANCE PROGRAM**

**AFTER RECORDING RETURN TO:**
Alfe Lim                                                                                      4/17/2018
For Aldridge Pite, LLP, For Rushmore Loan Management Services
4375 Jutland Drive
San Diego, CA 92117

| Grantor: | KINNEY, WILLIAM JR. and JULIE ANN METCALF |
|---|---|
| Beneficiary: | U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1 |
| Property Address: | 4406 N MISSISSIPPI<br>PORTLAND, OR 97217 |
| Instrument / Recording No.<br>Date / County | Instrument Number: 2004-043211<br>Recording Number: 2004-043211<br>Loan Number: 7600796021<br>3/17/2004<br>Multnomah |
| Case Number | BI-180302-6656 |

1.  The Service Provider hereby certifies that:

    ☐ The beneficiary and/or its agent complied with the requirements of Oregon Laws 2013, Chapter 304, sections 2, 3, and 4; or

    ☒ The grantor did not pay the required fee by the deadline.

2.  On this date, I mailed the original certificate to the beneficiary and provided a copy to the grantor and the Attorney General electronically or by mail.

DATED this 17 day of Apr, 2018.

_____
April Curtis
Compliance Officer, Oregon Foreclosure Avoidance Program

STATE OF OREGON    )
                                   ) ss.
County of Multnomah  )

The foregoing instrument was acknowledged before me on APRIL 17th, 2018, by APRIL CURTIS
                                                                                                                                    [Print Name]
as Compliance Officer of Mediation Case Manager.

_____
Notary Public - State of Oregon
My Commission Expires:   6/24/2019

OFFICIAL STAMP
NICOLE MILLER
NOTARY PUBLIC-OREGON
COMMISSION NO. 940200
MY COMMISSION EXPIRES JUNE 24, 2019

Form 670 (rev.8-27-2014)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OREGON FORECLOSURE AVOIDANCE PROGRAM

c/o ANNETTE PHELPS
4011 N.E Hancock St
Portland Oregon 97212

9590 9402 2912 7094 9829 68

2. Article Number (Transfer from service label)
RF 150 762 419 US

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
4/3/18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☒ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 　　Domestic Return Receipt

---

Registered No. RF 150 762 419 US

Date Stamp
PORTLAND OR MAIN 008
APR 27 2018
USPS

Postage $ $0.50

Extra Services & Fees
☐ Registered Mail $
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $16.
☐ Restricted Delivery $

Extra Services & Fees (continued)
☐ Signature Confirmation $
☐ Signature Confirmation Restricted Delivery $

Total Postage & Fees
$ $17.45

Customer Must Declare Full Value $0.00
$　　　0

Received by
04/27/2018

Domestic Insurance up to $50,000 is included based upon the declared value. International indemnity is limited. (See Reverse).

OFFICIAL USE
PORTLAND OR 97208

FROM
c/o Metcalf Kinsey
4406 North Mississippi Ave
Portland Oregon [97217]

TO
OREGON FORECLOSURE AVOIDANCE Program
ANNETTE PHELPS
4011 NE HANCOCK STREET
Portland, OR 97212

PS Form **3806, Registered Mail Receipt** 　　Copy 1 - Customer
April 2015, PSN 7530-02-000-9051 　　(See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

May 4, 2018

Julie Metcalf Kinney
4406 N. Mississippi
Portland, OR 97217

RE:     Mortgagor(s) – Julie Metcalf Kinney
        Property Address – 4406 N. Mississippi, Portland, OR 97217
        Loan Number – 7600796021

Dear Julie Metcalf Kinney:

Rushmore Loan Management Services LLC (Rushmore) is in receipt of your correspondence dated April 27, 2018, and received by our office April 30, 2018, regarding the mortgage loan account referenced above. We appreciate you bringing this matter to our attention, as we take all inquiries from our customers very seriously.

Your correspondence is currently under review. We realize the urgency of your inquiry and we appreciate your patience. We will have a response issued to you within 30 business days.

Furthermore, our records indicate REO Trust 2017-RPL1 is the current owner of the Note. The address of the owner of the loan is as follows:

        REO Trust 2017-RPL1
        U.S. Bank Trust National Association
        60 Livingston Avenue
        Mailcode EP-MN-WS3D
        St Paul, MN  55107-2232

At Rushmore, customer concerns are important to us. Should you have any questions, please contact:

Customer Service Department
Monday through Thursday, 6:00 a.m. to 7:00 p.m. Pacific /Friday, 6:00 a.m. to 6:00 p.m. Pacific
Toll-free number: 1.888.504.6700

Sincerely,
Customer Correspondence Department

By FedEx

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.





15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

June 6, 2018

Julie Ann Kinney
4406 N. Mississippi
Portland, OR 97217

RE:   Mortgagors – Julie Metcalf Kinney and William Kinney Jr.
      Property Address – 4406 N. Mississippi, Portland, OR 97217
      Loan Number – 7600796021

Dear Julie Ann:

Rushmore Loan Management Services LLC ("Rushmore") is responding to your correspondence dated April 27, 2018, and received by our office on April 30, 2018, regarding the mortgage loan account referenced above.

Please note that the Uniform Commercial Code does not apply to transactions involving residential mortgages; therefore, any attempted rescission of your loan, and/or tender of property, is ineffective and hereby rejected. The terms of the related loan documents remain in effect and any failure to adhere to the terms of the loan documents will result in Rushmore pursuing its remedies which include, but are not limited to, foreclosure of the property.

As of the date of this correspondence, the account is contractually due for the January 17, 2017, monthly installment. If you would like to discuss available loss mitigation options, please call the assigned representative listed below.

Single Point of Contact (SPOC)
Name: Gabriel Sanchez
Direct Number: 949.341.5691

Should you have any additional questions, please do not hesitate to contact us.

Loss Mitigation Department
Monday through Thursday, 6:00 a.m. to 7:00 p.m. Pacific
Friday, 6:00 a.m. to 6:00 p.m. Pacific
Toll-free number 1.888.504.7300

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmoreim.com

Sincerely,


Customer Correspondence Department
Rushmore Loan Management Services LLC

By Federal Express

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.

OPPORTUNITY

**Clear Recon Corp**
**111 SW Columbia Street #950**
**Portland, OR 97201**
**Phone: (858) 750-7600**

Date: **June 6, 2018**

T.S. Number: 067210-OR
Loan Number:  ******6021

## DEBT VALIDATION NOTICE

Please be advised this company represents **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1** the creditor to whom the debt on the above-referenced home loan (hereinafter referred to as "the Debt") is owed. **You are hereby notified that:**

1.  As of **6/6/2018** the amount owed on the debt is **$115,610.33.**  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Before forwarding payment, please contact us at the above address or phone number to obtain the current amount due. Please note that if you are not a borrower on the Debt, this notice is not intended and does not constitute an attempt to collect a debt against you personally. For further information, please write or call our office.

2.  Unless you, within thirty (30) days after receipt of the notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us and by the creditor.

3.  If within thirty (30) days after receipt of the notice: (i) You notify this office (hereinafter "we" or "us") in writing that you dispute this debt, or any portion of it, then we will obtain and mail to you verification of this debt or a copy of any judgment against you; (ii) You request in writing that we obtain the name and address of the original creditor, if different from the current creditor, then we will obtain and mail it to you; (iii) You notify us in writing that you dispute this debt, or any portion of the debt, then we will cease collection of the debt, until we obtain verification of the debt, or a copy of any judgment, and mail it to you; (iv) You request in writing the name and address of the original creditor, if different from the current creditor, then we will cease collection of the debt, until we obtain the name and address of the original creditor and mail it to you.

    The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**NOTICE: THIS MAY BE CONSIDERED AS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO**



**COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY**

**IF YOU HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, WE DO NOT SEEK A MONEY JUDGMENT AGAINST YOU, BUT WE SEEK ONLY RECOVERY FROM THE COLLATERAL WHICH IS SECURITY FOR THE DEBT.**

Sincerely,

CLEAR RECON CORP

Tammy Laird Mg

BBB open 6-20-2010
Started 9.30.2004
Bus Mgr Steven W Pate, Partner
" John D Duncan "
incorp'n CA - 11-13-2012
★ No BBB accredited
Address
4375
Surtland Dr
# 200
San Diego
CA 92117



Pete Duncan #1 alias Clear Recon Corp ★ Failed to respond to 2 complaints from against business

★ Pete Duncan

U.S. POSTAGE>>PITNEY BOWES
ZIP 92117 $ 000.47⁰
02 1W
0001397463 JUN 06 2016

## TRUSTEE'S NOTICE OF SALE

TS No.: 067210-OR
Loan No.: ******6021

Reference is made to that certain trust deed (the "Deed of Trust") executed by WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY, as Grantor, to REGIONAL TRUSTEE SERVICES, as Trustee, in favor of BENEFICIAL OREGON INC., as Beneficiary, dated 3/12/2004, recorded 3/17/2004, as Instrument No. 2004-043211, in the Official Records of Multnomah County, Oregon, which covers the following described real property situated in Multnomah County, Oregon:

> **LOT 6, BLOCK 1, MULTNOMAH, IN THE CITY OF PORTLAND COUNTY OF MULTNOMAH AND STATE OF OREGON.**

> **APN: R223416 // 1N1E22CA -03100**

Commonly known as:
**4406 N MISSISSIPPI AVE**
**PORTLAND, OR 97217**

The current beneficiary is:
**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1**

Both the beneficiary and the trustee have elected to sell the above-described real property to satisfy the obligations secured by the Deed of Trust and notice has been recorded pursuant to ORS 86.752(3). The default for which the foreclosure is made is the grantor's failure to pay when due, the following sums:

| *Delinquent Payments:*<br>Dates: | No. | Amount | Total: |
|---|---|---|---|
| 01/17/17 thru 05/17/18 | 17 | $732.35 | $12,449.95 |
| *Late Charges:* | | | $512.68 |
| *Beneficiary Advances:* | | | $6,187.35 |
| | | *Total Required to Reinstate:* | **$19,149.98** |
| | | *TOTAL REQUIRED TO PAYOFF:* | **$112,338.63** |

By reason of the default, the beneficiary has declared all obligations secured by the Deed of Trust immediately due and payable, including: the principal sum of $97,735.64 together with interest thereon at the rate of 5.49 % per annum, from 12/17/2016 until paid, plus all accrued late charges, and all trustee's fees, foreclosure costs, and any sums advanced by the beneficiary pursuant to the terms and conditions of the Deed of Trust

Whereof, notice hereby is given that the undersigned trustee, CLEAR RECON CORP, whose address is 111 SW Columbia Street #950, Portland, OR 97201, will on **10/23/2018**, at the hour of **11:00 AM**, standard time, as established by ORS 187.110, **AT THE VESTIBULE, IMMEDIATELY INSIDE THE FOURTH AVENUE ENTRANCE TO THE MULTNOMAH COUNTY COURTHOUSE, 1021 SW FOURTH AVE, PORTLAND, OR 97204**, sell at public auction to the highest bidder in the form of cash equivalent (certified funds or cashier's check) the interest in the above-described real property which the grantor had or had power to convey at the time it executed the Deed of Trust, together with any interest which the grantor or his successors in interest acquired after the execution of the Deed of Trust, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee. Notice is further given that any person named in ORS 86.778 has the right to have the foreclosure proceeding dismissed and the Deed of Trust reinstated by payment to the beneficiary of the entire amount then due (other than the portion of principal that would not then be due had no default occurred), together with the costs, trustee's and attorneys' fees, and curing any other default complained of in the Notice of Default by tendering the performance required under the Deed of Trust at any time not later than five days before the date last set for sale.

TS No.: 067210-OR
Loan No.: ******6021

Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.

In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes plural, the word "grantor" includes any successor in interest to the grantor as well as any other persons owing an obligation, the performance of which is secured by the Deed of Trust, the words "trustee" and 'beneficiary" include their respective successors in interest, if any.

CLEAR RECON CORP
111 SW Columbia Street #950
Portland, OR 97201

**Dated: 6/11/2018**

Phone: 858-750-7600
866-931-0036

_____
Edward Jamir, Authorized Signatory of Trustee



BARRISTER
SUPPORT SERVICE

ANY DOCUMENT
ANYWHERE

Wayne S. Savage
Courier/Process Service/Traveling Notary

503-246-8934 Office
503-481-2456 Direct
info@BarristerSupport.com
www.BarristerSupport.com
11349 SW 60th Ave. Portland Oregon 97219

CR      05082018

EXHIBIT 5
PAGE 3 of 4

TS No.: 067210-OR
Loan No.: ******6021

## NOTICE TO RESIDENTIAL TENANTS

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for **10/23/2018** at **AT THE VESTIBULE, IMMEDIATELY INSIDE THE FOURTH AVENUE ENTRANCE TO THE MULTNOMAH COUNTY COURTHOUSE, 1021 SW FOURTH AVE, PORTLAND, OR 97204 at 11:00 AM.** The date of this sale may be postponed. Unless the lender that is foreclosing on this property is paid before the sale date, the foreclosure will go through and someone new will own this property. After the sale, the new owner is required to provide you with contact information and notice that the sale took place.

The following information applies to you only if you are a bona fide tenant occupying and renting this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a bona fide residential tenant.

If the foreclosure sale goes through, the new owner will have the right to require you to move out. Before the new owner can require you to move, the new owner must provide you with written notice that specifies the date by which you must move out. If you do not leave before the move-out date, the new owner can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

### PROTECTION FROM EVICTION

IF YOU ARE A BONA FIDE TENANT OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING, YOU HAVE THE RIGHT TO CONTINUE LIVING IN THIS PROPERTY AFTER THE FORECLOSURE SALE FOR:

•60 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A FIXED TERM LEASE; OR

•AT LEAST 30 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A MONTH-TO-MONTH OR WEEK-TO-WEEK RENTAL AGREEMENT.

If the new owner wants to move in and use this property as a primary residence, the new owner can give you written notice and require you to move out after 30 days, even though you have a fixed term lease with more than 30 days left.

You must be provided with at least 30 days' written notice after the foreclosure sale before you can be required to move.

A bona fide tenant is a residential tenant who is not the borrower (property owner) or a child, spouse or parent of the borrower, and whose rental agreement:

•Is the result of an arm's-length transaction;

•Requires the payment of rent that is not substantially less than fair market rent for the property, unless the rent is reduced or subsidized due to a federal, state or local subsidy; and

•Was entered into prior to the date of the foreclosure sale.

### ABOUT YOUR TENANCY
### BETWEEN NOW AND THE
### FORECLOSURE SALE: RENT

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD OR UNTIL A COURT TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE.

CRC NOS OR 05082018

TS No.: 067210-OR
Loan No.: ******6021

## SECURITY DEPOSIT

You may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord as provided in ORS 90.367. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from your rent payment. You may do this only for the rent you owe your current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENANCY
## AFTER THE FORECLOSURE SALE

The new owner that buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out after 30 or 60 days. After the sale, you should receive a written notice informing you that the sale took place and giving you the new owner's name and contact information. You should contact the new owner if you would like to stay. If the new owner accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the new owner becomes your new landlord and must maintain the property. Otherwise:

•You do not owe rent;

•The new owner is not your landlord and is not responsible for maintaining the property on your behalf; and

•You must move out by the date the new owner specifies in a notice to you.

The new owner may offer to pay your moving expenses and any other costs or amounts you and the new owner agree on in exchange for your agreement to leave the premises in less than 30 or 60 days. You should speak with a lawyer to fully understand your rights before making any decisions regarding your tenancy.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR DWELLING UNIT WITHOUT FIRST GIVING YOU WRITTEN NOTICE AND GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU SHOULD CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar and ask for the lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance is included with this notice.

Trustee: CLEAR RECON CORP
111 SW Columbia Street #950
Portland, OR 97201

Oregon State Bar Lawyer Referral Service: (503)684-3763 or (800)452-7636
http://www.osbar.org; http://www.osbar.org/public/ris/ris.html#referral

Oregon Law Help: http://oregonlawhelp.org/OR/index.cfm

Free Legal Assistance: http://www.oregonlawcenter.org/
Portland (503)473-8329
Coos Bay (800)303-3638
Ontario (888)250-9877
Salem (503)485-0696
Grants Pass (541)476-1058
Woodburn (800)973-9003
Hillsboro (877)726-4381

CRC NOS OR 05082018

EXHIBIT I
PAGE 1 of 7

## Affidavit of Posting/Service

Case Number: TS#: 067210-OR

vs.

GRANTOR:
**WILLIAM KINNEY, JR., JULIE ANN METCALF**
**KINNEY, AS TENANTS BY THE ENTIRETY**

Service Documents:
TRUSTEE'S NOTICE OF SALE

For:
STOX POSTING & PUBLISHING, LLC
2030 EAST 4TH ST
STE 230B
SANTA ANA, CA 92705



Received by BARRISTER SUPPORT SERVICE, INC. on the 13th day of June, 2018 at 10:14 am to be served on
**WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AND ALL OTHER OCCUPANTS, 4406 N MISSISSIPPI**
**AVE, PORTLAND, OR 97217.**

I, Terry Sheldon, Process Server, being duly sworn, depose and say that on the **15th day of June, 2018** at **11:59**
**am, I:**

made service of the attached **TRUSTEE'S NOTICE OF SALE** upon the individuals and/or entities named below by
delivering a copy of the aforementioned documents upon an OCCUPANT at the following address:**4406 N**
**MISSISSIPPI AVE, PORTLAND, OR 97217** ("Property Address") as follows:

I attempted personal service at the Property Address on **6/15/2018** at **11:59 am** and on this attempt I received no
answer from any occupant(s) at this address. I then POSTED such true copy conspicuously to the main entrance
pursuant to ORS 86.774 (1)(a)(b)(A)

On **6/18/2018 AT 2:19 PM**, I returned to the Property Address and, again, received no answer from any occupant
(s) at this address. At that time, I POSTED another true copy conspicuously to the main entrance of the premises
pursuant to ORS 86.774 (1)(a)(B)

On **6/23/2018 AT 1:34 PM** I returned to the Property Address for the third time and Again received no answer from
any occupant(s). At that time I POSTED another true copy conspicuously to the main entrance of the premises.

On **6/26/2018** I mailed a copy of the above documents by First Class Mail, postage pre-paid, addressed to
"OCCUPANTS" at **4406 N MISSISSIPPI AVE, PORTLAND, OR 97217** , pursuant to ORS 86.774 (1)(a)(C).



EXHIBIT 1

PAGE 2 of 7

## Affidavit of Posting/Service For TS#: 067210-OR

I declare under penalty of perjury that I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding and am authorized to serve the process described herein. I certify that the person, firm, or corporation served is the identical one named in this action. I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that it is made for use as evidence in court and is subject to penalty for perjury.

_____

**Terry Sheldon, Process Server**
Date_____

**BARRISTER SUPPORT SERVICE, INC.**
**11349 SW 60th Ave.**
**Portland, OR 97219-6754**
**(503) 246-8934**

Subscribed and Sworn to before me on the 26th day of June, 2018 in the county of MULTNOMAH by the affiant who is personally known to me.

_____

NOTARY PUBLIC
of OREGON

Our Job Serial Number: TSB-2018002907
Ref: 910045

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2f

## TRUSTEE'S NOTICE OF SALE

TS No.: 067210-OR
Loan No.: ******6021

Reference is made to that certain trust deed (the "Deed of Trust") executed by WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY, as Grantor, to REGIONAL TRUSTEE SERVICES, as Trustee, in favor of BENEFICIAL OREGON INC., as Beneficiary, dated 3/12/2004, recorded 3/17/2004, as Instrument No. 2004-043211, in the Official Records of Multnomah County, Oregon, which covers the following described real property situated in Multnomah County, Oregon:

> **LOT 6, BLOCK 1, MULTNOMAH, IN THE CITY OF PORTLAND COUNTY OF MULTNOMAH AND STATE OF OREGON.**

> **APN: R223416 // 1N1E22CA -03100**

Commonly known as:
**4406 N MISSISSIPPI AVE**
**PORTLAND, OR 97217**

The current beneficiary is:
**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1**

Both the beneficiary and the trustee have elected to sell the above-described real property to satisfy the obligations secured by the Deed of Trust and notice has been recorded pursuant to ORS 86.752(3). The default for which the foreclosure is made is the grantor's failure to pay when due, the following sums:

*Delinquent Payments:*

| Dates: | No. | Amount | Total: |
|---|---|---|---|
| 01/17/17 thru 05/17/18 | 17 | $732.35 | $12,449.95 |

| | | | |
|---|---|---|---|
| *Late Charges:* | | | $512.68 |
| *Beneficiary Advances:* | | | $6,187.35 |
| | | *Total Required to Reinstate:* | $19,149.98 |
| | | *TOTAL REQUIRED TO PAYOFF:* | $112,338.63 |

By reason of the default, the beneficiary has declared all obligations secured by the Deed of Trust immediately due and payable, including: the principal sum of $97,735.64 together with interest thereon at the rate of 5.49 % per annum, from 12/17/2016 until paid, plus all accrued late charges, and all trustee's fees, foreclosure costs, and any sums advanced by the beneficiary pursuant to the terms and conditions of the Deed of Trust

Whereof, notice hereby is given that the undersigned trustee, CLEAR RECON CORP, whose address is 111 SW Columbia Street #950, Portland, OR 97201, will on **10/23/2018**, at the hour of **11:00 AM**, standard time, as established by ORS 187.110, **AT THE VESTIBULE, IMMEDIATELY INSIDE THE FOURTH AVENUE ENTRANCE TO THE MULTNOMAH COUNTY COURTHOUSE, 1021 SW FOURTH AVE, PORTLAND, OR 97204**, sell at public auction to the highest bidder in the form of cash equivalent (certified funds or cashier's check) the interest in the above-described real property which the grantor had or had power to convey at the time it executed the Deed of Trust, together with any interest which the grantor or his successors in interest acquired after the execution of the Deed of Trust, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee. Notice is further given that any person named in ORS 86.778 has the right to have the foreclosure proceeding dismissed and the Deed of Trust reinstated by payment to the beneficiary of the entire amount then due (other than the portion of principal that would not then be due had no default occurred), together with the costs, trustee's and attorneys' fees, and curing any other default complained of in the Notice of Default by tendering the performance required under the Deed of Trust at any time not later than five days before the date last set for sale.

EXHIBIT 1
PAGE 4 of 7

TS No.: 067210-OR
Loan No.: *****6021

Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.

In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes plural, the word "grantor" includes any successor in interest to the grantor as well as any other persons owing an obligation, the performance of which is secured by the Deed of Trust, the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Dated: 6/11/2018

CLEAR RECON CORP
111 SW Columbia Street #950
Portland, OR 97201
Phone: 858-750-7600
866-931-0036

Edward Jamir, Authorized Signatory of Trustee

CRC NOS OR 05082018

## NOTICE TO RESIDENTIAL TENANTS

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for **10/23/2018** at **AT THE VESTIBULE, IMMEDIATELY INSIDE THE FOURTH AVENUE ENTRANCE TO THE MULTNOMAH COUNTY COURTHOUSE, 1021 SW FOURTH AVE, PORTLAND, OR 97204 at 11:00 AM.** The date of this sale may be postponed. Unless the lender that is foreclosing on this property is paid before the sale date, the foreclosure will go through and someone new will own this property. After the sale, the new owner is required to provide you with contact information and notice that the sale took place.

The following information applies to you only if you are a bona fide tenant occupying and renting this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a bona fide residential tenant.

If the foreclosure sale goes through, the new owner will have the right to require you to move out. Before the new owner can require you to move, the new owner must provide you with written notice that specifies the date by which you must move out. If you do not leave before the move-out date, the new owner can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

### PROTECTION FROM EVICTION

IF YOU ARE A BONA FIDE TENANT OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING, YOU HAVE THE RIGHT TO CONTINUE LIVING IN THIS PROPERTY AFTER THE FORECLOSURE SALE FOR:

•60 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A FIXED TERM LEASE; OR

•AT LEAST 30 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A MONTH-TO-MONTH OR WEEK-TO-WEEK RENTAL AGREEMENT.

If the new owner wants to move in and use this property as a primary residence, the new owner can give you written notice and require you to move out after 30 days, even though you have a fixed term lease with more than 30 days left.

You must be provided with at least 30 days' written notice after the foreclosure sale before you can be required to move.

A bona fide tenant is a residential tenant who is not the borrower (property owner) or a child, spouse or parent of the borrower, and whose rental agreement:

•Is the result of an arm's-length transaction;

•Requires the payment of rent that is not substantially less than fair market rent for the property, unless the rent is reduced or subsidized due to a federal, state or local subsidy; and

•Was entered into prior to the date of the foreclosure sale.

### ABOUT YOUR TENANCY
### BETWEEN NOW AND THE
### FORECLOSURE SALE: RENT

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD OR UNTIL A COURT TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE.

CRC NOS OR 05082018

## SECURITY DEPOSIT

You may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord as provided in ORS 90.367. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from your rent payment. You may do this only for the rent you owe your current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENANCY
## AFTER THE FORECLOSURE SALE

The new owner that buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out after 30 or 60 days. After the sale, you should receive a written notice informing you that the sale took place and giving you the new owner's name and contact information. You should contact the new owner if you would like to stay. If the new owner accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the new owner becomes your new landlord and must maintain the property. Otherwise:

•You do not owe rent;

•The new owner is not your landlord and is not responsible for maintaining the property on your behalf; and

•You must move out by the date the new owner specifies in a notice to you.

The new owner may offer to pay your moving expenses and any other costs or amounts you and the new owner agree on in exchange for your agreement to leave the premises in less than 30 or 60 days. You should speak with a lawyer to fully understand your rights before making any decisions regarding your tenancy.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR DWELLING UNIT WITHOUT FIRST GIVING YOU WRITTEN NOTICE AND GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU SHOULD CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar and ask for the lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance is included with this notice.

Trustee: CLEAR RECON CORP
111 SW Columbia Street #950
Portland, OR 97201

Oregon State Bar Lawyer Referral Service: (503)684-3763 or (800)452-7636
http://www.osbar.org; http://www.osbar.org/public/ris/ris.html#referral

Oregon Law Help: http://oregonlawhelp.org/OR/index.cfm

Free Legal Assistance: http://www.oregonlawcenter.org/
Portland (503)473-8329
Coos Bay (800)303-3638
Ontario (888)250-9877
Salem (503)485-0696
Grants Pass (541)476-1058
Woodburn (800)973-9003
Hillsboro (877)726-4381

CRC NOS OR 05082018



**Barrister Support Service**
11349 SW 60th Ave.
Portland, OR 97219
Customer Service, It's Our Specialty!



REUSE
REDUCE
RECYCLE

neopost
06/27/2018
US POSTAGE

FIRST-CLASS MAIL
$00 47²



ZIP 97219
041L11237749

William Kinney Jr, Julie Ann Metcalf
Kinney, And All Other Occupants
4406 N. Mississippi Ave
Portland, OR 97217

9721783137 C018



Not Mailed from Portland /92117 Post Office on 6/25/18 Reg Mail
Took a Few Days from CA

P.O. Box 17933
San Diego, CA 92177
FIRST CLASS

067210-OR
ORNODNTSHO

EXHIBIT U
PAGE 1 of 12

Mailed On: 6/25/2018
Doc ID: 1925216

JULIE ANN METCALF KINNEY
4406 N MISSISSIPPI
PORTLAND, OR 97217

# TRUSTEE'S NOTICE OF SALE

TS No.: 067210-OR
Loan No.: ******6021

Reference is made to that certain trust deed (the "Deed of Trust") executed by WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY, as Grantor, to REGIONAL TRUSTEE SERVICES, as Trustee, in favor of BENEFICIAL OREGON INC., as Beneficiary, dated 3/12/2004, recorded 3/17/2004, as Instrument No. 2004-043211, in the Official Records of Multnomah County, Oregon, which covers the following described real property situated in Multnomah County, Oregon:

      **LOT 6, BLOCK 1, MULTNOMAH, IN THE CITY OF PORTLAND COUNTY OF MULTNOMAH AND STATE OF OREGON.**

      **APN: R223416 // 1N1E22CA -03100**

Commonly known as:
**4406 N MISSISSIPPI AVE**
**PORTLAND, OR 97217**

The current beneficiary is:
**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1**

Both the beneficiary and the trustee have elected to sell the above-described real property to satisfy the obligations secured by the Deed of Trust and notice has been recorded pursuant to ORS 86.752(3). The default for which the foreclosure is made is the grantor's failure to pay when due, the following sums:

| Delinquent Payments: Dates: | No. | Amount | Total: |
|---|---|---|---|
| 01/17/17 thru 05/17/18 | 17 | $732.35 | $12,449.95 |
| Late Charges: | | | $512.68 |
| Beneficiary Advances: | | | $6,187.35 |
| | | Total Required to Reinstate: | $19,149.98 |
| | | TOTAL REQUIRED TO PAYOFF: | $112,338.63 |

By reason of the default, the beneficiary has declared all obligations secured by the Deed of Trust immediately due and payable, including: the principal sum of $97,735.64 together with interest thereon at the rate of 5.49 % per annum, from 12/17/2016 until paid, plus all accrued late charges, and all trustee's fees, foreclosure costs, and any sums advanced by the beneficiary pursuant to the terms and conditions of the Deed of Trust

Wherof, notice hereby is given that the undersigned trustee, CLEAR RECON CORP, whose address is 111 SW Columbia Street #950, Portland, OR 97201, will on **10/23/2018**, at the hour of **11:00 AM**, standard time, as established by ORS 187.110, **AT THE VESTIBULE, IMMEDIATELY INSIDE THE FOURTH AVENUE ENTRANCE TO THE MULTNOMAH COUNTY COURTHOUSE, 1021 SW FOURTH AVE, PORTLAND, OR 97204**, sell at public auction to the highest bidder in the form of cash equivalent (certified funds or cashier's check) the interest in the above-described real property which the grantor had or had power to convey at the time it executed the Deed of Trust, together with any interest which the grantor or his successors in interest acquired after the execution of the Deed of Trust, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee. Notice is further given that any person named in ORS 86.778 has the right to have the foreclosure proceeding dismissed and the Deed of Trust reinstated by payment to the beneficiary of the entire amount then due (other than the portion of principal that would not then be due had no default occurred), together with the costs, trustee's and attorneys' fees, and curing any other default complained of in the Notice of Default by tendering the performance required under the Deed of Trust at any time not later than five days before the date last set for sale.



Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.

In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes plural, the word "grantor" includes any successor in interest to the grantor as well as any other persons owing an obligation, the performance of which is secured by the Deed of Trust, the words "trustee" and 'beneficiary" include their respective successors in interest, if any.

**CLEAR RECON CORP**
**111 SW Columbia Street #950**
**Portland, OR 97201**
**Phone: 858-750-7600**
**866-931-0036**

**Dated: 6/11/2018**

Edward Jamir, Authorized Signatory of Trustee

2

CRC NOS OR 05082018

# NOTICE TO RESIDENTIAL TENANTS

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for **10/23/2018** at **AT THE VESTIBULE, IMMEDIATELY INSIDE THE FOURTH AVENUE ENTRANCE TO THE MULTNOMAH COUNTY COURTHOUSE, 1021 SW FOURTH AVE, PORTLAND, OR 97204 at 11:00 AM**. The date of this sale may be postponed. Unless the lender that is foreclosing on this property is paid before the sale date, the foreclosure will go through and someone new will own this property. After the sale, the new owner is required to provide you with contact information and notice that the sale took place.

The following information applies to you only if you are a bona fide tenant occupying and renting this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a bona fide residential tenant.

If the foreclosure sale goes through, the new owner will have the right to require you to move out. Before the new owner can require you to move, the new owner must provide you with written notice that specifies the date by which you must move out. If you do not leave before the move-out date, the new owner can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

## PROTECTION FROM EVICTION

IF YOU ARE A BONA FIDE TENANT OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING, YOU HAVE THE RIGHT TO CONTINUE LIVING IN THIS PROPERTY AFTER THE FORECLOSURE SALE FOR:

•60 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A FIXED TERM LEASE; OR

•AT LEAST 30 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A MONTH-TO-MONTH OR WEEK-TO-WEEK RENTAL AGREEMENT.

If the new owner wants to move in and use this property as a primary residence, the new owner can give you written notice and require you to move out after 30 days, even though you have a fixed term lease with more than 30 days left.

You must be provided with at least 30 days' written notice after the foreclosure sale before you can be required to move.

A bona fide tenant is a residential tenant who is not the borrower (property owner) or a child, spouse or parent of the borrower, and whose rental agreement:

•Is the result of an arm's-length transaction;

•Requires the payment of rent that is not substantially less than fair market rent for the property, unless the rent is reduced or subsidized due to a federal, state or local subsidy; and

•Was entered into prior to the date of the foreclosure sale.

## ABOUT YOUR TENANCY
## BETWEEN NOW AND THE
## FORECLOSURE SALE: RENT

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD OR UNTIL A COURT TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE.



CRC NOS OR 05082018

## SECURITY DEPOSIT

You may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord as provided in ORS 90.367. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from your rent payment. You may do this only for the rent you owe your current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENANCY
## AFTER THE FORECLOSURE SALE

The new owner that buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out after 30 or 60 days. After the sale, you should receive a written notice informing you that the sale took place and giving you the new owner's name and contact information. You should contact the new owner if you would like to stay. If the new owner accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the new owner becomes your new landlord and must maintain the property. Otherwise:

•You do not owe rent;

•The new owner is not your landlord and is not responsible for maintaining the property on your behalf; and

•You must move out by the date the new owner specifies in a notice to you.

The new owner may offer to pay your moving expenses and any other costs or amounts you and the new owner agree on in exchange for your agreement to leave the premises in less than 30 or 60 days. You should speak with a lawyer to fully understand your rights before making any decisions regarding your tenancy.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR DWELLING UNIT WITHOUT FIRST GIVING YOU WRITTEN NOTICE AND GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU SHOULD CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar and ask for the lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance is included with this notice.

Trustee: CLEAR RECON CORP
111 SW Columbia Street #950
Portland, OR 97201

Oregon State Bar Lawyer Referral Service: (503)684-3763 or (800)452-7636
http://www.osbar.org; http://www.osbar.org/public/ris/ris.html#referral

Oregon Law Help: http://oregonlawhelp.org/OR/index.cfm

Free Legal Assistance: http://www.oregonlawcenter.org/
Portland (503)473-8329
Coos Bay (800)303-3638
Ontario (888)250-9877
Salem (503)485-0696
Grants Pass (541)476-1058
Woodburn (800)973-9003
Hillsboro (877)726-4381

## NOTICE:

## YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO NOT TAKE ACTION IMMEDIATELY

**This notice is about your mortgage loan on your property at:**

**4406 N MISSISSIPPI AVE
PORTLAND, OR 97217**

Your lender has decided to sell this property because the money due on your mortgage loan has not been paid on time or because you have failed to fulfill some other obligation to your lender. This is sometimes called "foreclosure." The amount you would have had to pay as of <u>6/11/2018</u> to bring your mortgage loan current was <u>**$19,149.98**</u>. The amount you must now pay to bring your loan current may have increased since that date.

By law, your lender has to provide you with details about the amount you owe, if you ask. You may call **(858) 750-7600** to find out the exact amount you must pay to bring your mortgage loan current and to get other details about the amount you owe.

You may also get these details by sending a request by certified mail to:

**CLEAR RECON CORP
111 SW Columbia Street #950
Portland, OR 97201
858-750-7600**

## THIS IS WHEN AND WHERE YOUR PROPERTY WILL BE SOLD IF YOU DO NOT TAKE ACTION:

Date and time: <u>10/23/2018</u> at <u>11:00 AM</u>

Place: <u>AT THE VESTIBULE, IMMEDIATELY INSIDE THE FOURTH AVENUE ENTRANCE TO THE MULTNOMAH COUNTY COURTHOUSE, 1021 SW FOURTH AVE, PORTLAND, OR 97204</u>

CRC DN-OR 02022018



THIS IS WHAT YOU CAN DO TO STOP THE SALE:

1. You can pay the amount past due or correct any other default, up to five days before the sale.
2. You can refinance or otherwise pay off the loan in full anytime before the sale.
3. You can call **Rushmore Loan Management Services, LLC** at **888-504-7300** to find out if your lender is willing to give you more time or change the terms of your loan.
4. You can sell your home, provided the sale price is enough to pay what you owe.

There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and phone number of an organization near you, call the statewide toll-free phone contact number at 855-480-1950. You may also wish to talk to a lawyer. If you need help finding a lawyer, call the Oregon State Bar's Lawyer Referral Service at 503-684- 3763 or toll-free in Oregon at 800-452-7636 or visit its website at: www.osbar.org. Legal assistance may be available if you have a low income and meet federal poverty guidelines. For more information and a directory of legal aid programs, go to http://www.oregonlawhelp.org.

**WARNING:** You may get offers from people saying they can help you keep your property. Be careful about those offers. Make sure you understand any papers you are asked to sign. If you have any questions, talk to a lawyer or one of the organizations mentioned above before signing.

Dated: 6/11/2018

Trustee name: Clear Recon Corp.

Trustee signature: _____    EDWARD JAMIR
                                                 FORECLOSURE MANAGER

Trustee telephone number: 858-750-7600

Trustee Sale No.: 067210-OR

When recorded mail document to:

Clear Recon Corp
111 SW Columbia Street #950
Portland, OR 97201
Phone: 866-931-0036

| Multnomah County Official Records<br>E Murray, Deputy Clerk | **2018-062020** |
|---|---|
| | 06/12/2018 12:06:02 PM |
| 1R-DEF NOTC2 Pgs=3 Stn=56 KINGAD<br>$15.00 $11.00 $6.00 $60.00 | **$92.00** |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL

TS No.: 067210-OR
Loan No.: ******6021
Legal Authority: ORS 86.752, 86.771

Reference is made to that certain trust deed (the "Deed of Trust") executed by WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY, as Grantor, to REGIONAL TRUSTEE SERVICES, as Trustee, in favor of BENEFICIAL OREGON INC., as Beneficiary, dated 3/12/2004, recorded 3/17/2004, as Instrument No. 2004-043211, in the Official Records of Multnomah County, Oregon, which covers the following described real property situated in Multnomah County, Oregon:

LOT 6, BLOCK 1, MULTNOMAH, IN THE CITY OF PORTLAND COUNTY OF MULTNOMAH AND STATE OF OREGON.

APN: R223416 // 1N1E22CA -03100

Commonly known as:
4406 N MISSISSIPPI AVE
PORTLAND, OR 97217

The current beneficiary is:
**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1**

The undersigned hereby certifies that no assignments of the Deed of Trust by the trustee or by the beneficiary and no appointments of a successor trustee have been made, except as recorded in the records of the county or counties in which the above described real property is situated. Further, no action has been instituted to recover the debt, or any part thereof, now remaining secured by the Deed of Trust, or, if such action has been instituted, the action has been dismissed, except as permitted by ORS 86.752(7), 86.010.

There is a default by grantor or other person owing an obligation, or by their successor-in-interest, the performance of which is secured by the Deed of Trust with respect to provisions therein which authorize sale in the event of default of such provision. The default for which foreclosure is made is grantor's failure to pay when due, the following sums:



CRC NOD 06302016

*Delinquent Payments*:

| Dates: | No. | Amount | Total: |
|---|---|---|---|
| 01/17/17 thru 05/17/18 | 17 | $732.35 | $12,449.95 |

*Late Charges*: $512.68

*Beneficiary Advances*: $6,187.35

**TOTAL REQUIRED TO REINSTATE:** $19,149.98

By reason of the default, the beneficiary has declared all obligations secured by the Deed of Trust immediately due and payable, those sums being the following: **$112,338.63**

Notice hereby is given that the beneficiary and trustee, by reason of default, have elected and do hereby elect to foreclose the Deed of Trust by advertisement and sale pursuant to ORS 86.705 to 86.815, and to cause to be sold at public auction to the highest bidder, for cash, the interest in the described property which grantor had, or had the power to convey, at the time grantor executed the Deed of Trust, together with any interest grantor or grantor's successor in interest acquired after the execution of the Deed of Trust, to satisfy the obligations secured by the Deed of Trust and the expenses of the sale, including the compensations of the trustee as provided by law, and the reasonable fees of trustee's attorneys.

The Sale will be held at the hour of **11:00 AM.**, standard time, as established by ORS 187.110, on **10/23/2018**, at the following place:

**AT THE VESTIBULE, IMMEDIATELY INSIDE THE FOURTH AVENUE ENTRANCE TO THE MULTNOMAH COUNTY COURTHOUSE, 1021 SW FOURTH AVE, PORTLAND, OR 97204**

Notice is further given that any person named in ORS 86.778 has the right, at any time prior to five days before the date last set for the sale, to have the foreclosure proceeding dismissed and the Deed of Trust reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred), and by curing any other default complained of herein that is capable of being cured by tendering the performance required under the obligation or Deed of Trust, and in addition to paying the sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Deed of Trust, together with trustee's and attorneys' fees not exceeding the amounts provided by ORS 86.778.

Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.

CRC NOD 04242014

TS No.: 067210-OR
Loan No.: ******6021

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to this grantor as well as any other person owing an obligation, the performance of which is secured by the Deed of Trust, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Dated: 6/11/2018

CLEAR RECON CORP
111 SW Columbia Street #950
Portland, OR 97201
Phone: 858-750-7600 or 866-931-0036



Edward Jamir, Authorized Signatory of Trustee

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California        )
                          ) ss.
County of San Diego        )

On JUN 11 2018 before me, _Susana Jimenez_, Notary Public, personally appeared _Edward Jamir_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Susana Jimenez_ (Seal)

SUSANA JIMENEZ
Notary Public – California
San Diego County
Commission # 2197449
My Comm. Expires May 15, 2021



3

CRC NOD 04242014

EXHIBIT 4
PAGE 11 of 12



U.S. POSTAGE PITNEY BOWES

ZIP 92117
02 1W
0001397483 JUN 25 2018

$ 000.68⁰





P.O. Box 17933
San Diego, CA 92177
ELECTRONIC RR

067210-OR
ORNODNTSHO



9214 8901 4425 8228 7912 53

U.S. POSTAGE ≫ PITNEY BOWE
ZIP 92117  $ 005.63
02 1W
0001397483 JUN 25 201

EXHIBIT _U_
PAGE _12 of 12_

WILLIAM KENNEY, JR.
4406 N MISSISSIPPI
PORTLAND, OR 97217

P.O. Box 17933
San Diego, CA 92177
ELECTRONIC RR

067210-OR
ORNODNTSHO



9214 8901 4425 8228 7911 54

U.S. POSTAGE ≫ PITNEY BOWE
ZIP 92117  $ 005.63⁰
02 1W
0001397483 JUN 25 2018

Mailed On: 6/25

JULIE ANN METCALF KINNEY
4406 N MISSISSIPPI
PORTLAND, OR 97217

9721783137 C018

EXHIBIT __V__

PAGE _1 of 6_

## CERTIFICATE OF SERVICE

I, William X Nietzche, certify under the penalty of perjury from without the "United States" and from within the "United States of America" a foreign sovereign pursuant 28 U.S.C. § 1746(1) and 28 U.S.C. §1605, that on July 10, 2018, I served the foregoing documents via electronic service and/or U.S postal service certified mail return receipt:

1. WRIT IN THE NATURE OF DISCOVERY AND DISCLOSURE
2. VOIDED 'TRUSTEE'S NOTICE OF SALE' FOR EX TURPI CAUSA NON ORITUR ACTIO

**BY HAND:** _____, **MAIL:** XXX, **ELECTRONIC SERVICE:** _____

**To:** RUSHMORE LOAN MANAGEMENT SERVICES
Terry Smith, PRESIDENT
15480 Laguna Canyon Road, Ste 100
Irvine, California 92618


**BY HAND:** _____, **MAIL:** _XXX_, **ELECTRONIC SERVICE:** _____

**To:** CLEAR RECON CORPORATION
Edward Jamir, ROGUE FIDUCIARY
111 SW Columbia Street #950
Portland, Oregon 97201

_[signature]_                                      **dated July 10, 2018**

Supreme Chief Minister and Co-Founder

Salish Sqájət Kʷabacábš Tribal Republic® (SSKTR);

**ALL RIGHTS RESERVED, DROIT. Signature made parallel to UCC 1-308, 2-211, 2-213**


UCC §2-211 Legal Recognition of electronic contracts, records, and signatures; (1) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form. UCC § 2-213 Electronic communication (1) If the receipt of an electronic communication has a legal effect, it has that effect even if no individual is aware of its receipt.





*S . S . K . T . R*

### *Salish Americans*
**Aboriginal and Indigenous Natural Peoples of Northwest Amexem**
**Northwest Africa / North America / 'The North Gate'**

## Writ in the Nature of Discovery and Disclosure

**From:** William X Nietzche / Ex. Rel. WILLIAM KINNEY III©
**Heir Apparent and Trustee of KRME Int.** Trust                Account Number: 7600796021
c/o 4406 North Mississippi Avenue                Date of Discovery and Disclosure: 07-10-18
Portland Oregon / Territory
Via State Republic
Via United States Republic, North America
Non-Domestic
Zip Exempt [97217]

**To:** RUSHMORE LOAN MANAGEMENT SERVICES
Terry Smith, PRESIDENT
15480 Laguna Canyon Road, Ste 100
Irvine, California 92618
United States Republic, North America                Mailing Date: 07-10-18

   **Please mail or deliver to the Borrower**, William Kinney Jr. and Julie Kinney, the following evidence: Produce the Originals or **Certified** and **Verified Official Copies** of the **Original Loan - Related Documents** (papers, electronic and E-Mails, etc.,) as stipulated by law. All of these Loan-related instruments adversely affect the associated 'TS' Number 067210-OR. RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are 'Requested' to schedule a timely **Meeting** and opportunity for me, my **Consul**, and /or my **CPA** to make a thorough **Physical Inspection** of the **following Loan – related Documents**, so as to enable the Borrower and his or her Consul, or CPA to physically Examine; to Validate; to Confirm; and to Witness the same for the Record.

   **This is a Lawful Demand and Request**, and is hereby issued under the '**Rules of Discovery**' and forwarded to RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns, according to Law and the '**Disclosure Rules**'. This Request is forwarded to RUSHMORE LOAN MANAGEMENT SERVICES, its Agency Personnel, and its Assigns; giving them Notice, and to inform them to set and arrange for a timely Meeting. The borrower will have witnesses present. The Meeting shall be set and concluded to effectuate the above - stated **Physical Examinations** and **Witnessing** of the requested **Documents**; with the same being orderly arranged, satisfied and concluded within Ten (10) Days of the Receipt of this '**Notice of Discovery and Disclosure**'.

   RUSHMORE LOAN MANAGEMENT SERVICES and its Representatives or its Assigns are requested, '**For The Record**' to produce the following **Records, Information** and **Documents** related to the **Loan**, noted with the Account Number 7600796021; and the related TS Number 067210-OR, which is in controversy. The Discovery is to include of all the interdependent, inter-related, and associated Instruments attached thereto, and covering all the associated files from the initiation of the Loan up and unto the present:

EXHIBIT __V__
PAGE __3 of 6__



1.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce the **'Original Promissory Note'** as lawful proof and evidence (exposing the front and the back) and marked with the Account Number, 661709, with clear signatures and evidence associated with the **Original Loan,** indicating the exchange of **Substance** or **Specie** alleged to have been issued from BENENFICIAL OREGON INC., and given to the Borrower William Kinney Jr. and Julie Kinney.

2.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce any **'Allonge'**; any **'Bill of Exchange'**; and any other **'Promissory Note'** (exposing the front and the back) complete with any **'Affixations'** or **'Allocations'** attached to the original **'Borrower's Promissory Note'** and used for **'Endorsements'**.

3.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce all **Bookkeeping Journal Entries** associated with the **Loan** bearing the Account Number 7600796021, and given to the Borrower William Kinney Jr. and Julie Kinney. Include the complete names, the addresses, the locations, and the business contacts of all the acting Trustee(s) and / or the Surety Holders.

4.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce and to reveal the **'Deed of Trust'** associated with the **Original Loan** issued from your Bank / Agency / Company / or Representative(s); and reveal all other notes related in any way to the Borrower William Kinney Jr. and Julie Kinney.

5.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce evidence of the **'Insurance Policy'** that was put in place on or against the Borrower's **'Promissory Note'** and associated with the **Loan** bearing the Account Number 7600796021.

6.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce all **'Call Reports'** and any other related **'Notes'** or instruments made or constructed for the entire period covering the **Loan.**

7.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce evidence of the original **'Deposit Slip'** issued for the **Deposit** of the Borrower's **'Promissory Note'** associated with the **Loan.**

8.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce the **'Original Order'** authorizing the withdrawal of **Funds** from the Borrower's **'Promissory Note'** Deposit Account.

9.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce the **'Account Number'** and source from which the money came to **'Fund'** the original **'Check'** given to the **'Borrower'**.

10.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce **'Validation'** evidence, and proof that the Borrower's **'Promissory Note'** was a **'Gift'** to the **'Lender'** from the Borrower; and that the same was disclosed to the Borrower William Kinney Jr. and Julie Kinney.

11.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce the full and complete **'Name'** and the **'Address'** of the current **'Holder'** of the Borrower's **'Promissory Note'** associated with the **Loan.**

12.   RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns are hereby 'Requested' to produce the full and complete **'Names'** and the **'Addresses'** of the **'Lender's**

EXHIBIT ___V___

PAGE _4 of 6_



CPA and **'Auditor'** or any other holder or record - keeper for the entire period covering the **Execution** of the **Mortgage** or **Loan**.

**This Writ** shall stand as firm and **'Lawful Evidence'** of the **Borrower's** exercising his or her 'due process' right to **Discovery** and **Disclosure;** and establishes **'For The Record'** an honorable and **'Good Faith'** attempt on his or her part to clear up any flawed entries; any **insensate misrepresentations;** or any other mis-prints, mistakes, or **confusion** concerning his or her intent to make clear, unvarnished, and corrective **resolutions** in this **Loan or Mortgage Foreclosure** matter, before accepting any vague assumptions, and before taking any further actions.

**I,** William X Nietzche, rightful Heir Apparent and Trustee of KRME International Trust, am prepared to meet with you, or your authorized Bank, Company Representative(s), or Assigns forthwith. **I** will have attentive **Consul / Council** and **Witnesses** present, **for the Record.** RUSHMORE LOAN MANAGEMENT SERVICES and its Representative(s) or its Assigns have claimed to be a **'Secured Party-of-Interest'** in the **'Loan Account' Number,** 7600796021 and the associated TS Number 067210-OR. Therefore the requisite, obligatory, documented and preserved records of the same are required by law to have been placed in 'Evidence' by the Bank or its Assigns in order to lawfully initiate any court **'Action'**. Proof and documented evidence of that same evidence is also hereby formally requested.

A failure or any avoidance of complete answers by your Bank, Company, or Loan Officer(s) of RUSHMORE LOAN MANAGEMENT SERVICES or its Assigns to **'Respond'** to this lawful Writ,; and a failure to responsibly answer all 12 of the clearly – specified, Loan – related requests herein listed, will be considered an affirmation that your Bank or Company Representative(s) have **'No Interest'** and **'No Claims'** in the **Loan** matter at hand. RUSHMORE LOAN MANAGEMENT SERVICES or Company Representatives are required to answer this **Writ / Request** completely; and are to complete and return the same within the **allotted ten (10) days of Receipt** of this lawful **'Writ in the Nature of Discovery and Disclosure'**. Any acts of diversion, redirection, or an incomplete or non-answered Response will be considered as an affirmation of disingenuous intent. And the said failure of Response to any or all of the specific twelve (12) above - noted issues shall constitute willful **'Non-Disclosure'** and **Default.** Such a failure of full Response will be deemed a **'Dishonor'** and a non-answer of this **Notice** and **Demand** for **Discovery** and **Disclosure**; voiding all and any claims made by RUSHMORE LOAN MANAGEMENT SERVICES or by its Representatives, Agents or Assigns.

**This said Legal Notice to Principal is a Legal Notice to Agent; and this Legal Notice to Agent is a Legal Notice to Principal.**

Sincerely Yours,

I Am: _William X Nietzche_

    Name: Natural Person, In Propria Persona, Authorized Representative.
All Rights Reserved. Ex-Relatione WILLIAM KINNEY III©

Witness: _julie - ann : metcalf Kinney_
    Name: Natural Person, In Propria Persona, Authorized Representative.
All Rights Reserved. Ex- Relatione JULIE METCALF KINNEY©

EXHIBIT ___V___
PAGE __5 of 6__

## TRUSTEE'S NOTICE OF SALE

TS No.: 067210-OR
Loan No.: ******6021

Reference is made to that certain trust deed (the "Deed of Trust") executed by WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY, as Grantor, to REGIONAL TRUSTEE SERVICES, as Trustee, in favor of BENEFICIAL OREGON INC., as Beneficiary, dated 3/12/2004, recorded 3/17/2004, as Instrument No. 2004-043211, in the Official Records of Multnomah County, Oregon, which covers the following described real property situated in Multnomah County, Oregon:

   LOT 6, BLOCK 1, MULTNOMAH, IN THE CITY OF PORTLAND COUNTY OF
   MULTNOMAH AND STATE OF OREGON.

   APN: R223416 // 1N1E22CA -03100

Commonly known as:
4406 N MISSISSIPPI AVE
PORTLAND, OR 97217

The current beneficiary is:
U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1

Both the beneficiary and the trustee have elected to sell the above-described real property to satisfy the obligations secured by the Deed of Trust and notice has been recorded pursuant to ORS 86.752(3). The default for which the foreclosure is made is the grantor's failure to pay when due, the following sums:

*Delinquent Payments:*

| Dates: | No. | Amount | Total: |
|---|---|---|---|
| 01/17/17 thru 05/17/18 | 17 | $732.35 | $12,449.95 |
| *Late Charges:* | | | $512.68 |
| *Beneficiary Advances:* | | | $6,187.35 |
| | | *Total Required to Reinstate:* | $19,149.98 |
| | | *TOTAL REQUIRED TO PAYOFF:* | $112,338.63 |

By reason of the default, the beneficiary has declared all obligations secured by the Deed of Trust immediately due and payable, including: the principal sum of $97,735.64 together with interest thereon at the rate of 5.49 % per annum, from 12/17/2016 until paid, plus all accrued late charges, and all trustee's fees, foreclosure costs, and any sums advanced by the beneficiary pursuant to the terms and conditions of the Deed of Trust

Whereof, notice hereby is given that the undersigned trustee, CLEAR RECON CORP, whose address is 111 SW Columbia Street #950, Portland, OR 97201, will on 10/23/2018, at the hour of 11:00 AM, standard time, as established by ORS 187.110, AT THE VESTIBULE, IMMEDIATELY INSIDE THE FOURTH AVENUE ENTRANCE TO THE MULTNOMAH COUNTY COURTHOUSE, 1021 SW FOURTH AVE, PORTLAND, OR 97204, sell at public auction to the highest bidder in the form of cash equivalent (certified funds or cashier's check) the interest in the above-described real property which the grantor had or had power to convey at the time it executed the Deed of Trust, together with any interest which the grantor or his successors in interest acquired after the execution of the Deed of Trust, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee. Notice is further given that any person named in ORS 86.778 has the right to have the foreclosure proceeding dismissed and the Deed of Trust reinstated by payment to the beneficiary of the entire amount then due (other than the portion of principal that would not then be due had no default occurred), together with the costs, trustee's and attorneys' fees, and curing any other default complained of in the Notice of Default by tendering the performance required under the Deed of Trust at any time not later than five days before the date last set for sale.



**Card 1:**

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Edward Jamir
Clear ReCon Corp
111 SW Columbia Street #950
Portland Oregon 97201

9590 9402 2912 7094 9829 99

2. Article Number (Transfer from service label)
7015 1660 0000 7206 8568

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If

EXHIBIT V
PAGE 6 of 6

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

*Certified Mail Fee $3.45*
*Extra Services & Fees (check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $2.75
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $
*Postage $1.21*
*Total Postage and Fees $7.41*

PORTLAND, OR 97201

07/10/2018

Edward Jamir Clear Recon Corp
111 SW Columbia Street #950
Portland OR 97201

**Card 2:**

7015 1660 0000 7206 8582

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RUSHMORE LOAN MANAGEMENT SERVICES
c/o TERRY SMITH, PRESIDENT
15480 Laguna Canyon Rd, Ste 100
IRVIN CA 92618

9590 9402 2912 7094 9830 26

2. Article Number (Transfer from service label)
7015 1660 0000 7206 8582

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
G. BELEI   2/13/18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

*Certified Mail Fee $3.45*
*Extra Services & Fees (check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $2.75
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $
*Postage $1.21*
*Total Postage and Fees $7.41*

IRVINE, CA 92618

07/10/2018

Sent To Terry Smith, Rushmore Loan Management Services
15480 Laguna Canyon Rd, Ste 100
Irvine California 92618



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

07/23/2018

WILLIAM X. NIETZCHE/EX. REL. WILLIAM KINNEY III
S.S.K.T.R
C/O 4406 N. MISSISSIPPI AVENUE
PORTLAND, OR 97217

RE:     Property Address – 4406 N MISSISSIPPI, PORTLAND, OR 97217

Dear  William X. Nietzche/Ex. Rel. William Kinney III,

Rushmore Loan Management Services LLC (Rushmore) is in receipt of your inquiry dated  07/10/2018
and received by our office on  07/13/2018.

Rushmore has reviewed its records and determined that there is no written authorization on file from the
borrower(s) authorizing Rushmore to discuss this loan with you. Therefore, we are unable to respond to
your inquiry. If you have written evidence of authorization to access the account, please resubmit your
inquiry along with a copy of such authorization.

Should you have any questions, please contact us at the following phone number:

Customer Service Department
Monday through Thursday, 6:00 a.m. to 7:00 p.m. PST
Friday, 6:00 a.m. to 6:00 p.m. PST
Toll-free number: 1.888.504.6700

Sincerely,

Customer Correspondence Department
Rushmore Loan Management Services LLC

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt.  Any information obtained will be used for that
purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt
against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.



EXHIBIT _____X_____

PAGE _/ of 3_



5480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

July 24, 2017

Julie Metcalf Kinney
William Kinney Jr.
4406 N Mississippi
Portland, OR 97217

RE:     Mortgagor(s) – Julie Metcalf Kinney and William Kinney Jr.
        Property Address – 4406 N Mississippi, Portland, OR 97217
        Loan Number – 7600796021

Dear Julie Metcalf Kinney and William Kinney Jr.:

Rushmore Loan Management Services LLC ("Rushmore") is responding to your correspondence, dated June 7, 2017, and received by our office June 12, 2017, regarding the mortgage loan account referenced above.

In response to your request for information, please find the following documentation attached to this letter:

- Note and Mortgage/Deed of Trust

    o   These documents **validate the debt** for the above-referenced loan, provide the name and address of the original creditor and explain our right to do the following:

        ▪   Collect any remaining debt owed under the Note and Security Instrument
        ▪   Assess fees and costs to the loan as necessary, including late fees if a payment is received after the specified grace period and legal fees if a loan is in default
        ▪   Inspect the property and charge applicable fees
        ▪   Purchase lender placed insurance
        ▪   Pay taxes on the mortgagor's behalf

- Assignment of Mortgage/Deed of Trust
    o   These documents establish the chain between the originating lender and the current owner of the Note and Mortgage

- Payment History

    o   The payment history reflects a complete payment history for the period Rushmore has serviced the loan. Late fees are assessed any time the contractual payment is received after the grace period, as indicated in the Note. If a payment was applied to the suspense account,

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation..



EXHIBIT ___X___
PAGE _2 of 3_



15480 Laguna Canyon Road
Suite 100
Irvine. CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

it will be indicated in the code description column. Payments can be applied to the suspense account if the funds received do not represent the full monthly mortgage payment due or if Rushmore is not informed of where the payment is to be applied. Furthermore, this payment history reflects:

- When payments were received

- How the payments were applied to the loan

- Any disbursements made from the loan, including, but not limited to, disbursements for taxes, insurance, property inspections, brokers price opinions (BPOs), and legal fees.

- A description for each transaction, with running balances of the unpaid principal and escrow accounts

- The date fees and charges were assessed, if any

- Any amounts paid towards fees

- Any waivers/reversals of fees

● Most Recent Billing Statement

  o The billing statement will reflect the current amount due on the loan; also, it will provide a breakdown of any fees assessed, including any lender paid expenses or corporate advance fees.

● Notice of Servicing Transfer, also known as Welcome Letter

  o The Servicing Transfer Notice will detail the date and terms of the service transfer from the prior servicer to Rushmore. This document evidences Rushmore's right to service the loan.

Furthermore, our records indicate Loan Acquisition Trust 2017-RPL1 is the current owner of the Note. As requested, we have provided the address below:

Loan Acquisition Trust 2017-RPL1
U.S. Bank Trust National Association
60 Livingston Avenue, Mailcode EP-MN-WS3D
St. Paul, MN 55107-2232

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation..





15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5630 toll free
949.341.0777 local
949.341.2230 fax
www.rushmorelm.com

Other information you have requested does not relate to the servicing of the loan or identify any specific servicing errors, is considered proprietary or confidential, is not in our possession, and/or is not required to be provided. However, the information above, and the enclosed documents, should address all of your questions and requests.

As of the date of this correspondence, the account is 7 payments delinquent and contractually due for the January 17, 2017, monthly installment. If you would like to discuss available payment assistance options, please call:

<u>Single Point of Contact (SPOC):</u>
Name: Matt Stahl
Direct Number: 949-341-5727

Should you have any additional questions, please contact us at the phone number below:

<u>Loss Mitigation Department</u>
Monday through Thursday, 6:00 a.m. to 7:00 p.m. Pacific
Friday, 6:00 a.m. to 6:00 p.m. Pacific
Toll-free number 1.888.504.7300

Sincerely,

Customer Correspondence Department
Rushmore Loan Management Services LLC

Enclosures (6)
By FedEx

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation..



## CERTIFICATE OF SERVICE

I, William X Nietzche, certify under the penalty of perjury from without the "United States" and from within the "United States of America" a foreign sovereign pursuant 28 U.S.C. § 1746(1) and 28 U.S.C. §1605, that on July 27, 2018, I served the foregoing documents via electronic service and/or U.S postal service certified mail return receipt:

1. WRIT IN THE NATURE OF DISCOVERY AND DISCLOSURE
2. VOIDED 'TRUSTEE'S NOTICE OF SALE' FOR EX TURPI CAUSA NON ORITUR ACTIO
3. DELEGATION OF AUTHORITY LETTER

**BY HAND:_____, MAIL:** XXX**, ELECTRONIC SERVICE:_____**

**To:** RUSHMORE LOAN MANAGEMENT SERVICES
Terry Smith, PRESIDENT
15480 Laguna Canyon Road, Ste 100
Irvine, California 92618

**BY HAND: _____, MAIL:__XXX__, ELECTRONIC SERVICE: _____**

**To:** CLEAR RECON CORPORATION
Edward Jamir, ROGUE FIDUCIARY
    111 SW Columbia Street #950
    Portland, Oregon 97201

**BY HAND: _____, MAIL:__XXX__, ELECTRONIC SERVICE: _____**

**To:** CLEAR RECON CORPORATION
Steven W Pite, PRESIDENT
    4375 Jutland Drive
    San Diego, California 92117

_[signature]_                                      dated **July 27, 2018**
Supreme Chief Minister and Co-Founder

Salish Sqȧjᴧt K'ʷabacȧbš Tribal Republic® (SSKTR);

**ALL RIGHTS RESERVED, DROIT. Signature made parallel to UCC 1-308, 2-211, 2-213**

UCC §2-211 Legal Recognition of electronic contracts, records, and signatures; (1) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form. UCC § 2-213 Electronic communication (1) If the receipt of an electronic communication has a legal effect, it has that effect even if no individual is aware of its receipt.





S.S.K.T.R

DELEGATION OF AUTHORITY LETTTER

July 26, 2018

To Whom it May Concern:

By means of this letter, I/we, William: Kinney Jr. and Julie-Ann: Metcalf-Kinney, delegate the authority herein described to William X Nietzche, the Trustee of KRME International Trust, on the following terms and conditions:

1. The Trustee may handle all matters pertaining to private trust property CORPORATELY described as: 4406 N. MISSISSIPPI AVENUE, PORTLAND OR, [97217] Non-Domestic, Non-residential.
2. The contracts subject to this delegation are those relating to the Loan noted with the Account Number 7600796021; and the related TS Number 067210-OR.
3. The effective date of this delegation is July 26th, 2018 and shall run until revoked by the delegating official or his/her successor.
4. The authority delegated is not subject to sub-delegation without prior and express written consent.
5. This delegation is made pursuant to the KRME International Trust and the laws of SSKTR and is subject thereto.

_William Kinney Jr._ [delegating official]          Date: July 26, 2018
Name: Natural Person, In Propria Persona, Authorized Representative.
All Rights Reserved. Ex- Relatione: WILLIAM KINNEY JR©

_julie·ann: metcalf kinney_ [delegating official]          Date: July 26 2018
Name: Natural Person, In Propria Persona, Authorized Representative.
All Rights Reserved. Ex- Relatione: JULIE METCALF KINNEY©

Page 1 of 2



Acknowledged and agreed:

_____ [delegate]          Date: July 26th, 2018
Name: Natural Person, In Propria Persona, Authorized Representative.
All Rights Reserved. Ex- Relatione: WILLIAM KINNEY III©

cc: File [delegating official]
SSKTR Chief Custodial Minister [copy to be transmitted within three calendar days of
execution]

7011 2000 0000 6164 8110

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PORTLAND OR 97201

Postage | $3.45
Certified Fee | $2.75
Return Receipt Fee (Endorsement Required) | $0.00
Restricted Delivery Fee (Endorsement Required) | $0.00

Total Postage & Fees | $7.62 | $0.00

Sent To: EDWARD JAMIR Clear Recon Corp
Street, Apt. No.; or PO Box No. 111 SW Columbia St. #950
City, State, ZIP+4 Portland OR 97201

PS Form 3800, August 2006    See Reverse for Instructions

07/27/2018

---

7011 2000 0000 2002 6509

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

SAN DIEGO CA 92117

Postage | $5
Certified Fee | $2.75
Return Receipt Fee (Endorsement Required) | $0.00
Restricted Delivery Fee (Endorsement Required) | $0.00

Total Postage & Fees | $7.62 | $0.00

Sent To: Steven W Pite, President Clear ReCon Corp
Street, Apt. No.; or PO Box No. 4375 Jutland Drive
City, State, ZIP+4 San Diego CA 92117

PS Form 3800, August 2006

07/27/2018

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Edward Jamir
CLEAR RECON CORP
111 SW Columbia St.
Portland OR 97201

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery 02-01-18

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
9590 9402 2912 7094 9829 20

7011 2000 0000 6164 8110

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Steven W Pite, President
Clear ReCon Corp.
4375 Jutland Drive
San Diego CA 92117

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
9590 9402 2912 7094 9830 02

7011 2000 0000 6164 8059

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TERRY SMITH, PRESIDENT
RUSHMORE LOAN MANAGEMENT
                    SERVICES
15480 Laguna Canyon Rd, Ste 100
Irvine CA 92618

9590 9402 2912 7094 9829 37

2. Article Number (Transfer from service label)

7011 2000 0000 6164 8066

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

IRVINE 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

IRVINE, CA 92618

7011 2000 0000 6164 8066

| | |
|---|---|
| Postage | $3.45 |
| Certified Fee | $2.75 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| | $1.42 |
| Total Postage & Fees | $7.62 |

0003
Postmark Here
07/27/2018

Sent To
Terry Smith, Pres. Rushmore Loan Mgmt Services
Street, Apt. No.; or PO Box No. 15480 Laguna Canyon Rd, Ste 100
City, State, ZIP+4 Irvine California 92618

PS Form 3800, August 2006    See Reverse for Instructions



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

08/06/2018

WILLIAM X NIETZCHE

S.S.K.T.R
SALISH AMERICANS
C/O 4406 N. MISSISSIPPI AVENUE
PORTLAND, OREGON 97217

RE:     Property Address – 4406 N MISSISSIPPI, PORTLAND, OR 97217

Dear  William X Nietzche,

Rushmore Loan Management Services LLC (Rushmore) is in receipt of your inquiry dated  07/10/2018
and received by our office on  07/30/2018.

Rushmore has reviewed its records and determined that there is no written authorization on file from the
borrower(s) authorizing Rushmore to discuss this loan with you. Therefore, we are unable to respond to
your inquiry. If you have written evidence of authorization to access the account, please resubmit your
inquiry along with a copy of such authorization.

Should you have any questions, please contact us at the following phone number:

Customer Service Department
Monday through Thursday, 6:00 a.m. to 7:00 p.m. PST
Friday, 6:00 a.m. to 6:00 p.m. PST
Toll-free number: 1.888.504.6700

Sincerely,

Customer Correspondence Department
Rushmore Loan Management Services LLC

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that
purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt
against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.



## CERTIFICATE OF SERVICE

I, William X Nietzche, certify under the penalty of perjury from without the "United States" and from within the "United States of America" a foreign sovereign pursuant 28 U.S.C. § 1746(1) and 28 U.S.C. §1605, that on August 17, 2018, I served the foregoing documents via electronic service and/or U.S postal service certified mail return receipt:

1. SECOND AFFIDAVIT OF FACT, WRIT IN THE NATURE OF DISCOVERY AND DISCLOSURE
2. VOIDED 'TRUSTEE'S NOTICE OF SALE' FOR EX TURPI CAUSA NON ORITUR ACTIO
3. DELEGATION OF AUTHORITY LETTER

**BY HAND:**_____, **MAIL:** XXX, **ELECTRONIC SERVICE:**_____

**To:** CLEAR RECON CORPORATION
Steven W Pite, PRESIDENT
    4375 Jutland Drive
    San Diego, California 92117


**BY HAND:** _____, **MAIL:** XXX , **ELECTRONIC SERVICE:** _____

**To:** CLEAR RECON CORPORATION
Edward Jamir, ROGUE FIDUCIARY
    111 SW Columbia Street #950
    Portland, Oregon 97201


**BY HAND:** _____, **MAIL:** XXX , **ELECTRONIC SERVICE:** _____

**To:** RUSHMORE LOAN MANAGEMENT SERVICES
Terry Smith, PRESIDENT
15480 Laguna Canyon Road, Ste 100
Irvine, California 92618

_(signature)_                dated **August 17, 2018**
Supreme Chief Minister and Co-Founder

Salish Sqáȷ̌ət K'ʷabacábš Tribal Republic® (SSKTR);

**ALL RIGHTS RESERVED, DROIT. Signature made parallel to UCC 1-308, 2-211, 2-213**

UCC §2-211 Legal Recognition of electronic contracts, records, and signatures; (1) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form. UCC § 2-213 Electronic communication (1) If the receipt of an electronic communication has a legal effect, it has that effect even if no individual is aware of its receipt.





S.S.K.T.R

*Salish Americans*
**Aboriginal and Indigenous Natural Peoples of Salishan
Northwest Amexem
Northwest Africa / North America / 'The North Gate'**

## Affidavit of Fact
## Writ in the Nature of Discovery and Disclosure

**Notice to the agent is notice to the principal, notice to the principal is notice to the agent; UCC 1-202**

**From:** Julie-Ann: Metcalf-Kinney / Ex. Rel. JULIE ANN KINNEY©
**Settlor of KRME Int.** Trust                **Account Number:** 7600796021
c/o 4406 North Mississippi Avenue       Date of Discovery and Disclosure: 08-17-18
Portland Oregon / Territory                  SECOND and FINAL NOTICE
Via State Republic
Via United States Republic, North America
Non-Domestic
Zip Exempt [97217]


**To:** CLEAR RECON CORP, et al
Steve W. Pite, PRESIDENT
4375 Jutland Drive
San Diego, California 92117

CLEAR RECON CORP, et al
Edward Jamir, ROUGE AGENT
111 SW Columbia Street, #950
Portland, Oregon 97201

RUSHMORE LOAN MANAGEMENT SERVICES
Terry Smith, PRESIDENT
15480 Laguna Canyon Road, Ste 100
Irvine, California 92618
United States Republic, North America            Mailing Date: August 17, 2018

In Re: KRME International Trust – Estate, care of 4406 N. Mississippi Street, Portland, Oregon [97217]; Longitude and latitude 45.555230.–122.675304, 45`33'18"North, 122`40'31"West; Parcel ID number: R223416 and Alleged Loan Number: 7600796021;

**Affidavit of Fact and Discovery: Writ of right**
**Notice to agent is notice to principal, notice to principal is notice to agent. UCC 1-202**

Dear, Steve W. Pite, Edward Jamir, & Terry Smith

In order to come to a peaceful resolution in regards to any alleged 'foreclosure', 'eviction notices' or 'payment owed' I am exercising my constitutional and contractual rights to discovery on this matter. It

must be fully disclosed that I, Julie Ann Metcalf Kinney, am an aboriginal and indigenous Salish American, distinguished from and not to be held as surety for JULIE METCALF KINNEY. I am the natural person who currently inhabits and is occupying the living quarters corporately referred to as care of 4406 N. Mississippi Street, Portland, Oregon [97217]; land parcel ID: R223416, geographical location circa, 45.555230.–122.675304, 45°33'18"North, 122°40'31"West. I have received mailings communications from your agency regarding the alleged loan #7600796021. Please mail to me, the following certified and verified official copies of loan related documents and answer to the following questions; so that I may make a physical inspection of said documents and answers, to verify whether or not you or your agency has a valid claim or interest in my ancestral estate.

1.  Produce the 'Original Promissory Note' (front and back) associated with the Loan from your Agency / Entity / Persons to the Borrower.

2.  Produce any 'Allonge', 'Bill of Exchange', and / or 'Promissory Note' (front and back) complete with any Affixations or Allocations attached to the 'Borrower Promissory Note' for Endorsements.

3. Produce all Book keeping Journal entries associated with the Loan to the Borrower.

4. Produce the 'Deed of Trust' associated with the Loan to the Borrower, clearly identify who the Creditor (Grantor) is and the Debtor (Grantee) is.

5. Produce the 'Account Number' from which the money came to fund the 'Check' given to the Borrower.

6. Produce 'Verification' that the Borrower's 'Promissory Note' was a 'Gift' or 'De Donis' to the 'Lender' from the 'Borrower'.

7. Produce the 'Name' and the 'Address' of the current 'Holder' of the Borrower's 'Promissory Note'.

8. Produce the 'Name' and 'Address' of the Lender's CPA and Auditor, for the period covering the Execution.

9. Produce a copy of their legal authority and bond number to do business in the State of Oregon.

10. Produce the Bill of particulars and or receipt that proves that the "Loan" was in fact lawful money i.e. gold or silver coin or anything of value.

11. Clarify whether or not you or your agency is asking for gold or silver coin as payment of this alleged debt or Private commercial paper (Federal Reserve Notes).

12. Who is listed as the 'Mortgagor'.

13. What was the original debt owed before the securing of the mortgage i.e. the pledging of the estate as collateral (surety)?

14. What exactly is being 'Borrowed' from you or your agency?

15. If, 'JULIE METCALF KINNEY and WILLIAM KINNEY JR.', is listed as the Mortgagor, i.e. the holder of the title to the property, what exactly is being borrowed from you or your agency?

16. Does the word 'Foreclosure' mean 'Before the closure'?

17. Is a 'Closure' the signing of an instrument or contract?

18. Can a 'Foreclosure' be executed after a 'closure'?

19. Can Corporations / Artificial persons own property or be the holder of any real instruments?

20. What is your nationality?



This is my 'Good Faith' attempt to clear up any misrepresentations or confusion concerning this matter, before taking any further actions. A failure of the fore-mentioned Entity or Representatives to 'Respond' within the allotted ten (10) days of Receipt of this 'Writ In The Nature of Discovery' will be deemed a 'Dishonor' of this 'Notice and Demand for Disclosure'.

Without animosity, without malice, issued by my hand, with a sound mind, on this 17th day of August, 1439 Moorish calander year [2018 Roman Calander year].

I Am: _Julie-anni Metcalf Kinney_
Print free national name here, a free Salish American, aboriginal, Jus Soli, Jus Sanguine, In Solo Proprio, In Full Life. Ex Relation: JULIE METCALF KINNEY Signature – All rights reserved and retained with prejudice

Witness: _____  Date: _August 17th, 2018_
Name: Natural Person, In Propria Persona, Authorized Representative.
All Rights Reserved. Ex- Relatione: WILLIAM KINNEY III©

## Receipt 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Steven W. Pite, PRESIDENT
CLEAR RECON CORP, etal
4375 Jutland Drive
San Diego CA 92117

9590 9402 2912 7094 9829 13

2. Article Number (Transfer from service label)
11 2000 0000 6164 8028

**COMPLETE THIS SECTION ON**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
08-27-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

IRVINE, CA 92618
AUG 17 2018
PORTLAND, OR MAIN OFFICE USPS
08/17/2018

Postage $3.45
Certified Fee $2.75
Return Receipt Fee (Endorsement Required) $0.00
Restricted Delivery Fee (Endorsement Required) $0.00
$1.63
Total Postage & Fees $7.83

Sent To Steven Pite, President, Rushmore Loan Mgt
or PO Box No. 15480 Laguna Canyon Rd, ste 100
City, State, Zip+4 Irvine CA 92618
PS Form 3800, August 2006

## Receipt 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Edward Jamir
CLEAR RECON CORP, et al
111 S.W. Columbia St # 950
Portland OR 97201

9590 9402 2912 7094 9829 06

2. Article Number (Transfer from service label)
011 2000 0000 6164 8042

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
ROWAN SCOTT

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

PORTLAND, OR 97201
AUG 17 2018
PORTLAND, OR MAIN OFFICE USPS
08/17/2018

Postage $3.45
Certified Fee $2.75
Return Receipt Fee (Endorsement Required) $0.00
Restricted Delivery Fee (Endorsement Required) $0.00
$1.63
Total Postage & Fees $7.83

Sent To Edward Jamir, CLEAR RECON CORP, et al
or PO Box No. 111 S.W. Columbia Street #950
City, State, Zip+4 Portland OR 97201
PS Form 3800, August 2006

## Receipt 3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Terry Smith PRESIDENT
RUSHMORE LOAN MANAGEMENT SERVICES, etal
15480 Laguna Canyon Rd, ste 100
Irvine CA 92618

9590 9402 2912 7094 9828 83

2. Article Number (Transfer from service label)
11 2000 0000 6164 8165

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

SAN DIEGO, CA 92117
IRVINE 92618 AUG 20 2018 USPS
PORTLAND, OR MAIN OFFICE
AUG 17 2018
08/17/2018

Postage $3.45
Certified Fee $2.75
Return Receipt Fee (Endorsement Required) $0.00
Restricted Delivery Fee (Endorsement Required) $0.00
$1.63
Total Postage & Fees $7.83

Sent To Steven Pite, President, Clear Recon Corp, et al
or PO Box No. 4375 Jutland Drive
City, State, Zip+4 San Diego CA 92117
PS Form 3800, August 2006



# CLEAR RECON
# CORP



8/22/2018

**VIA U.S. MAIL**

**JULIE ANN METCALF KINNEY**
**WILLIAM KINNEY, JR**
**4406 N MISSISSIPPI AVE**
**PORTLAND, OR 97217**

Re:     **T.S. No.: 067210-OR**

      **Loan No.:**      **7600796021**
      **Property Address:**      **4406 N MISSISSIPPI AVE**
                               **PORTLAND, OR 97217**

Dear **JULIE ANN METCALF KINNEY and WILLIAM KINNEY, JR.:**

Pursuant to and in compliance with the Fair Debt Collection Practices Act (15 U.S.C. 1601 et seq., as amended) Clear Recon Corp. ("CRC"), agent for the current beneficiary under the Deed of Trust, is responding to your correspondence dated August 17, 2018 ("Letter"), regarding the above-referenced Loan and property located at **4406 N MISSISSIPPI AVE, PORTLAND, OR 97217** ("Subject Property").

Your Letter is being treated as notice of a disputed debt under 15 U.S.C. § 1692g(b). Subsequent to receipt of your Letter, CRC obtained verification of the debt from **Rushmore Loan Management Services, LLC**, the servicing agent for the loan at issue. A copy of the Note ("Note") dated **3/12/2004**, executed by **WILLIAM KINNEY, JR. and JULIE ANN METCALF KINNEY**, and Deed of Trust ("Deed of Trust") dated **3/12/2004**, executed by **WILLIAM KINNEY, JR. and JULIE ANN METCALF KINNEY** are enclosed. The name and address of the original creditor is as follows:

**Original Creditor:**    **BENEFICIAL OREGON INC.**
                          **1307 NE 102 AVE, SUITE R**
                          **PORTLAND, OR 97220**

The beneficial interest under the Note and Deed of Trust was assigned to **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR LOAN ACQUISTION TRUST 2017-RPL**. A copy of the assignment is enclosed.

Please be advised that CRC is the foreclosure trustee and not the lender or servicer of your loan. Any information regarding the servicing of your loan should be directed to **Rushmore Loan Management Services, LLC**.

CLEAR RECON
CORP

EXHIBIT BB
PAGE Z of 17

THIS COMPANY MAY BE A DEBT COLLECTOR AND THIS MAY BE CONSIDERED AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION.

IF YOU HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, WE DO NOT SEEK A MONEY JUDGMENT AGAINST YOU, BUT WE SEEK ONLY RECOVERY FROM THE COLLATERAL WHICH IS SECURITY FOR THE DEBT.

Very truly yours,

CLEAR RECON CORP.

Enclosures

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 3)

**LENDER (called "We", "Us", "Our")**
BENEFICIAL OREGON INC.
1307 NE 102 AVE
SUITE R
PORTLAND OR 97220

LOAN NO:     661709-551706

**BORROWERS (called "You", "Your")**
METCALF, JULIE
SS# 540806937
KENNEY JR, WILLIAM
SS# 541622485
4406 N MISSISSIPPI
PORTLAND OR 97217

| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS SAME DAY OF EACH MONTH | SCHEDULED MATURITY DATE | CONTRACT RATE (per year) |
|---|---|---|---|---|
| 03/12/2004 | 04/12/2004 | | 03/12/2034 | 7.740 % |

| AMOUNT FINANCED | PRINCIPAL |
|---|---|
| $ 119,998.67 | $ 126,524.92 |

| CLOSING FEE |
|---|
| $ 200.00 |

| LIFE INS PREMIUM | DISABILITY INS PREMIUM |
|---|---|
| $ NONE | $ 52.07 Monthly |

| RELI INS PREMIUM | |
|---|---|
| $ NONE | |

| | ORIGINATION FEE/POINTS |
|---|---|
| | $ 6,326.26 |

| FIRST INSTALLMENT | MONTHLY INSTALLMENT | TERM PERIOD |
|---|---|---|
| $ 957.64 | $ 957.64 | 360 |

| PREPAYMENT PENALTY |
|---|
| YES |

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS.

**REQUIRED INSURANCE.** You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee:

YES     Title insurance on real estate security.

YES     Hazard insurance on real estate security.

You may obtain any required insurance from anyone you choose and may assign any other policy of insurance you own to cover the security for this loan.
(See "Security" paragraph above for description of security to be insured.)

**NOTICE:  THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.**

09-29-03 RE/PHL
OPT PPP



ORB55271

*171034141397CEA8000ORB552710*METCALF          *          ORIGINAL

PAYMENT. In return for this loan, you agree to pay us the Principal (Amount Financed plus Points and Closing Fee) plus Interest computed at the Contract Rate (subject to any adjustment under the Adjustment To Contract Rate section below), in monthly payments as stated on page one plus any monthly insurance premium, if elected. The term Points means the sum of the Origination Fee (Points) shown on page one. Payments are applied in the following order: late charges, interest at the Contract Rate for the actual time outstanding, Principal, and insurance. For any past due amounts, payments will be applied to the most delinquent monthly installment first, in the same order shown above, until all past due monthly installments are paid in full. You will pay at our business address on page one or other address given you. If more than one Borrower is named on page one, we may enforce this contract against all, or any, Borrowers, but not in a combined amount greater than the amount owed.

INTEREST COMPUTATION. Interest shall be computed at the Contract Rate on actual unpaid balances of Principal for the actual time outstanding. Every payment shall be first applied to Interest at the Contract Rate to date of actual payment, and then to the unpaid balance of Principal. The Contract Rate is the Rate of Interest agreed upon.

ADJUSTMENT TO CONTRACT RATE. The Contract Rate, as shown on page one, will decrease by one quarter of one percent (.25%) beginning with the thirteenth (13th) month after every twelve (12) consecutive month period where all payments were made in full within 30 days of their due date. Up to maximum of twelve (12) Contract Rate reductions are available during the term of the loan. For each Contract Rate reduction, the monthly installment payment will be reduced accordingly. Notwithstanding anything to the contrary in this paragraph, you will not receive any Contract Rate reductions or the reduced monthly payment after four periods of delinquency. A "period of delinquency" begins when you fail to make a payment in full within 30 days of the due date and ends when you have no payments that are outstanding for more than 30 days past their due date.

DATE ON WHICH FINANCE CHARGE BEGINS. If this loan is secured by real estate and you do not cancel this loan according to your "Notice of Right to Rescind", the date on which Finance Charge begins, payment dates, and effective date of optional insurance purchased are postponed by the number of days from this Agreement's date to date you receive this loan.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. Subject to the Prepayment Penalty described below, you may prepay any or all of your loan at any time. In any event, if you fully prepay before the final payment due date, the amount you owe will be reduced by unearned credit insurance charges, if any. If you prepay before the final due date, Points and Closing Fee are fully earned when this loan is made and you will not receive a refund of that part of the Finance Charge consisting of Points and Closing Fee.

PREPAYMENT PENALTY. If "YES" is printed in the Prepayment Penalty box on page one of this agreement, you agree to the following penalty. If you prepay in within two (2) years of the date of this loan shown on page one, you agree to pay a prepayment penalty equal to six (6) months interest at the Contract Rate (as stated on page one) of the unpaid principal balance. No prepayment penalty will be imposed (a) if this loan is refinanced by another loan with us; (b) after two (2) years; (c) if the loan is prepaid from the proceeds of any insurance; or (d) if we sue you. Additionally, no prepayment penalty will be imposed if you pay the entire outstanding balance of your loan as the result of the sale of the property securing the loan. You must provide us with documentation acceptable to us verifying the sale of the property.

LATE CHARGE. If you don't pay any payment in full within 15 days after it's due, you will also pay a late charge equal to 5% of the unpaid amount of the Monthly Installment.

BAD CHECK CHARGE. If you give us a check that is returned unpaid, you will pay a $25.00 fee.

SECURITY. You agree to give us a security interest in the real estate as described in the Deed of Trust.

PROPERTY INSURANCE:

YOUR OBLIGATION TO INSURE. You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement.

NOTICE: THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.



**DEFAULT.** If you do not pay on time, fail to keep required insurance in force, are in default under the Deed of Trust, have filed a proceeding under any bankruptcy or similar law, or such a proceeding has been filed against you, or have changed your residence since the time this loan was made: (1) all your payments may become due at once, and (2) without notifying you before bringing suit, we may sue you for the entire unpaid balance of Principal and accrued Interest, and (3) judgment in our favor may include our reasonable attorney's fee (if attorney is not our salaried employee).

**CREDIT REPORTING AND CUSTOMER INFORMATION PRACTICES.** If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you. You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by Applicable Law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents.

**INSURANCE.** Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

**ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS.** The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

**APPLICABLE LAW.** This loan is made under Oregon law including the Usury Law, Section 82, ORS.

YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

NOTICE TO BORROWER: DO NOT SIGN THIS LOAN AGREEMENT BEFORE YOU READ IT. THIS LOAN AGREEMENT PROVIDES FOR THE PAYMENT OF A PENALTY IF YOU WISH TO PREPAY THE LOAN PRIOR TO THE DATE PROVIDED FOR REPAYMENT IN THE LOAN AGREEMENT.

BORROWERS:

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

WITNESS:

_____



## ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE.

Account Number: **17809909**

Note Date: **03/12/2004**

Amount: **$126,524.92**

Borrower Name: **JULIE METCALF KINNEY**

Property Address: **4406 N MISSISSIPPI, PORTLAND, OR 97217**

PAY TO THE ORDER OF:

_____

WITHOUT RECOURSE

**BENEFICIAL FINANCIAL I INC. AS SUCCESSOR BY MERGER TO BENEFICIAL OREGON INC., BY MTGLQ INVESTORS, L.P., ITS ATTORNEY-IN-FACT**

BY: **BIFF ROGERS**
Title: **VICE PRESIDENT**

Goldman Sachs
_____

17809909                                        8
KINNEY                          PRIV
MTGL                            LMAT2017RPL1-PRIV

WHEN RECORDED MAIL TO

┌─
│ Records Processing Services
│ 577 Lamont Road
│ Elmhurst, IL 60126

Recorded in MULTNOMAH COUNTY, OREGON
C. Swick, Deputy Clerk
C18    5                            ATKLM
Total :      41.00

2004-043211    03/17/2004 08:45:12am
SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST

861709

THIS DEED OF TRUST is made this _12TH_ day of _MARCH_ 20 _04_ , between the Grantor(s),
_WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY_

(herein "Borrower"), _REGIONAL TRUSTEE SERVICES_
(herein "Trustee") and the Beneficiary _BENEFICIAL OREGON INC._ ,
a corporation organized and existing under the laws of _DELAWARE_                     whose address is
_1307 NE 102 AVE, SUITE R, PORTLAND, OR 97220_
(herein "Lender"). Witnesseth:

WHEREAS, Borrower is indebted to Lender in the principal sum of $ _126,524.92_ ,
evidenced by Borrower's Loan Agreement dated _MARCH 12, 2004_ and any extensions or renewals thereof
(including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of
principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable,
with the balance of the indebtedness, if not sooner paid, due and payable on _MARCH 12, 2034_ ;

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon,
including any increases if the contract rate is variable; (2) future advances under any Revolving Loan Agreement; (3) the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of
Trust; and (4) the performance of the covenants and agreements of Borrower herein contained, Borrower in consideration
of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with
power of sale, hereby mortgage, grant and convey to Lender and Lender's successors and assigns the following described
property located in the County of _MULTNOMAH_                                              State
of Oregon:

LOT 6, BLOCK 1, MULTNOMAH, IN THE CITY OF PORTLAND, COUNTY
OF MULTNOMAH AND STATE OF OREGON.

TRANSACTION
TITLE INSURANCE 504 00 3481 m 01

08-29-03 DOT

*17103414139700T8908DR0079610**METCALF *          ORIGINAL

0R007961

3-17-04

-2-

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note, including any variations resulting from changes in the Contract Rate, and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law or the Note provide otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable at the applicable Contract Rate, and then to the principal of the Note.

4. **Prior Mortgages and Deed of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require. The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 19 the Property is acquired by Lender, Borrower's rights to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

03-29-03 DOT

*1710341439700T89000R0079620**METCALF          ORIGINAL

OR007962

3-17-04

-3-

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed Of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorney fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the applicable Contract Rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may take or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower and all other parties who are or who hereafter may become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who cosigns this Deed of Trust, but does not execute the Note, (a) is cosigning this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the address stated in the Note or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall apply except where such laws conflict with Federal law; in which case, Federal law applies. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs" and "expenses" and "attorney fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust, if requested, at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, (d) the creation of a purchase money security interest for household appliances, (e) a transfer to a relative resulting from the death of a Borrower, (f) a transfer where the spouse or children of the Borrower become an owner of the property, (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Borrower becomes an owner of the property; (h) a transfer into an inter vivos trust in which the Borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property; or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing.

08-29-03 DOT                                                                                          OR007963

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
*171024141397DOT800OR0079630*METCALF          *          ORIGINAL

3-17-04

If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, or as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or to (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof including, but not limited to, reasonable attorney's fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, and if Lender is not committed to make any future refinancings or future advances, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled thereto. Such person or persons shall pay all reconveyance fees and costs of recordation, if any.

21. **Substitute Trustee.** In accordance with applicable law, Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Attorney's Fees.** As used in this Deed of Trust and in the Note, "attorneys' fees" shall include attorney's fees, if any, which shall be awarded by an appellate court.

23. **Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

08-29-03 DOT

*1710341413970080800R0079640**METCALF  *

ORD07964

ORIGINAL

-5-

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_William Kinney Jr._ _____
WILLIAM KINNEY, JR.                                    -Borrower

_Julie Ann Metcalf Kinney_ _____
JULIE ANN METCALF KINNEY                        -Borrower

STATE OF OREGON, _____ MULTNOMAH _____ County ss:

On this ___12TH___ day of ___MARCH___, 20_04_, personally appeared the above named WILLIAM KINNEY, JR., AND JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY and acknowledged the foregoing instrument to be _____ THEIR _____ voluntary act and deed.

(Official Seal)
My Commission expires: _10/19/04_

Before me:

_Vickie Conway_ _____
Notary Public

OFFICIAL SEAL
VICKIE CONWAY
NOTARY PUBLIC-OREGON
COMMISSION NO. 339603
MY COMMISSION EXPIRES OCT 19, 2004

STATE OF OREGON, _____ County ss:

On this _____ day of _____, 20___, personally appeared the above named _____ and acknowledged the foregoing instrument to be _____ voluntary act and deed.

(Official Seal)
My Commission expires:

Before me:

_____
Notary Public

## REQUEST FOR RECONVEYANCE

TO TRUSTEE:
The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Date: _____

_____

_____(Space Below This Line Reserved for Lender and Recorder)_____

Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

04-29-02 DOT                                                                                    OR007965

*17103414139700T80000R0079550*METCALF          *                    ORIGINAL

3-17-04

Recording Requested By:
MTGLQ Investors, L.P.
Prepared By: CoreLogic SolEx
855-369-2410
When recorded mail to:
First American Mortgage Solutions
1795 International Way
Idaho Falls, ID 83402

3875517809909BAP02

**Multnomah County Official Records**
**E Murray, Deputy Clerk**          **2017-138593**

02029553201701385930010014          **$42.00**

1R-MTG ASGT          **11/16/2017 11:31:57 AM**
$5.00 $11.00 $20.00 $6.00          Pgs=1 Stn=26 HOWELLA

Tax ID:          R223416
Property Address:
4406 N MISSISSIPPI
PORTLAND, OR 97217

This space for Recorder's use

Loan Number:          17809909B

## ASSIGNMENT OF DEED OF TRUST

For Value Received, MTGLQ Investors, L.P. (herein "Assignor") whose address is 6011 Connection Drive, Irving, TX 75039 does hereby grant, sell, assign, transfer and convey unto U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Loan Acquisition Trust 2017-RPL1 whose address is c/o Rushmore Loan Management Services LLC, 15480 Laguna Canyon Road, Irvine, CA 92618 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Beneficiary:          BENEFICIAL OREGON, INC.

Original Borrower(s):          WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY AS TENANTS BY
                               THE ENTIRETY

Original Trustee:          REGIONAL TRUSTEE SERVICES

Date of Deed of Trust: 03/12/2004          Original Loan Amount: $126,524.92

Recorded in MULTNOMAH COUNTY, OR on: 03/17/2004, book N/A, page N/A and instrument number
2004-043211

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
__AUG 1 0 2017__.

MTGLQ Investors, L.P.

By: _____
Patrick Couture, Vice President

State of Texas, County of Dallas

On __AUG 1 0 2017__, before me, __Jillian Tosh_____, a Notary Public, personally appeared Patrick Couture, Vice President of MTGLQ Investors, L.P. personally known to me to be the person(s) whose name(s) is/are subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature: _____

(Notary Name): __Jillian Tosh__
My commission expires: __MAR 3 0 2018__

JILLIAN TOSH
Notary Public
STATE OF TEXAS
ID#12983819-4
My Comm. Exp. Mar. 30, 2018

17809909          B
KINNEY
MTGLQ          729KBC

Multnomah County Official Records **2017-057440**
R Weldon, Deputy Clerk
05/11/2017 09:17:45 AM

1R-MTG ASGT Pgs=1 Stn=0 HAK
$6.00 $5.00 $11.00 $20.00 **$42.00**

Recording Requested By:
MTGLQ Investors, L.P.
Prepared By: CoreLogic SolEx
855-369-2410
When recorded mail to:
CoreLogic Recording Services
1637 NW 136th Avenue, Suite G-100
Sunrise, FL 33323

7900 17809909AAP01

Tax ID:
Property Address:
4406 N MISSISSIPPI
PORTLAND, OR 97217

*This space for Recorder's use*

800005821

Loan Number    17809909A

## ASSIGNMENT OF DEED OF TRUST

For Value Received, Beneficial Financial I Inc. as successor by merger to Beneficial Oregon, Inc. (herein "Assignor") whose address is 636 Grand Regency Blvd, Brandon, FL 33510 does hereby grant, sell, assign, transfer and convey unto MTGLQ Investors, L.P. whose address is 6011 Connection Drive, Irving, TX 75039 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Beneficiary:                Beneficial Oregon, Inc.

Original Borrower(s):    WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY AS TENANTS BY
                         THE ENTIRETY

Original Trustee:        REGIONAL TRUSTEE SERVICES

Date of Deed of Trust: 03/12/2004    Original Loan Amount: $126,524.92

Recorded in Multnomah County, OR on: 03/17/2004, book N/A, page N/A and instrument number 2004-043211

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
MAY 0 8 2017 .

Beneficial Financial I Inc. as successor by merger to
Beneficial Oregon, Inc. by MTGLQ Investors, L.P., its
Attorney-in-Fact

By: _____
Ed Chavez, Vice President

State of Texas, County of Dallas

On MAY 0 8 2017 , before me, **Annie Tran Ellis** , a Notary Public, personally appeared Ed Chavez, Vice President of MTGLQ Investors, L.P., as Attorney-in-Fact for Beneficial Financial I Inc. as successor by merger to Beneficial Oregon, Inc. personally known to me to be the person(s) whose name(s) is/are subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature: _____
Annie Tran Ellis

(Notary Name): _____

My commission expires: MAY 2 0 2018

ANNIE TRAN ELLIS
ID # 129825545
Notary Public, State of Texas
My Commission Expires
05/20/2018

Multnomah County Official Records  **2018-060123**
E Murray, Deputy Clerk
06/06/2018 03:31:09 PM

1R-SUB TR      Pgs=3 Stn=70 HUNTK
$15.00 $11.00 $6.00 $60.00                          **$92.00**

**Recording Requested By:**
Clear Recon Corp
4375 Jutland Drive
San Diego, California 92117

**When recorded mail document to:**
Rushmore Loan Management
Services, LLC
15480 Laguna Canyon Road, Suite
100
Irvine, CA 92618

Phone: (866) 931-0036

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## APPOINTMENT OF SUCCESSOR TRUSTEE

TS No.: 067210-OR
Loan No.: ******6021
Legal Authority: ORS 86.705(9) & ORS 86.713

*1800 80813*

**WHEREAS, WILLIAM KINNEY, JR., JULIE ANN METCALF KINNEY, AS TENANTS BY THE ENTIRETY** was the original Grantor, REGIONAL TRUSTEE SERVICES was the original Trustee, and BENEFICIAL OREGON INC. was the original Beneficiary under that certain deed of trust (the "Deed of Trust") dated March 12, 2004, and recorded on 3/17/2004, as Instrument No. 2004-043211, in the Official Records of Multnomah County, Oregon, and

**WHEREAS,** the undersigned beneficiary is the present beneficiary under the Deed of Trust, and

**WHEREAS,** the undersigned desires to appoint a successor trustee under the Deed of Trust in place and stead of the original trustee thereunder.

**NOW THEREFORE,** the undersigned hereby appoints CLEAR RECON CORP, whose address is 111 SW Columbia Street #950, Portland, OR 97201, as successor trustee under the Deed of Trust with all the powers of the original Trustee effective immediately.

Page 1 of 2

### APPOINTMENT OF SUCCESSOR TRUSTEE

TS No.: 067210-OR
Loan No.: ******6021

IN WITNESS WHEREOF, the undersigned beneficiary has executed this document on the date set forth below. If the undersigned is a corporation, it has caused its name to be signed by an officer or other person duly authorized to execute this document on its behalf.

**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR REO TRUST 2017-RPL1 by RUSHMORE LOAN MANAGEMENT SERVICES, LLC ITS ATTORNEY IN FACT**

Dated: May 30, 2018

By: _____

Name: _____ Joan Enriquez

Title: _____ Assistant Secretary

State of:
County of:

On _____, before me, _____ personally appeared _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

*See Attached*

Page 2 of 2

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Orange_

Subscribed and sworn to (or affirmed) before me on this _30th_ day of _May_, 20 _18_ , by _Juan Enriquez_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

VANESSA CASIAS
Notary Public – California
Orange County
Commission # 2222948
My Comm. Expires Nov 23, 2021

(Seal)                     Signature _Vanessa C_

UNITED STATES POSTAGE

PITNEY BOWES

$ 001.630

02 1P
0000810478  AUG 23 2018
MAILED FROM ZIP CODE 92117

FIRST CLASS MAIL

FIRST·CLAS
FIRST·CLAS
FIRST·CLAS

JULIE ANN METCALF KINNEY
WILLIAM KINNEY, JR
4406 N MISSISSIPPI AVE
PORTLAND, OR 97217

N CORP.
rive, Suite 200
5
92117          ASA

EXHIBIT _C·C_

PAGE _1 of 2_



7600796021*CS106 N1¦1

**P.O. Box 5500**
Irvine, CA 92618
888.504.6700 toll free
949.341.2242 fax
www.rushmorelm.com

August 23, 2018

Julie Metcalf Kinney
William Kinney Jr
4406 N Mississippi
Portland, OR 97217
*

LOAN NO.: 7600796021
PROPERTY ADDRESS: 4406 N Mississippi
Portland OR 97217

Dear Julie Metcalf Kinney:
Dear William Kinney Jr:

This response is in reference to your written inquiry received on
August 23, 2018, regarding the above referenced loan.

Our records indicate that Rushmore Loan Management Services LLC has
updated our system of record and added the following third
party authorization(s):

William X. Nietzche
Trustee Of Krme International Trust

Should you have any questions, please feel free to contact our office
at Toll Free 1-888-504-6700, Monday through Thursday 6:00 a.m. to
7:00 p.m., Friday 6:00 a.m. to 6:00 p.m. Pacific Standard Time.

Sincerely,

Loan Servicing
Rushmore Loan Management Services

CS106 013 88T



EQUAL HOUSING
LENDER



**RUSHMORE**
LOAN MANAGEMENT
S E R V I C E S ®

P.O. Box 55004
Irvine, CA  92619

**Address Service Requested**



Hasler
06/27/2018
US POSTAGE $000.47°

FIRST-CLASS MAIL

ZIP 92618
041E12651288

9721783137 C018

EXHIBIT C C
PAGE 2 of 2



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

August 24, 2018

William X. Nietzche
William Kinney Jr.
Julie Metcalf Kinney
4406 N. Mississippi
Portland, OR 97217

RE:   Mortgagors – Julie Metcalf Kinney and William Kinney Jr.
      Property Address – 4406 N. Mississippi, Portland, OR 97217
      Loan Number – 7600796021

Dear William X. Nietzche, William Kinney Jr., and Julie Metcalf Kinney:

Rushmore Loan Management Services LLC ("Rushmore") is responding to your correspondences dated July 10, 2018, and received by our office on July 13, 2018, and July 30, 2018. As well as your correspondence dated August 17, 2018, and received by our office on August 20, 2018, regarding the mortgage loan account referenced above.

Please note that the Uniform Commercial Code does not apply to transactions involving residential mortgages; therefore, any attempted rescission of your loan, and/or tender of property, is ineffective and hereby rejected. The terms of the related loan documents remain in effect and any failure to adhere to the terms of the loan documents will result in Rushmore pursuing its remedies which include, but are not limited to, foreclosure of the property.

The servicing responsibilities for the loan transferred from HSBC to Rushmore effective February 1, 2017. Rushmore is the current servicer of the loan, and that the owner of the loan is REO Trust 2017-RPL1. Their mailing address is U.S. Bank Trust National Association, 60 Livingston Avenue, Mailcode EP-MN-WS3D, St Paul, MN 55107-2232.

In response to your request for information, please find the following documentation enclosed with this letter:

- Note and Mortgage/Deed of Trust

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation. If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

OPPORTUNITY



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

   o   These documents validate the debt for the above-referenced loan, provide the name and address of the original creditor and explain our right to do the following:

> - Collect any remaining debt owed under the Note and Security Instrument
> - Assess fees and costs to the loan as necessary, including late fees if a payment is received after the specified grace period and legal fees if a loan is in default
> - Inspect the property and charge applicable fees
> - Purchase lender-placed insurance
> - Pay taxes on the mortgagor's behalf

- Assignment of Mortgage/Deed of Trust

  o These documents establish the chain between the originating lender and the current owner of the Note and Mortgage

- Note Allonge

  o An Allonge is generally an attachment to a legal document that can be used to insert language or signatures when the original document does not have sufficient space for the inserted material. It may be, for example, a piece of paper attached to a promissory note, on which endorsements can be written because there isn't enough room on the instrument itself.

- Payment History

  o The payment history reflects a complete payment history for the period Rushmore has serviced the loan. Late fees are assessed any time the contractual payment is received after the grace period, as indicated in the Note. If a payment were applied to the suspense account, it would be indicated in the code description column. Payments can be applied to the suspense account if the funds received do not represent the full monthly mortgage payment due or if Rushmore is not informed of where the payment is to be applied. Furthermore, this payment history reflects the following information:

> - When payments were received
> - How the payments were applied to the loan

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation. If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

OPPORTUNITY



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com



- Any disbursements made from the loan, including, but not limited to, disbursements for taxes, insurance, property inspections, brokers price opinions (BPOs), and legal fees.
- A description for each transaction, with running balances of the unpaid principal and escrow accounts
- The date fees and charges were assessed, if any
- Any amounts paid towards fees
- Any waivers/reversals of fees
- The unpaid principal balance
- The loan interest rate
- The escrow balance

- Most Recent Billing Statement

  o The billing statement will reflect the current amount due on the loan. It will also provide a breakdown of any fees assessed, including any lender paid expenses or corporate advance fees.

- Notice of Sale of Ownership of Mortgage Loan

- Notice of Servicing Transfer, also known as Welcome Letter

  o The Servicing Transfer Notice will detail the date and terms of the service transfer from the prior servicer to Rushmore. This document evidences Rushmore's right to service the loan.

- A courtesy copy of the Payoff Quote sent on August 6, 2018.

Other information you have requested does not relate to the servicing of the loan or identify any specific servicing errors, is considered proprietary or confidential, is not in our possession, and/or is not required to be provided. However, the information above, and the enclosed documents, should be sufficient to address your concerns.

As of the date of this correspondence, the account is contractually due for the January 17, 2017, monthly installment. Because of the default, the account is currently in foreclosure status. Please note that foreclosure is the action that a lender takes to obtain possession of a property when the

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation. If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

OPPORTUNITY



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

loan is in default. If you would like to discuss available payment assistance options, please call the assigned representative:

<u>Single Point of Contact (SPOC):</u>
Name: Gabriel Sanchez
Direct Number: 949.341.5691

Should you have any additional questions, please do not hesitate to contact us.

<u>Loss Mitigation Department</u>
Monday through Thursday, 6:00 a.m. to 7:00 p.m. Pacific
Friday, 6:00 a.m. to 6:00 p.m. Pacific
Toll-free number 1.888.504.7300

Sincerely,

Nancy Perez
Customer Correspondence Department
Rushmore Loan Management Services LLC
469.329.5147

Enclosures (9)

By Federal Express

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation. If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

OPPORTUNITY



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

08/24/2018

WILLIAM X NIETZCHE
S.S.K.T.R
THE TRUSTEE OF KRME INTERNATIONAL TRUST
C/O 4406 N. MISSISSIPPI AVENUE
PORTLAND, OREGON 97217

RE:     Borrower(s) – JULIE METCALF KINNEY
        Property Address – 4406 N MISSISSIPPI, PORTLAND, OR 97217
        Loan Number – 7600796021

Dear William X Nietzche,

Rushmore Loan Management Services LLC (Rushmore) is in receipt of your inquiry dated 08/17/2018 and received by our office on 08/20/2018.

Your inquiry is currently under review. We realize the urgency of your inquiry and appreciate your patience. We anticipate having a response issued to you within the next 30 business days.

Furthermore, our records indicate REO Trust 2017-RPL1 Investors is the current owner of the loan. The address of the owner of the loan is as follows:

REO Trust 2017-RPL1

U.S. Bank Trust National Association
60 Livingston Avenue
Mailcode EP-MN-WS3D
St Paul, MN 55107-2232

Should you have any questions, please contact us at the following phone number:

Customer Service Department
Monday through Thursday, 6:00 a.m. to 7:00 p.m. PST
Friday, 6:00 a.m. to 6:00 p.m. PST
Toll-free number: 1.888.504.6700

Sincerely,

Customer Correspondence Department
Rushmore Loan Management Services LLC

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.



## CERTIFICATE OF SERVICE

I, William X Nietzche, certify under the penalty of perjury from without the "United States" and from within the "United States of America" a foreign sovereign pursuant 28 U.S.C. § 1746(1) and 28 U.S.C. §1605, that on September 10, 2018, I served the foregoing documents via electronic service and/or U.S postal service certified mail return receipt:

1. AFFIDAVIT OF FACT - NOTICE OF DEFAULT JUDGEMENT

**BY HAND:**_____, **MAIL:** XXX, **ELECTRONIC SERVICE:**_____

**To:** RUSHMORE LOAN MANAGEMENT SERVICES
Terry Smith, PRESIDENT
15480 Laguna Canyon Road, Ste 100
Irvine, California 92618

**BY HAND:** _____, **MAIL:**__XXX__, **ELECTRONIC SERVICE:** _____

**To:** CLEAR RECON CORPORATION
Steven W Pite, PRESIDENT
    4375 Jutland Drive
    San Diego, California, 92117

**BY HAND:** _XXX_, **MAIL:**_____, **ELECTRONIC SERVICE:** __

**To:** MULTNOMAH COUNTY COURTHOUSE
    Court Clerk
    1021 SW 4 TH AVE
    Portland, Oregon 97204

_(signature)_                                    dated **September  10, 2018**
Supreme Chief Minister and Co-Founder

Salish Sqáȷ̌ət K'ʷabacábš Tribal Republic® (SSKTR);

**ALL RIGHTS RESERVED, DROIT.  Signature made parallel to UCC 1-308, 2-211, 2-213**

UCC §2-211 Legal Recognition of electronic contracts, records, and signatures; (1) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form. UCC § 2-213 Electronic communication (1) If the receipt of an electronic communication has a legal effect, it has that effect even if no individual is aware of its receipt.



S.S.K.T.R

*Salish Americans*

**Aboriginal and Indigenous Natural Peoples of Northwest Amexem
Northwest Africa / North America / 'The North Gate'**

## Affidavit of Fact
### Notice of Default Judgment

September 10, 2018

United States Republic Postmaster Article No(s):

# 7011 2000 0000 6164 8202 - Rushmore Loan Management;
# 7011 2000 0000 6164 8172 - Clear ReCon Corp.

**RE:** "Writ in the Nature of Discovery and Disclosure" dated July 10, 2018; "Writ in the Nature of Discovery and Disclosure" dated July 27, 2018; "Writ in the Nature of Discovery and Disclosure" dated August 17, 2018.

TO: Terry Smith, Steven W. Pite, & Edward Jamir

You were advised that certain documentation was requested to make a physical inspection and enable the alleged Borrower(s) to verify and Witness the same in order to prepare a defense. You were advised to provide the requested information in order that We may study all evidence regarding this matter within ten (10) days of the receipt of this Notice of Discovery.

1.  Per the United States Republic Postmaster CERTIFIED MAIL RETURN RECEIPT REQUESTED ARTICLE NUMBER # **7015 1660 0000 7206 8568** the request was received by CLEAR RECON CORP USA Corporate Headquarters on July 13, 2018. Deadline for receipt of documentation was July 23, 2018.

2.  Per the United States Republic Postmaster CERTIFIED MAIL RETURN RECEIPT REQUESTED ARTICLE NUMBER # **7015 1660 0000 7206 8582** the request was received by RUSHMORE LOAN MANAGEMENT SERVICES USA Corporate Headquarters on July 13, 2018. Deadline for receipt of documentation was July 23, 2018.

3.  Per the United States Republic Postmaster CERTIFIED MAIL RETURN RECEIPT REQUESTED ARTICLE NUMBER # **7011 2000 0000 6164 8059** the request was received by CLEAR RECON CORP USA Corporate Headquarters on July 30, 2018. Deadline for receipt of documentation was August 12, 2018.

4.  Per the United States Republic Postmaster CERTIFIED MAIL RETURN RECEIPT REQUESTED ARTICLE NUMBER # **7011 2000 0000 6164 8066** the request was received by RUSHMORE LOAN MANAGEMENT SERVICES

**CERTIFIED MAIL # 7011 2000 0000 6164 8202 - Rushmore Loan Management**
**CERTIFIED MAIL # 7011 2000 0000 6164 8172 - Clear ReCon Corp.**

USA Corporate Headquarters on July 30, 2018. Deadline for receipt of documentation was August 12, 2018.

5.  Per the United States Republic Postmaster CERTIFIED MAIL RETURN RECEIPT REQUESTED ARTICLE NUMBER # # 7011 2000 0000 6164 8028 the request was received by CLEAR RECON CORP USA Corporate Headquarters on August 20, 2018. Deadline for receipt of documentation was August 30, 2018.

6.  Per the United States Republic Postmaster CERTIFIED MAIL RETURN RECEIPT REQUESTED ARTICLE NUMBER # 7011 2000 0000 6164 8165 the request was received by RUSHMORE LOAN MANAGEMENT SERVICES USA Corporate Headquarters on August 20, 2018. Deadline for receipt of documentation was August 30, 2018.

As this request has not been Honored – this notice of default judgment is being submitted and all claims, petitions, suits, filings with any third party corporations regarding Our ancestral estate be dismissed and expunged.

All officers of the Court are required to take an oath of office to uphold the Constitution of the United States.

*"The Constitution for the United States of America binds all judicial officers at Article 6, wherein it does say, "This Constitution and the Laws of the United States which shall be made in pursuance thereof, and all Treaties made, or which shall be made under the authority of the United States, shall be the Supreme Law of the Land, and the Judges of every State shall be bound thereby, anything in the Constitution or laws of any state to the Contrary, not withstanding," see Clause 2."*

Denial of Discovery is in direct violation of my Constitutionally Secured Rights to **"Due Process of Law"** which is a direct violation of your oath of office.

*The 5ᵗʰ Amendments require that all persons within the United States must be given due process of the law and equal protection of the law.*

*"Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved."*

*"If any question of fact or liability be conclusively presumed against him, this is not due process of law, Zeigler v. Railroad Co., 58 Ala. 599."*

*"In Interest of M.V., 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997). Without subject-matter jurisdiction, all of the orders and judgments issued by a judge are **void** under law, and are of no legal force or effect. In Interest of M.V., 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997) ("Every act of the court beyond that power is void").*

State of Oregon Multnomah county inferior court *is not an Article III court; and has no delegated jurisdiction / authority under the Supreme Law of the Land, and unconfirmed by the Congress of the United States.*

*"The parties to the Compact of the United States Constitution further agreed that the enumeration in the Constitution of certain Rights shall not be construed to deny or disparage others retained by the People (Article 9 of the Bill of Rights to the Constitution for the United States)."*

**CERTIFIED MAIL # 7011 2000 0000 6164 8202 - Rushmore Loan Management**
**CERTIFIED MAIL # 7011 2000 0000 6164 8172 - Clear ReCon Corp.**



*"When acting to enforce a statute and its subsequent amendments to the present date, the judge of the municipal court is acting as an administrative officer and not in a judicial capacity; courts in administering or enforcing statutes do not act judicially, but merely ministerially. Thompson v. Smith, 154 SE 583."*

*". . . Courts in administrative issues are prohibited from even listening to or hearing arguments, presentations, or rational. ASIS v. US, 568 F2d 284."*

*"Ministerial officers are incompetent to receive grants of judicial power from the legislature, their acts in attempting to exercise such powers are necessarily nullities. Burns v. Sup., Ct., SF, 140 Cal. 1."*

I/We, Julie Ann of the Metcalf and Enick Consanguinity, and William X Nietzche, and the rest of the S.S.K.T.R. Constituency, do not, under any condition or circumstance, by threat, duress, or coercion, waive any rights Inalienable or Secured by the Constitution or Treaty, and, hereby demands this Court to fulfill their obligation to preserve the rights of said claimant(s) (Salish Americans) and carry out their Judicial Duty in 'Good Faith'.

All UNCONSTITUTIONAL Trustee Sales, Citations – Summons / Ticket – Suit / (misrepresented) Bill of Exchange: TS Number #067210-OR., and any other 'Order' or 'Action' associated with it / them, to be dismissed and expunged for the record on its face and merits.

Thank You,

I Am: _____.
Name: Natural Person, In Propria Persona, Authorized Representative.
All Rights Reserved. Ex-Relatione: WILLIAM KINNEY III©

I Am: _Julie-ann: Metcalf-Kinney_____.
Name: Natural Person, In Propria Persona, Authorized Representative.
All Rights Reserved. Ex- Relatione: JULIE METCALF KINNEY©

Exhibit A: Copy of Writ In The Nature of Discovery dated July 10, 2018
Exhibit B: Copy of United States Republic Postmaster Return Receipt to CLEAR RECON CORP
Exhibit C: Copy of United States Republic Postmaster Return Receipt to RUSHMORE LOAN MANAGEMENT SERVICES INC
Exhibit D: Copy of Writ In The Nature of Discovery dated July 27, 2018
Exhibit E: Copy of United States Republic Postmaster Return Receipt to CLEAR RECON CORP
Exhibit F: Copy of United States Republic Postmaster Return Receipt to RUSHMORE LOAN MANAGEMENT SERVICES INC
Exhibit G: Copy of Writ In The Nature of Discovery dated August 17, 2018
Exhibit H: Copy of United States Republic Postmaster Return Receipt to CLEAR RECON CORP
Exhibit I: Copy of United States Republic Postmaster Return Receipt to RUSHMORE LOAN MANAGEMENT SERVICES INC

cc:     State of Oregon Attorney General
        Ellen Rosenblum
        1162 Court St NE
        Salem, Oregon 97301

        State of Oregon Secretary of State
        Dennis Richardson
        225 Capitol St NE
        Salem, Oregon 97310

**CERTIFIED MAIL # 7011 2000 0000 6164 8202 - Rushmore Loan Management**
**CERTIFIED MAIL # 7011 2000 0000 6164 8172 - Clear ReCon Corp.**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STEVEN PITE, President
CLEAR RECON CORP.
4375 Jutland Drive
San Diego CA 92117

9590 9403 0742 5196 6958 76

Article Number (Transfer from service label)
7011 2000 0000 6164 8172

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Parisya Tabura     09-18-18

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053     Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

IRVINE, CA 92618

| | |
|---|---|
| Postage | $3.45 |
| Certified Fee | $2.75 |
| | $0.00 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| | $2.26 |
| Total Postage & Fees | $8.46 |

Postmark Here — PORTLAND OR MAIN OFFICE — 09/10/2018 USPS

Sent To
Terry Smith, Rushmore Loan Mgmt. Serv
Street, Apt. No.; or PO Box No.
15480 Laguna Canyon Rd, Ste 100
City, State, ZIP+4
Irvine CA 92618

PS Form 3800, August 2006     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TERRY SMITH, PRESIDENT
Rushmore Loan Management Services
15480 Laguna Canyon Road, Suite 100
Irvine CA 92618

9590 9402 2912 7094 9828 76

Article Number (Transfer from service label)
7011 2000 0000 6164 8202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $3.45 |
| Certified Fee | $2.75 |
| | $0.00 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| | $2.26 |
| Total Postage & Fees | $8.46 |

Postmark Here — PORTLAND OR MAIN OFFICE — 09/10/2018 USPS

Sent To
STEVEN PITE, President, Clear Recon Corp.
Street, Apt. No.; or PO Box No.
4375 Jutland Drive
City, State, ZIP+4
San Diego CA 92117

PS Form 3800, August 2006     See Reverse for Instructions

7011 2000 0000 6164 8172



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmoreim.com

09/18/2018

JULIE METCALF KINNEY & WILLIAM KINNEY JR
4406 N MISSISSIPPI
PORTLAND, OR 97217

RE:    Mortgagor(s) – JULIE METCALF KINNEY & WILLIAM KINNEY JR
       Property Address – 4406 N MISSISSIPPI, PORTLAND, OR 97217
       Loan Number – 7600796021

Dear JULIE METCALF KINNEY & WILLIAM KINNEY JR,

Rushmore Loan Management Services LLC (Rushmore) is in receipt of your inquiry regarding the property address referenced above dated 09/10/2018 and received by our office on 09/13/2018.

Your inquiry is currently under review. We realize the urgency of your inquiry and appreciate your patience. We anticipate having a response issued to you within the next 30 business days.

Our records indicate that REO Trust 2017-RPL1 is the current owner of the loan. The address of the owner of the loan is as follows:

REO Trust 2017-RPL1

U.S. Bank Trust National Association
60 Livingston Avenue
Mailcode EP-MN-WS3D
St Paul, MN  55107-2232

Should you have any questions, please contact us at the following phone number:

Customer Service Department
Monday through Thursday, 6:00 a.m. to 7:00 p.m. PST
Friday, 6:00 a.m. to 6:00 p.m. PST
Toll-free number: 1.888.504.6700

Sincerely,

Customer Correspondence Department
Rushmore Loan Management Services LLC

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation. If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.



## CERTIFICATE OF SERVICE

I, William X Nietzche, certify under the penalty of perjury from without the "United States" and from within the "United States of America" a foreign sovereign pursuant 28 U.S.C. § 1746(1) and 28 U.S.C. §1605, that on <u>October 5</u>, 2018, I served the foregoing documents via electronic service and/or U.S postal service certified mail return receipt:

1. WRIT OF RIGHT

BY HAND: _____, MAIL <u>XXX</u>, ELECTRONIC SERVICE: _____

**To:** U.S. BANK TRUST NATIONAL ASSOCIATION-REO Trust 2017-RPL1
Richard K. Davis,
101 5th Street East
St Paul, MN 55101

BY HAND:_____, MAIL: <u>XXX</u>, ELECTRONIC SERVICE: _____

**To:** RUSHMORE LOAN MANAGEMENT SERVICES
Terry Smith, PRESIDENT
15480 Laguna Canyon Road, Ste 100
Irvine, California 92618

BY HAND: _____, MAIL <u>XXX</u>, ELECTRONIC SERVICE: _____

**To:** CLEAR RECON CORPORATION
Edward Jamir,
111 SW Columbia Street #950
Portland, Oregon 97201

<u>William X Nietzche</u>©                          dated <u>October 5, 2018</u>
Supreme Chief Minister and Co-Founder

Salish Sqájət Kʼʷabacábš Tribal Republic® (SSKTR);

**ALL RIGHTS RESERVED, DROIT. Signature made parallel to UCC 1-308, 2-211, 2-213**

UCC §2-211 Legal Recognition of electronic contracts, records, and signatures; (1) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form. UCC § 2-213 Electronic communication (1) If the receipt of an electronic communication has a legal effect, it has that effect even if no individual is aware of its receipt.



## S.S.K.T.R

### *Salish Americans*
**Aboriginal and Indigenous Natural Peoples of Northwest Amexem
Northwest Africa / North America / 'The North Gate'**

WRIT OF RIGHT - AFFIDAVIT OF FACT
NOTICE TO AGENT, NOTICE TO PRINCIPAL

Date: October 5, 2018
Account Number: 7600796021

TO: Richard K. Davis, in all capacities, Chairman and Chief Executive Officer US BANK NA;
Terry Smith, in all capacities, President RUSHMORE LOAN MANAGEMENT SERVICES;
Edward Jamir, in all capacities, Rogue fudiciary, CLEAR RECON CORPORATION

FROM: William X Nietzche, Trustee/Heir Apparent; Mickey and Jewel; ex rel.:WILLIAM
KINNEY JR. and JULIE METCALF KINNEY

In Re: KRME International Trust – Estate, care of 4406 N. Mississippi Street, Portland, Oregon
[97217]; Longitude and latitude 45.555230.–122.675304, 45`33'18"North, 122`40'31"West;
Parcel ID number: R223416 and Alleged Loan Number: 7600796021;

Greetings,

Praecipe for entry for adverse order, rebuttal and estoppel.

**CERTIFIED MAIL # 7015 1660 0000 7206 8551**



In relationship to the misrepresented foreclosure procedure associated with the designated surety and assets, and the property on the Land deemed as: 4406 NORTH MISSISSIPPI AVENUE, near the incorporated town of PORTLAND OREGON, Republic, North America, I/We, Mickey Pharaoh and Jewel Empress of Compassion for the House KRME, the living sentient Man and Woman, Beneficiary of the WILLIAM KINNEY JR and JULIE METCALF KINNEY estate demands equitable relief involving any misrepresentations presented before the administrators of the court(s) by Mr. Davis doing business as: REO Trust 2017-RPL1, U.S. BANK NATIONAL ASSOCIATION and its associated parties: Edward Jamir and Steven W. Pite, doing business as: CLEAR RECON CORPORATION; and Terry Smith doing business as: RUSHMORE LOAN MANAGEMENT SERVICES, hereafter referred to as Mr. Davis, et alia.

1). Mr. Davis, et alia, are declared NOT to possess rightful trusteeship in any and all matters related to the Organic Land;

2). nor to CORPORATE property description: 4406 NORTH MISSISSIPPI AVENUE, PORTLAND OREGON [97217], and all accoutrements associated to it, being a part of the WILLIAM KINNEY JR and JULIE METCALF KINNEY Estate.

3). This is a Lis Pendens (Pending) revocation of signature by the rightful beneficiar(ies) Mickey, Pharaoh; and Jewel, Empress of Compassion, for the House KRME.

We are commanding reversion of our right of estate.

STOP ALL NEGOTIATIONS on the WILLIAM KINNEY JR and JULIE METCALF KINNEY estate pending our right and intention absolute to remove our monograph/signature off said security that was used by BENEFICIAL OREGON INC., a foreign bank operating on my land unlawfully and in violation of trust.

This adverse claim will not be barred by laches, as fraud has no statute of limitations.

As Heir(s) we demand all assets generated by said securities.

This is Our 'Good Faith' attempt to clear up any misrepresentations or confusion concerning this matter, before taking any further actions. A failure of the fore-mentioned Entity or Representatives to 'Respond' within the allotted seven (7) days of Receipt of this 'Writ of Right' will be deemed a 'Dishonor' of this 'Notice and Demand'.

Without animosity, without malice, issued by my hand, with a sound mind, on this 5th day of October, 1439 Moorish calander year [2018 Roman Calander year].



I Am: _____

William X Nietzche, Heir Apparent, House of KRME, a free Salish and Moorish American, aboriginal, Jus Soli, Jus Sanguine, In Solo Proprio, In Full Life. Ex Relation: WILLIAM KINNEY III Signature – All rights reserved and retained with prejudice.

I Am: _____

Jewel, Empress of Compassion, House of KRME, Heir Unconditional, a free Salish American, aboriginal, Jus Soli, Jus Sanguine, In Solo Proprio, In Full Life. Ex Relation: JULIE METCALF KINNEY Signature – All rights reserved and retained with prejudice.

I Am: _____

Mickey, Pharaoh, House of KRME, Heir Unconditional, a free Moorish American, aboriginal, Jus Soli, Jus Sanguine, In Solo Proprio, In Full Life. Ex Relation: WILLIAM KINNEY JR. Signature – All rights reserved and retained with prejudice.

CERTIFIED MAIL # 7015 1660 0000 7206 8551



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

October 11, 2018

William X. Nietzche
SSKTR
4406 N. Mississippi Avenue
Portland, OR 97217

RE:     Mortgagor(s) – Julie Metcalf Kinney and William Kinney, Jr.
        Property Address – 4406 N. Mississippi, Portland, OR 97217
        Loan Number – 7600796021

Dear William X. Nietzche:

Rushmore Loan Management Services, LLC ("Rushmore") is in receipt of your inquiry, dated October 5, 2018, which was received in our office on October 9, 2018, regarding the mortgage loan account referenced above. We appreciate you bringing this matter to our attention, as we take all inquiries from our customers very seriously.

Your concern is currently under review. We realize the urgency of your inquiry, and we appreciate your patience.  We will have a response issued to you within 30 business days.

Our records indicate that Loan Acquisition Trust 2017-RPL1 Investors is the current owner of the loan. The address of the owner of the loan is as follows:

Loan Acquisition Trust 2017-RPL1
U.S. Bank Trust National Association
60 Livingston Avenue
Mailcode EP-MN-WS3D
St Paul, MN 55107-2232

At Rushmore, customer concerns are important to us. Should you have any questions, please contact:

Customer Service Department
Monday through Thursday, 6:00 a.m. to 7:00 p.m. Pacific /Friday, 6:00 a.m. to 6:00 p.m. Pacific
Toll-free number: 1.888.504.6700

Sincerely,
Customer Correspondence Department

By Federal Express

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt.  Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation. If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

EXHIBIT _HH._
PAGE _2 of 3_

452240596832

# Delivered
## Tuesday 10/16/2018 at 2:32 pm

DELIVERED

Signature not required

GET STATUS UPDATES

OBTAIN PROOF OF DELIVERY

| FROM | TO |
|---|---|
| Farmers Branch, TX US | PORTLAND, OR US |

## Shipment Facts

| | | |
|---|---|---|
| **TRACKING NUMBER**<br>452240596832 | **SERVICE**<br>FedEx Express Saver | **WEIGHT**<br>0.5 lbs / 0.23 kgs |
| **DELIVERED TO**<br>Residence | **TOTAL PIECES**<br>1 | **TOTAL SHIPMENT WEIGHT**<br>0.5 lbs / 0.23 kgs |
| **TERMS**<br>Shipper | **PURCHASE ORDER NUMBER**<br>NKAMMAN@rushmorelm.com | **SHIPPER REFERENCE**<br>Z341 |
| **PACKAGING**<br>FedEx Envelope | **SPECIAL HANDLING SECTION**<br>Deliver Weekday, Residential Delivery,<br>No Signature Required | **STANDARD TRANSIT**<br><br>10/16/2018 by 8:00 pm |
| **SHIP DATE**<br><br>Thu 10/11/2018 | **ACTUAL DELIVERY**<br>Tue 10/16/2018 2:32 pm | |

## Travel History

Local Scan Time

**Tuesday , 10/16/2018**

| | | | |
|---|---|---|---|
| 2:32 pm | PORTLAND, OR | | Delivered |
| | | | Left on porch  Package delivered to recipient address -<br>release authorized |
| 8:26 am | PORTLAND, OR | | On FedEx vehicle for delivery |
| 7:19 am | PORTLAND, OR | | At local FedEx facility |

EXHIBIT _H H_
PAGE _3 of 3_

| | | |
|---|---|---|
| **Monday , 10/15/2018** | | |
| 9:11 am | PORTLAND, OR | At local FedEx facility |
| 9:07 am | PORTLAND, OR | At local FedEx facility |
| | | Package not due for delivery |
| 7:10 am | PORTLAND, OR | At local FedEx facility |
| **Saturday , 10/13/2018** | | |
| 9:05 am | PORTLAND, OR | At local FedEx facility |
| 9:00 am | PORTLAND, OR | At local FedEx facility |
| | | Package not due for delivery |
| 7:13 am | PORTLAND, OR | At local FedEx facility |
| 7:13 am | PORTLAND, OR | At local FedEx facility |
| | | Package not due for delivery |
| 5:30 am | PORTLAND, OR | At destination sort facility |
| 3:25 am | MEMPHIS, TN | Departed FedEx location |
| **Friday , 10/12/2018** | | |
| 10:34 am | MEMPHIS, TN | Arrived at FedEx location |
| 1:18 am | FORT WORTH, TX | Departed FedEx location |
| **Thursday , 10/11/2018** | | |
| 10:16 pm | FORT WORTH, TX | Arrived at FedEx location |
| 9:30 pm | ADDISON, TX | Left FedEx origin facility |
| 4:02 pm | | Shipment information sent to FedEx |
| 3:56 pm | ADDISON, TX | Picked up |



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

October 18, 2018

William X. Nietzche
William Kinney Jr.
Julie Metcalf Kinney
4406 N. Mississippi
Portland, OR 97217

RE:     Mortgagors – Julie Metcalf Kinney and William Kinney Jr.
        Property Address – 4406 N. Mississippi, Portland, OR 97217
        Loan Number – 7600796021

Dear William X. Nietzche, William Kinney Jr., and Julie Metcalf Kinney:

Rushmore Loan Management Services LLC ("Rushmore") is responding to your correspondence dated September 10, 2018, and received by our office on September 13, 2018, and your correspondence dated October 5, 2018, and received by our office on October 9, 2018, regarding the mortgage loan account referenced above.

Our records reflect that Rushmore received your correspondences on July 13, 2018; July 30, 2018; and August 20, 2018, and complied with our obligation to respond to this matter in a timely manner with our previous response sent to you on August 24, 2018.

Rushmore has determined that your correspondence is a Duplicative Notification of Error and/or Request for Information. We made this determination because your current correspondence is substantially the same as your previous correspondences, which Rushmore received on June 12, 2017; April 30, 2018; July 13, 2018; July 30, 2018; and August 20, 2018, and it does not contain new and material information. Rushmore complied with our obligation to respond to this matter with our previous correspondences to you, which were sent on July 24, 2017; June 6, 2018; and August 24, 2018.

Attached, for your reference, are copies of our previous responses.

We now consider this matter closed and will not be responding to future inquiries on the same subject matter unless new and material information is received. We appreciate your business, and

EXHIBIT I
PAGE 2 of 4



15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618
888.699.5600 toll free
949.341.0777 local
949.341.2200 fax
www.rushmorelm.com

if you have any additional questions, other than those that have been previously researched and addressed, please contact us at the number listed below.

As of the date of this correspondence, the account is contractually due for the January 17, 2017, monthly installment. A foreclosure sale is currently scheduled for October 23, 2018, and Rushmore intends to proceed with the sale as scheduled.

If you would like to discuss available payment assistance options, please call the assigned representative:

Single Point of Contact (SPOC):
Name: Gabriel Sanchez
Direct Number: 949.341.5691

Should you have any additional questions, please do not hesitate to contact us.

Loss Mitigation Department
Monday through Thursday, 6:00 a.m. to 7:00 p.m. Pacific
Friday, 6:00 a.m. to 6:00 p.m. Pacific
Toll-free number 1.888.504.7300

Sincerely,

Nancy Perez
Customer Correspondence Department
Rushmore Loan Management Services LLC
469.329.5147

Enclosures (3)

By Federal Express

Rushmore Loan Management Services is a debt collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation. If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

OPPORTUNITY



EXHIBIT I I
PAGE 3 of 4

446306779837

# Delivered
## Tuesday 10/23/2018 at 1:21 pm *After Auction*

**DELIVERED**

Signature not required

GET STATUS UPDATES

OBTAIN PROOF OF DELIVERY

| FROM | TO |
|---|---|
| Farmers Branch, TX US | PORTLAND, OR US |

## Shipment Facts

| TRACKING NUMBER | SERVICE | WEIGHT |
|---|---|---|
| 446306779837 | FedEx Express Saver | 1 lbs / 0.45 kgs |

| DELIVERED TO | TOTAL PIECES | TOTAL SHIPMENT WEIGHT |
|---|---|---|
| Residence | 1 | 1 lbs / 0.45 kgs |

| TERMS | PURCHASE ORDER NUMBER | SHIPPER REFERENCE |
|---|---|---|
| Shipper | NPEREZ@RUSHMORELM.COM | Z341 |

| PACKAGING | SPECIAL HANDLING SECTION | STANDARD TRANSIT |
|---|---|---|
| FedEx Envelope | Deliver Weekday, Residential Delivery | 10/23/2018 by 8:00 pm |

| SHIP DATE | ACTUAL DELIVERY | |
|---|---|---|
| | Tue 10/23/2018 1:21 pm | |
| Thu 10/18/2018 | | |

## Travel History

Local Scan Time

**Tuesday , 10/23/2018**

| 1:21 pm | PORTLAND, OR | Delivered |
|---|---|---|
| | | Left on porch. Package delivered to recipient address - release authorized |
| 8:21 am | PORTLAND, OR | On FedEx vehicle for delivery |
| 7:08 am | PORTLAND, OR | At local FedEx facility |

| Monday , 10/22/2018 | | |
|---|---|---|
| 8:50 am | PORTLAND, OR | At local FedEx facility |
| 8:34 am | PORTLAND, OR | At local FedEx facility |
| | | Package not due for delivery |
| 7:03 am | PORTLAND, OR | At local FedEx facility |
| Saturday , 10/20/2018 | | |
| 8:35 am | PORTLAND, OR | At local FedEx facility |
| 8:30 am | PORTLAND, OR | At local FedEx facility |
| | | Package not due for delivery |
| 7:23 am | PORTLAND, OR | At local FedEx facility |
| | | Package not due for delivery |
| 7:23 am | PORTLAND, OR | At local FedEx facility |
| 5:36 am | PORTLAND, OR | At destination sort facility |
| 3:43 am | MEMPHIS, TN | Departed FedEx location |
| Friday , 10/19/2018 | | |
| 10:57 am | | Shipment information sent to FedEx |
| 10:28 am | MEMPHIS, TN | Arrived at FedEx location |
| 1:18 am | FORT WORTH, TX | Departed FedEx location |
| Thursday , 10/18/2018 | | |
| 10:20 pm | FORT WORTH, TX | Arrived at FedEx location |
| 9:30 pm | ADDISON, TX | Left FedEx origin facility |
| 4:09 pm | ADDISON, TX | Picked up |

EXHIBIT

PAGE