IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILLIAM X. NIETZCHE,** *et al.*, | Case No. 3:18-cv-1930-SI |
| Plaintiffs, | **ORDER** |
| v. | |
| **FREEDOM HOME MORTGAGE CORPORATION,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiffs' Motion for Temporary Restraining Order (ECF 2) and Motion to Stay Court Proceedings and for Sanctions (ECF 10), which the Court construes as a motion for a temporary restraining order to stay related state court proceedings, came before the Court on December 10, 2018. The matters were scheduled for hearing at 8:00 a.m. The Courtroom Deputy previously had confirmed by email and telephone with Plaintiff William Nietzche the date, time, and place of the hearing. Mr. Nietzche did not express any objection and confirmed Plaintiffs' availability and intention to attend the hearing. Mr. Nietzche also confirmed that he would notify the other two plaintiffs, his parents Mr. and Mrs. Kinney, of the date, time, and location of the hearing.

Court personnel and counsel for Defendants who have appeared in this action were present in court at 8:00 a.m., but none of the Plaintiffs were present. The Courtroom Deputy looked for Plaintiffs at the courthouse entrance and checked for any telephone messages from Plaintiffs. The Court waited until 8:15 a.m. to begin the hearing without Plaintiffs.

Although Plaintiffs did not appear at the hearing, the Court nonetheless addressed the motions on the merits. The Court explained that it had read all the materials submitted by Plaintiffs and understood the facts and legal issues. The Court does not believe that oral argument by any party would have been helpful. Defendants did not provide oral argument. The Court orally denied the motions and stated a written order would follow.

At approximately 10:00 a.m. Plaintiffs arrived in court. Mrs. Kinney indicated that she believed the hearing had been scheduled for 10:00 a.m., and Mr. Nietzche acknowledged that due to the stress of dealing with the case, he may have misinformed his parents of the time of the hearing. Mr. Nietzche stated that he had additional information prepared. The Court did not permit oral argument by Plaintiffs but allowed them to file their additional written materials, noting the Court would construe them as a motion to reconsider the Court's oral ruling from the bench at the 8:00 a.m. hearing.

The Court has reviewed Plaintiffs' additional written materials, which focus primarily on the line of cases involving when MERS is named as a beneficiary in a trust deed. Plaintiffs argue that MERS was improperly named as a beneficiary of the Deed of Trust at issue in this case. This argument fails for two reasons. First, Plaintiffs misunderstand the Deed of Reconveyance, the document that they believe is evidence of MERS' involvement as a beneficiary. Second, the Deed of Reconveyance does not relate to the Deed of Trust or Promissory Note at issue in this case.

Plaintiffs cite to the Deed of Reconveyance, ECF 1 at 45, as evidence of MERS' involvement as a beneficiary in this case. In 2002, Plaintiffs Mr. and Mrs. Kinney borrowed money from Freedom Mortgage Corporation dba Freedom Home Mortgage Corporation ("Freedom"), which was secured by a Deed of Trust on the Kinneys' real property. In 2004, Plaintiffs refinanced and paid off Freedom's loan. It is the new loan (after the refinance) and the Deed of Trust securing the new loan that is the subject of this lawsuit.

The Deed of Reconveyance was signed after Mr. and Mrs. Kinney paid off Freedom's mortgage. It serves to extinguish Freedom's lien on the Kinneys' property—it essentially releases the Deed of Trust and transfers (or "reconveys") the property title to the Kinneys. This is a routine document issued to demonstrate that a lender no longer has a security interest in a subject real property. *See, e.g.*, 19A West's Legal Forms, Real Estate Transactions, Residential § 41:1 ("The most common method of discharging mortgages and extinguishing their liens is by payment of the mortgage debt after it becomes due. In states where a mortgage has the character of a conveyance of the legal estate, a release, discharge, or satisfaction usually has the form of a deed of reconveyance or release of the mortgaged premises."); Legal Almanac: Home Mortgage Law Primer § 1:18 ("If the deed of trust is used 'in the nature' of a mortgage, upon full payment of the note, the trustee generally executes a 'deed of reconveyance,' or 'release deed,' which reconveys whatever title the trustee may have had back to the grantor/borrower.").

What is confusing about the 2004 Deed of Reconveyance is that in its recital of the terms of the original Deed of Trust recorded in 2002 relating to the Kinneys' loan with Freedom, it recites that MERS was listed as the beneficiary. This appears to be a scrivener's error. Although MERS was frequently listed as the beneficiary of trust deeds at that time, for the trust deed between the Kinneys and Freedom, MERS was not the beneficiary. The beneficiary was

Freedom. ECF 45 at 22. The Deed of Reconveyance purports to be reciting the terms of the trust deed as it was recorded in June 2002, and MERS was not listed as the beneficiary. Thus, it appears that MERS was not named as a beneficiary or later assigned an interest, but was merely erroneously recited in the Deed of Reconveyance as being the named beneficiary in the original 2002 Deed of Trust between the Kinneys and Freedom. Because MERS was not named as a beneficiary, Plaintiffs' arguments relating to MERS are inapplicable.

Moreover, regardless of the status of MERS with respect to the Deed of Trust relating to the Freedom loan, that loan was paid off in 2004 and all interest of any lien holder of that Deed of Trust was extinguished with the filing of the Deed of Reconveyance. Therefore, even if that Deed of Trust had a defect in its title history, it is irrelevant to this case because that trust deed was extinguished when the loan was paid off in 2004. A new Deed of Trust was signed in March 2004 between the Kinneys and Beneficial Oregon, Inc. ("Beneficial"), in which Beneficial was named as the beneficiary. This loan was later assigned, but there is no allegation or evidence that any interest was ever purportedly assigned to MERS with respect to this Deed of Trust and related Promissory Note. It is the 2004 Deed of Trust, Promissory Note, later assignments, and loan servicing that are at issue in this case.

In deciding whether to grant a motion for temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable

harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20. The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132.

The Court finds that Plaintiffs fail to show either a likelihood of success on the merits or even serious questions going to the merits, even considering Plaintiffs' additional written materials submitted after the hearing. The Court therefore declines to reach the remaining factors relevant to deciding a temporary restraining order. Plaintiffs' motions for a temporary restraining order (ECF 2, 10) are DENIED.

**IT IS SO ORDERED.**

DATED this 10th day of December, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge