William X Nietche, et al
c/o 4406 N Mississippi Avenue
Portland Oregon [97217]
503-287-6494 / 503-539-3784

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

**William X Nietzche (solely as trustee for
KRME International Trust),**

**Et al.,**

**3:18-CV-01930-SI**

**Plaintiff/Petitioner,**

Case No.

**PLAINTIFF'S MOTION TO SUPPLEMENT
FIRST AMENDED COMPLAINT TO ADD
ADDITIONAL FACTS PERTAINING TO
DEFENDANT RAIN CITY CAPITAL OF
OREGON, LCC'S INVOLVEMENT**

**v.**

**FREEDOM MORTGAGE CORPORATION (FMC),**

**Et al.,**

**Defendant(s)/Respondent(s)**

---

## PLAINTIFF'S MOTION TO SUPPLEMENT FIRST AMENDED COMPLAINT TO ADD ADDITIONAL FACTS PERTAINING TO DEFENDANT RAIN CITY CAPITAL OF OREGON, LLC'S INVOLVEMENT

Plaintiff William and Julie Kinney ("The Kinney's"), by and through Plaintiff/trustee
William X Nietzche, hereby moves this Court of Record to enter an order allowing Plaintiffs to
supplement its First Amended Complaint ("FAC") to add additional facts pertaining to
Defendant Rain City Capital of Oregon, LLC's involvement, stating in support:

### I.    Legal standard:

1.    Plaintiffs bring this motion pursuant to Federal Rule of Civil Procedure 15(d) which
provides the mechanism for supplemental pleadings.

2.    "Under Federal Rule of Civil Procedure 15(d), the court may permit a party to
supplement his complaint in order to set out 'any transaction, occurrence, or event
that happened after the date of the pleading to be supplemented.' "Burnett v. Dugan,
2011 WL 1002145, at *2 (S.D.Cal. March 21, 2011) (quoting Fed.R.Civ.P. 15(d))
(emphasis in original).

3. Rule 15(d), Fed.R.Civ.P., provides:

   Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.In other words, Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that did not exist when the original complaint was initially filed. Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir.2010) (denying claims which arose from conduct which happened nearly a year before plaintiffs filed their first complaint).

4. "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir.1981); see also Keith v. Volpe, 858 F.2d 467, 473 (9th Cir.1988)("[A] supplemental pleading is one designed to bring earlier pleadings up to date.") (citation omitted).

5. The rule "permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." Keith, 858 F.2d at 473; see also San Luis & Delta–Mendota Water Auth. v. U.S. Dep't of the Interior, 236 F.R.D. 491, 499 (E.D.Cal. 2006) ("The district court has developed extensive knowledge of the relevant law, background, and scientific considerations ... Retaining the new claims as part of the existing case serves the interests of judicial economy.").

## II.     Synopsis of Relevant Facts

6. At the time of filing the Original Complaint, Plaintiffs were not aware of Defendant RCC's participation in the October 23, 2019, purported auction sale of Plaintiffs property.

7. It was not until Plaintiffs had a forensic audit done in December 2018, did Plaintiffs discover that Defendant RCC had in some way participated in the purported auction sale of Plaintiffs property.

8. On information and belief, RCC was acting as an agent or instrumentality on behalf of UHD at the purported auction sale of Plaintiffs property.

9. RCC and UHD acted in concert at the purported auction sale of Plaintiffs property.

10. Both RCC and UHD, had actual knowledge of Plaintiffs adverse claim to plaintiffs property at the October 23, 2018, purported auction sale of Plaintiffs property.

11. Both RCC and UHD, had actual knowledge that Plaintiffs were in possession of the original wet-ink signature General Warranty Deed pertaining to plaintiffs property at the October 23, 2018, purported auction sale of Plaintiffs property.

12. Therefore, both RCC and UHD, had actual knowledge of a cloud on title before making any purported purchases of Plaintiffs property at the October 23, 2018, purported auction sale.

13. Plaintiffs have no way, without being able to propound further discovery upon Defendant RCC, to determine the exact extent of Defendant RCC's civil or criminal liability in this matter.

14. On April 11, 2019, Defendant RCC presented a settlement offer to Plaintiffs wherein Defendant RCC presented $2500.00 to be released entirely from this matter. (SEE EXHIBIT YY- SETTLEMENT OFFER FROM ATTORNEY BRENT N. WILKINS ACTING ON BEHALF OF DEFENDANT RAIN CITY CAPITAL OF OREGON, LLC DATED APRIL 11, 2019).

A. **The Complaint is Well-Pled Pursuant To Either Rule 8(a) or 9(b)**
   15. The instant Complaint nevertheless meets the pleading standards of both Rules 8(a) and Rule 9(b).

16. Plaintiffs have pled Fraud counts, amongst other claims, against Defendant UHD (in which Plaintiffs asserts that Defendant RCC was acting as either an instrumentality, co-conspirator, or tort-feasor of Defendant UHD at the October 23, 2018, purported auction sale of Plaintiffs Property Structure) with sufficient specificity to survive a motion to dismiss.

17. In order to satisfy the particularity requirement for pleading a fraud claim, a complaint must specify "the who, what, when, where, and how of the misconduct charged . . . [and] what is false or misleading about [the purportedly fraudulent] statement, and why it is false." United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

18. As a preliminary matter, what constitutes sufficient particularity for the purpose of Rule 9(b) depends upon the facts of each case. Anchor Bank, FSB v. Hofer, 649 F.3d 610, 615 (7th Cir. 2011); Williams v. WMX Technologies, Inc.,112 F.3d 175, 178 (5th Cir. 1997).

19. For example, courts typically apply a relaxed 9(b) standard in the False Claims Act context. See, e.g., U.S. ex rel. Tamanaha v. Furukawa America, Inc., 2011 WL

3423788, *2 (9th Cir. Aug. 5, 2011); United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009).

20. Courts have similarly recognized that requiring specific citation to each instance of fraudulent conduct is impractical where the violative conduct is repeated frequently over a lengthy period of time. See United States ex rel. Franklin v. Parke-Davis, Div. of Warner-Lambert Co., 147 F. Supp. 2d 39, 49 (D. Mass. 2001) (where allegations are "complex and far-reaching, pleading every instance of fraud would be extremely ungainly, if not impossible"); In re Cardiac Devices Qui Tam Litig., 221 F.R.D. 318, 333 (D. Conn. 2004) ("[W]here the alleged fraudulent scheme involved numerous transactions that occurred over a long period of time, courts have found it impractical to require the plaintiff to plead the specifics with respect to each and every instance of fraudulent conduct.").

21. Additionally, the heightened pleading standard for fraud claims is relaxed somewhat where factual information is peculiarly within defendant's knowledge or control. E & E Co., Ltd. v. Kam Hing Enterprises, Inc., 429 F.App'x 632, 633 (9th Cir. 2011) (citing Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)).

22. As a result, any analysis of the Complaint in this action under Rule 9(b) would be subject to the relaxed standard that is applied to claims where evidence "lies within [Defendants'] exclusive possession" and specific citation to each instance of fraudulent conduct would not be required. Id.; U.S. ex rel. Tamanaha, 2011 WL 3423788 at *2; (citing United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001)); United States ex rel. Franklin, 147 F. Supp. 2d at 49.

WHEREFORE, Plaintiffs move this Honorable Court of Record to enter an order:

1. Granting Plaintiffs thirty (30) days to supplement pleadings to its first Amended Complaint filed April 2, 2019, to add additional facts to causes of action 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 33, 34, and 35 to further describe RCC's involvement in this matter.

2. And such other and further relief the court may deem just and reasonable under the circumstances.

RESPECTFULLY DATED this _____9_____ day of May, 2019.

By _____
Julie Ann Metcalf Kinney
In Solo Proprio, In Proper Persona,
Sui Heredes, Sui Juris [Pro se]

By _____
William X Nietzche, as trustee for KRME International Trust
In Solo Proprio, In Proper Persona,
Sui Heredes, Sui Juris [Pro se]

PLAINTIFF'S MOTION TO SUPPLEMENT FIRST AMENDED COMPLAINT… DEFENDANT RAIN CITY CAPITAL OF OREGON, LLC'S INVOLVEMENT - Page **4** of **4**