William X Nietche, et al
c/o 4406 N Mississippi Avenue
Portland Oregon [97217]
503-287-6494 / 503-539-3784

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

William X Nietzche (solely as trustee for
KRME International Trust),

Et al.,

          Plaintiff/Petitioner,

v.

FREEDOM MORTGAGE CORPORATION (FMC),

Et al.,

          Defendant(s)/Respondent(s)

3:18-CV-01930-SI

Case No.

PLAINTIFF'S MOTION TO
DISQUALIFY COUNSEL TOM
PURCELL

(ORAL ARGUMENT REQUESTED)

### PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL TOM PURCELL

Plaintiff William and Julie Kinney ("The Kinney's"), by and through Plaintiff/trustee William X Nietzche, hereby moves this Court of Record to enter an order to disqualify MB Law Group and counsel Tom Purcell from representing either Defendant USBNA, RLMS or RCC, stating in support:

**I.    Legal Standard**

1. A motion to disqualify counsel requires a two-step analysis where a court (1) considers whether there is an ethical violation and then, if so, (2) determines whether disqualification is appropriate to remedy the violation. Alfa CTP Sys., Inc. v. Nierman, No. 15-cv-9338, 2016 WL 687281, at *4 (N.D. Ill. Feb. 19, 2016). Disqualification of counsel is a "drastic measure" imposed only "when absolutely necessary." Black Rush Mining, LLC v. Black Panther Mining, 840 F. Supp. 2d 1085, 1089 (N.D. Ill. 2012) (quoting Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983)). Because disqualification deprives a party of the representation of their choosing, disqualification motions—although sometimes legitimate and necessary—are "viewed with extreme

PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL TOM PURCELL - Page **1** of **7**

caution for they can be misused as techniques of harassment." Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982). "There must be solid evidence to support an allegation of conflict." Fematt v. Finnigan, No. 11-cv-1530, 2012 WL 3308759, at *2 (N.D. Ill. Aug. 13, 2012). The moving party therefore bears a heavy burden of proving the facts required for disqualification. Alfa CTP Sys., Inc., 2016 WL 687281, at *4; Guillen v. City of Chicago, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997).

## II. Argument

2. Plaintiffs bring this motion in good faith and not for purposes of delay pursuant to the American Bar Association's Model Rules of Professional Conduct (the "Model Rules").

3. Tom Purcell's multi-representation of Defendant USBNA, RLMS and RCC violates DR 5-105 in that said Defendant's interest are adverse to each other;

4. Tom Purcell's professional judgment in behalf of either client USBNA, RLMS, or RCC will be or is likely to be adversely affected by his representation of either Defendant;

5. Neither Defendant USBNA, RLMS or RCC have furnished a waiver in writing verified for the record wherein each said Defendant has consented to the representation of Tom Purcell after full disclosure of the possible effect of such representation on the exercise of Tom Purcell's independent professional judgment on behalf of each said Defendant.

6. Tom Purcell's multi-representation of Defendant USBNA, RLMS and RCC violates DR 5-106 in that Tom Purcell did not obtain consent from Defendant USBNA nor RLMS;

7. nor were Defendant USBNA nor RLMS advised of the existence and nature of all the claims involved in the proposed settlement proffered by Defendant RCC;

8. nor were Defendant USBNA or RLMS advised of the total amount of the settlement;

9. nor were Defendant USBNA or RLMS advised of the participation of each person in the settlement.

10. Tom Purcell's multi-representation of Defendant USBNA, RLMS and RCC is unethical and creates a serious impropriety for the courts immediate consideration.

11. DR 5-105 provides in pertinent part:
Refusing to Accept or Continue Employment if the Interest of Another Client May Impair the Independent Professional Judgment of the Lawyer.

(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by

the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105(C).

"(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).

"(C) In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

"(D) If a lawyer is required to decline employment or to withdraw from employment under DR 5-105, no partner or associate of his or his firm may accept or continue such employment."

12. DR 5-106 provides in pertinent part:
Settling Similar Claims of Clients.

(A) A lawyer who represents two or more clients shall not make or participate in the making of an aggregate settlement of the claims of or against his clients, unless each client has consented to the settlement after being advised of the existence and nature of all the claims involved in the proposed settlement, of the total amount of the settlement, and of the participation of each person in the settlement.

## A. Tom Purcell's Concurrent Representation of Defendants USBNA and RLMS Creates a Serious Concurrent Conflict of Interest.

13. Tom Purcell is representing both Defendants UBNA and RLMS.

14. Defendant USBNA, at one point or another material to this complaint, has represented to Plaintiffs to be the Beneficiary of the Note in this matter.

15. Defendant USBNA, at one point or another material to this complaint, has represented to Plaintiffs to be the Holder of the Original Note in this matter.

16. Defendant USBNA, at one point or another material to this complaint, has represented to Plaintiffs to be the Trustee of the Original Note in this matter.

17. Defendant RLMS, at one point or another material to this complaint, has represented to Plaintiffs to be the purported Servicer of the Note in this matter.

18. Defendant State of Oregon Corporation has represented to Plaintiffs that RLMS is the purported lender relating to the Note in this matter.

19. Defendant USBNA and RLMS should be considered as separate, potentially adverse entities.

20. Tom Purcell has colluded facts on behalf of USBNA and RLMS;

21. This has created an unfair advantage to Plaintiffs.

22. Defendant USBNA and RLMS's interest in this matter are directly adverse to each other.

23. Tom Purcell cannot represent neither Defendant USBNA nor RLMS because it is ethically impermissible pursuant to the ABA model rules 1.7 and Canon 9.

24. To allow said representation to continue will grossly affect the orderly administration of justice and principles of fair play and substantial justice.

25. Defendant USBNA, RLMS and RCC all have inconsistent positions in relation to each other;

26. even taken in relation to the other non-client co-defendants named in this matter.

27. ("[U]nder section (a)(2), '[a] conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question.'" (quoting ABA Model R. of Prof'l Conduct R. 1.7 cmt. 23));

28. In order to represent multiple "co-parties in civil matters," the lawyer must ensure that "there is no 'substantial discrepancy' among positions, testimony, or settlement prospects." Walton, 2012 WL 6587723, at *2 (quoting Annotated Model R. of Prof'l Conduct 130 (Ellen J. Bennett et al. eds., 7th ed. 2011)).

**B. Tom Purcell's Representation of Defendants USBNA, RLMS and RCC creates a Serious Concurrent Conflict of Interest.**

29. Defendant RCC is lender of funds to Defendant UHD for the purported purchase of Plaintiffs Property Structure at the October 23, 2018 auction.

30. Defendant USBNA, RLMS and RCC should all be considered as separate, potentially adverse entities.

31. Tom Purcell has colluded facts on behalf of USBNA, RLMS and RCC;

32. This has created an unfair advantage to Plaintiffs.

33. Defendant USBNA, RLMS, and RCC's interest in this matter are all directly adverse to each other.

34. Tom Purcell cannot represent neither Defendant USBNA, RLMS, or RCC because it is ethically impermissible pursuant to the ABA model rules 1.7 and Canon 9.

35. To allow said representation to continue will grossly affect the orderly administration of justice and principles of fair play and substantial justice.

36. Defendant USBNA, RLMS and RCC all have inconsistent positions in relation to each other;

37. even taken in relation to the other non-client co-defendants named in this matter.

38. On April 11, 2019, Defendant RCC prematurely presented Plaintiffs with a settlement offer to be released from this instant matter.

39. This fact alone demonstrates a "substantial discrepancy" among positions, testimony, or settlement of the other remaining Co-Defendants.

40. Defendant RCC is subject to both civil and/or criminal liability or both due to Plaintiffs allegation of RICO violations.

41. The fact that all Defendants named in this matter face potential criminal liability prevents Tom Purcell from multiple representation of either Defendant USBNA, RLMS, or RCC.

### III.    Conclusion

42. Tom Purcell represents USBNA, RMLS and RCC who are all named co-defendants in this matter.

43. On information and belief, Tom Purcell obtained confidential information that unfairly advantaged or disadvantaged Defendants in this matter.

44. On information and belief, Tom Purcell obtained confidential information that unfairly disadvantaged Plaintiffs in this matter.

45. Plaintiffs aver that Tom Purcell's actions on behalf of one client cut against the legal defense or counterclaims of other clients.

46. Tom Purcell has created a concurrent conflict of interest by attempting to represent Co-Defendants USBNA, RLMS, and now, RCC in this matter.

47. Tom Purcell's clients' first priorities are directly aligned against each other in this matter.

48. This creates a concurrent conflict of interest.

49. Even if Tom Purcell's clients have all agreed in writing to waive the conflict of interest in this matter, Model Rule 1.7 does not allow Defendants to waive said conflict due to the potential for criminal liability in this matter under RICO.

50. On information and belief, Tom Purcell's multiple-client-representation is part of Defendant USBNA's, RLMS's, and RCC's defense plan—a multiple-front attack on Plaintiff's positions that risks some individual consequences for Defendants perceived greater goal of gaining the ability to produce headlights without fear of liability to Plaintiffs.

51. Notably this case is still in its early stages.

52. Defendant RCC's Motion to Dismiss should be considered moot.

53. As such, there is no reason why said Defendants cannot each procure a different attorney who lacks a conflict of interest.

WHEREFORE, Plaintiffs move this Honorable Court of Record to enter an order:

1. Restraining and enjoining Defendants USBNA, RLMS and RCC from taking any further proceedings in the above-entitled action so long as Tom Purcell, Esq. is the attorney for either of said Defendants.

2. Disqualifying, restraining and enjoining Tom Purcell, Esq., and MB Law Firm, from acting as attorney and representing either Defendant USBNA, RLMS or RCC in this action brought by Plaintiffs.

3. Restraining and enjoining Tom Purcell from doing anything that will injuriously affect the interests of Plaintiffs, with particular reference to all matters and things that occurred between February 7, 2002 to Present.

4. Restraining and enjoining Tom Purcell from representing either USBNA, RLMS or RCC, all named Defendants in this action, with reference to matters arising out of the multiple representation of Tom Purcell as attorney for Defendant USBNA, RLMS and RCC, as to which matters Tom Purcell is now acting adversely to the interests of said clients by not furnishing the proper waiver of said conflict in writing verified for the record; also, said

multi-representation of said defendants presents Plaintiffs with an unfair advantage to Defendants and Plaintiffs do not consent thereto.

5. Restraining and enjoining Defendant USBNA, RLMS and RCC from using any information in this action against Plaintiffs which information said Defendants obtained and acquired through Tom Purcell and which information Tom Purcell acquired as a result of his multiple representation of said Defendants.

6. Restraining and enjoining Tom Purcell from divulging any confidential and privileged information to said Defendants which information was acquired by Tom Purcell while he was acting as attorney for either of said Defendants.

7. Requiring said Defendants to each individually retain separate counsel in this matter.

8. Rendering Defendant RCC's Motion to Dismiss as moot.

9. Striking from the record USBNA's and RLMS's Answer to Plaintiffs First Amended Verified Complaint due to collusion of the parties.

10. Striking from the record Defendant RCC's Motion to Dismiss due to collusion of the parties.

RESPECTFULLY DATED this ___9___ day of May, 2019.

By _____
Julie Ann Metcalf Kinney
In Solo Proprio, In Proper Persona,
Sui Heredes, Sui Juris [Pro se]

By _____
William X Nietzche, solely as trustee for KRME International Trust
In Solo Proprio, In Proper Persona,
Sui Heredes, Sui Juris [Pro se]