IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILLIAM X. NIETZCHE**, *et al.*, | Case No. 3:18-cv-1930-SI |
| Plaintiffs, | **ORDER** |
| v. | |
| **FREEDOM HOME MORTGAGE CORPORATION**, *et al.*, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

      Before the Court are two motions filed by Plaintiffs: (1) Motion for Contempt; and (2) Petition for Stay of Proceedings and Certification for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). The Court has stayed briefing on all motions filed until the Court resolves the pending motions to dismiss. The Court, however, does not need the benefit of any opposition briefs to these motions and finds that these motions may be resolved without further briefing or oral argument.

      Plaintiffs move the Court to hold in contempt the undersigned district judge, as well as the Courtroom Deputy and many attorneys representing defendants in this case. The alleged contempt arose during a court-ordered telephone status conference that took place on

PAGE 1 – ORDER

September 20, 2019, which resulted in the Court issuing an order staying discovery in this matter until after the pending motions to dismiss are resolved. Plaintiffs contend that the order staying discovery circumvents Plaintiffs' lawful rights with respect to a subpoena Plaintiffs purportedly served on Tom Purcell, an attorney representing one of the defendants in this case. This circumvention of rights, argues Plaintiffs, results in "contempt of court." Plaintiffs, therefore, have moved for a finding of contempt against everyone who participated in the telephone conference, except for Plaintiffs. Plaintiffs' arguments are without merit and this motion is denied.

Plaintiffs also move for interlocutory appeal of the Court's order dated September 20, 2019, staying discovery. Plaintiffs argue that the Court does not have authority to stay discovery or to interfere with the "lawfully" issued subpoena to attorney Tom Purcell. Plaintiffs also request a stay of these proceedings pending interlocutory review.

Before a court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b), the court must find that: (1) the order involves a controlling question of law the resolution of which "could materially affect the outcome of litigation in the district court," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982); (2) there is substantial ground for difference of opinion on that question because "reasonable jurists might disagree" about its resolution, *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011); and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. The Court finds that the none of the required three conditions has been satisfied.

Whether discovery could or should be stayed pending the resolution of the motions to dismiss is not a controlling question of law, the resolution of which could materially affect the outcome of this litigation. Additionally, reasonable jurists could not disagree about whether a

PAGE 2 – ORDER

district court judge has the authority to stay discovery pending resolution of the motions to dismiss. *See, e.g.*, *Ghanem v. The ADT Corp.*, 2016 WL 845309, at *1 (D. Nev. Mar. 2, 2016) (discussing the considerations relating to staying discovery while a motion to dismiss is pending and granting a motion to stay discovery until the pending motions to dismiss are resolved). Finally, an immediate appeal about whether discovery could or should be stayed pending resolution of the motions to dismiss would not materially advance the ultimate determination of the litigation. Indeed, it would have the opposite effect and would slow down the ultimate determination of the litigation. Considering discovery issues while staying resolution of the merits of a motion to dismiss does not materially advance this litigation.

## CONCLUSION

Plaintiffs' Motion for Contempt (ECF 192) and Plaintiffs' Petition for Stay of Proceedings and Certification for Interlocutory Appeal (ECF 196) are both DENIED.

**IT IS SO ORDERED**.

DATED this 8th day of October, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER