RECVD 2 JAN '20 13:12 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

William X Nietzche (solely as trustee for
KRME International Trust),

Et al.,

        Plaintiff/Petitioner,

3:18-CV-01930-SI

Case No.

PLAINTIFF'S MOTION TO RECUSE JUDGE MICHAEL SIMON

v.

FREEDOM MORTGAGE CORPORATION (FMC),

Et al.,

        Defendant(s)/Respondent(s)

---

### PLAINTIFF'S MOTION TO RECUSE JUDGE MICHAEL SIMON

COMES NOW Counter-plaintiffs, one of the people of this American Republic, to move this court of record to enter an order recusing purported Judge Michael Simon for a blatant conflict of interest, stating in support:

STANDARD

1. 28 U.S. Code § 455. Disqualification of justice, judge, or magistrate judge

> "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

    (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

    (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

    (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

2. V Amendment Constitutional Due Process. In limited circumstances the constitutional right to due process may require a judge to recuse. "It is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.'" Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009) (quoting In re Murchison, 349 U.S. 133, 136 (1955)). It is an unusual case, however, when due process is implicated, and "only in the most extreme of cases would disqualification on this basis be constitutionally required . . . ." Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821 (1986).

3. Article VI, U.S. Constitution
"This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."

4. From Law.Cornell.Edu:
"This means that state governments and officials cannot take actions or pass laws that interfere with the Constitution, laws passed by Congress, or treaties. The Constitution was interpreted, in 1819, as giving the Supreme Court the power to invalidate any state actions that interfere with the Constitution and the laws and treaties passed pursuant to it. That power is not itself explicitly set out in the Constitution but was declared to exist by the Supreme Court in the decision of McCulloch v. Maryland."

5. PUBLIC LAW 96-303
"CODE OF ETHICS FOR GOVERNMENT SERVICE (signed into law on July 3, 1980)
ANY PERSON IN GOVERNMENT SERVICE SHOULD:
I. Put loyalty to the highest moral principles and to country above loyalty to persons, party, or Government department.

II. Uphold the Constitution, laws, and regulations of the United States and of all governments therein and never be a party to their evasion.
III. Give a full day's labor for a full day's pay; giving earnest effort and best thought to the performance of duties.
IV. Seek to find and employ more efficient and economical ways of getting tasks accomplished.
V. Never discriminate unfairly by the dispensing of special favors or
VI. Make no private promises of any kind binding upon the duties of office, since a Government employee has no private word which can be binding on public duty.
VII. Engage in no business with the Government, either directly or indirectly, which is inconsistent with the conscientious performance of governmental duties.
VIII. Never use any information gained confidentially in the performance of government duties as a means for making private profit.
IX. Expose corruption wherever discovered.
X. Uphold these principles, ever conscious that public office is a public trust.
DECA Poster 80-3, Feb 94"

MOTION

6. Plaintiffs bring this motion in good faith and not for purposes of delay pursuant to 28 U.S. Code § 455, the V Amendment to the Constitution for the United States of America 1791, the VI to the Constitution for the United States of America 1791, and Public Law 96-303.

7. On all information and belief, Plaintiffs cannot have a fair and impartial trial or hearing before purported judge Michael Simon.

ARGUMENT
MICHAEL SIMON HAS SCIENTER OF DEFENDANT MERS' INVOLVEMENT IN RAMPANT RESIDENTIAL MORTGAGE BACKED SECURITIES (RMBS) FRAUD

8. Michael Simon has scienter of Defendant Mortgage electronic Registration Systems' involvement in rampant Residential Mortgage Backed Securities (RMBS) Fraud.

9. In December 2010, MERS executive R.K. Arnold came before the Oregon Senate Interim Committee on Consumer Protection and Public Affairs (link is external).

10. The company was involved in the buying and selling of about 50 percent of all mortgages in the country, he explained, facilitating buying and selling through million of "electronic handshakes."

11. The next year MERS tried, unsuccessfully, to insert language into a state affordable housing bill that would have changed recording requirements and created a new definition of beneficiary. The language would have retroactively protected MERS and saved the MERS business model in Oregon.

12. In the fall of 2012 Multnomah County filed a lawsuit against MERS and 16 member banks alleging fraudulent misrepresentation, tampering with public records, making false written statements and "undermining the accuracy and integrity of Multnomah County's document recording system." It sought damages, a correction of historic filings and accurate and transparency filings in the future.

13. In 2013, as the case worked its way to federal court, the Oregon Supreme Court took up the question in a separate case, affirming a lower court ruling that MERS cannot be a beneficiary on a deed of trust in Oregon.

14. In 2015, the county agreed to settle the case.

15. "We have set a national precedent," said Portland attorney Tom D'Amore. "We changed the business practice of these banks in Multnomah County. Recording will be corrected so we have a clear picture of who owns what."

16. The agreement stipulates that county employees cannot discuss the terms. But moving forward, MERS will no longer be listed as a beneficiary in county filings.

17. For said reasons, Michael Simon cannot be fair and/or impartial because Simon has actual scienter Defendant MERS' involvement in rampant RMBS fraud.

18. This presents a substantial conflict of interest before the court.

    MICHAEL SIMON AND/OR HIS SPOUSE SUZANNE BONAMICI HAS RECEIVED CAMPAIGN CONTRIBUTIONS FROM ONE OR MORE DEFENDANTS

19. On information and belief, Michael Simon, and/or his spouse Suzanne Bonamici, has received campaign contributions from one or more Defendants named in this matter.

20. Therefore, Plaintiffs cannot receive a fair or impartial hearing in this matter before Michael Simon.

21. This presents a substantial conflict of interest before the court.

    MICHAEL SIMON AND/OR HIS SPOUSE SUZANNE BONAMICI HAS RECEIVED GIFTS IN AN AMOUNT GREATER THAN $50 FROM ONE OR MORE DEFENDANTS NAMED IN THIS MATTER

22. On information and belief, Michael Simon, and/or his spouse Suzanne Bonamici, has received gifts in an amount greater than $50 from one or more Defendants named in this matter.

23. Therefore, Plaintiffs cannot receive a fair or impartial hearing in this matter before Michael Simon.

24. This presents a substantial conflict of interest before the court.

MICHAEL SIMON IS A NAMED A DEFENDANT IN THIS MATTER

25. On October 8, 2019, Plaintiffs placed a lis pendens on purported judge Michael Simon.

26. On October 14, 2019, Plaintiffs filed its supplemental action against purported judge Michael Simon.

27. Therefore, Plaintiffs cannot receive a fair or impartial hearing in this matter before Michael Simon.

28. This presents a substantial conflict of interest before the court.

WHEREFORE, Plaintiffs move this court of record to enter an order recusing purported judge Michael Simon.

I affirm the abovesaid to be true and correct under penalties of perjury.

RESPECTFULLY DATED this ___2___ day of ___January___, 2020.

By _____
Julie Ann Metcalf Kinney
In Solo Proprio, In Proper Persona,
Sui Heredes, Sui Juris [Pro se]

By _____
William X Nietzche, as trustee for KRME International Trust
In Solo Proprio, In Proper Persona,
Sui Heredes, Sui Juris [Pro se]